# Exhibit "A"

WOLF RIFKIN SHAPIRO SCHULMAN & RABKIN LLP
CHARLES J. HARDER, Cal. Bar No. 184593
charder@wrslawyers.com
RAAQIM A.S. KNIGHT, Cal. Bar No. 217630
rknight@wrslawyers.com
11400 West Olympic Blvd 9th Floor
Los Angeles, California 90064
Telephone (310) 478-4100;
Facsimile (310) 479-1422

*Attorneys for Plaintiff and Counter-Defendant*
RORION GRACIE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORION GRACIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BLACK SILVER ENTERPRISES, INC., a California corporation; UN MI LEE, an individual, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. CV 09-8273 CW<br><br>**RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BLACK SILVER ENTERPRISES, INC.** |

PROPOUNDING PARTY: Plaintiff RORION GRACIE

RESPONDING PARTY: Defendant BLACK SILVER ENTERPRISES, INC.

SET NO.: One



5-8/24/10

**TO DEFENDANT AND COUNTER-CLAIMANT BLACK SILVER ENTERPRISES, INC. AND ITS ATTORNEYS OF RECORD:**

The following are requests for documents and tangible things propounded by plaintiff and counter-defendant, Rorion Gracie ("GRACIE"), by and through his attorneys in the above-captioned action pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. These requests are to be answered within thirty (30) days by defendant and counterclaimant, Black Silver Enterprises, Inc. ("BLACK SILVER"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

## I. DEFINITIONS

A. "PERSON" or "PERSONS" means, without limitation, any individual, natural person, corporation, professional corporation, firm, partnership, proprietorship, association, joint venture, government (or any agencies thereof), quasi-public entity, business trust, estate, business or other entity, and any officer, director, employee, partner, corporate partner, subsidiary, affiliate, agent, REPRESENTATIVE, attorney, or principle thereof.

B. "REPRESENTATIVE" means any present or former director, officer, partner, agent, counsel, accountant, employee, independent contractor, or other PERSON acting on behalf of a corporation, professional corporation, firm, partnership, proprietorship, association, business, entity, or another PERSON otherwise acting, or purporting to act, on behalf of BLACK SILVER.

C. The terms "YOU," "YOUR," and "BLACK SILVER" mean and include Black Silver Enterprises, Inc., and include its present and former: agents, officers, affiliates, subsidiaries, parents, joint ventures, owners, divisions, directors, partners, consultants, partnerships, servants, employees, REPRESENTATIVES, private investigators, attorneys, and any others under the

control of, representing, and/or all PERSONs otherwise acting, or purporting to act, on its behalf.

D. The term "LEE" means defendant Un Mi Lee, and where applicable her affiliates, partners, predecessors, successors, agents, assigns, employees, attorneys, accountants, consultants, and/or all other PERSONs acting, or purporting to act, on her behalf.

E. The terms "PLAINTIFF," and "GRACIE" mean Rorion Gracie, and where applicable his affiliates, partners, predecessors, successors, agents, assigns, employees, attorneys, accountants, consultants, and/or all other PERSONs acting, or purporting to act, on his behalf.

F. The words "DOCUMENT" and "DOCUMENTS" shall have the full extent of the meaning of these terms provided in the Federal Rules of Civil Procedure, and shall include all forms of written, printed, recorded, electronic, graphic and photographic matter, sound reproductions and computer data input or output, from which information may be obtained and shall specifically include, but is not limited to, all data compilations, tangible things, letters, correspondence, memoranda, notes, minutes, telegrams, cables, messages, e-mails, pamphlets, reports, forms, ledgers, journals, records, studies, charts, tables, graphs, diagrams, books, working papers, diaries, calendars, lists, receipts, contracts, invoices, purchase orders, papers, drawings, photographs, worksheets, tapes, logs, displays and recordings. This definition includes DOCUMENTS which are produced, reproduced, reduced, recorded, stored, taped and transcribed in any manner, and that are now, or subsequently come into or were formerly in YOUR possession, custody or subject to YOUR control. Every copy of an original DOCUMENT which varies from the original in any respect is included in this definition as a separate DOCUMENT, including drafts, alterations, modifications, changes and amendments. This definition includes electronic data. The term "DOCUMENT" shall also include the following: e-mail, voice mail, computer software programs,

electronically stored information, source codes for computer software programs, data stored on or available on any hard drive, tape, CD-ROM, floppy disks or other electronic media, electronic security files, web pages and any computer material that is required to understand any other data stored in or in relation to a computer.

G. As used herein, the terms "COMMUNICATION" or "COMMUNICATIONS" mean, without limitation, any oral, written, electronic or other means to transfer information, requests, ideas, concepts, opinions, thoughts, facts, inquiries or data by any means at any time or place, under any circumstances, and is not limited to transfers between PERSONS, but also includes other transfers, such as business records, memoranda to files and transmissions of electronically encoded data. A DOCUMENT or thing transferred shall be deemed to be a COMMUNICATION whether or not such DOCUMENT or thing was prepared or created by the transferor or addressed to the transferee.

H. The term "DATE" means the exact day, month, and year, if ascertainable; if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations, or matters.

I. "MEETING" means any assembly, convocation, encounter or coincidence of two or more PERSONS, whether or not planned, arranged, and/or scheduled in advance.

J. The words "STATEMENT" and "STATEMENTS" mean a written STATEMENT in the handwriting of the PERSON making it, or signed, or initialed, or otherwise in writing adopted or approved by the PERSON making it, or a stenographic, mechanical, electrical, or other recording or a transcript thereof, which is substantially verbatim recital of an oral STATEMENT by the PERSON making it and which is contemporaneously recorded.

K. The terms "RELATE TO," "REFER TO," "REFLECTING," "RELATING TO," "CONCERNING" or "REFERRING TO," mean connected

with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, supporting, proving, refuting, analyzing or constituting, either directly or indirectly.

L. Each request shall be read to be inclusive rather than exclusive. As used herein, "and" and "or" shall be construed as necessary to bring with in the scope of the request all responses or DOCUMENTS that otherwise may be construed to be outside of the scope.

M. The terms "U.S. PATENT OFFICE," "USPTO," and "PTO" shall mean the United States Patent and Trademark Office.

N. The term "COMPLAINT" refers to the Complaint filed by GRACIE on November 12, 2009, in connection with the above-captioned lawsuit.

O. The term "COUNTER-COMPLAINT" refers to the Answer and Counter-Claims filed by BLACK SILVER on June 23, 2010, in connection with the above-captioned lawsuit.

P. The term "MARKS IN ISSUE" includes one or more of any alleged trademark, trade name or trade dress asserted in the COMPLAINT or COUNTER-COMPLAINT, including without limitation the marks referenced in paragraphs 12-17, 20, 23-25, 28-30, 34-36, and 39 of the COMPLAINT, the alleged marks referenced in paragraphs 7-10, 12-20, 22-24, 28, 31, 32, 34, 39-44, 48-59, 62-64, 66-67, 69, 74, 76, 81, 82, 87, 88, and 92 of the COUNTER-COMPLAINT, and the phrases "GRACIE" and "GRACIE GEAR," as well as the marks set forth in USPTO Registration No. 2,076,885 for the mark "GRACIE GEAR" in Class 25 and USPTO Registration No. 2,997,282 for the mark GRACIE in Class 25.

## II. INSTRUCTIONS

A. A written response for each request set forth herein, pursuant to Rule 34(b), must be served within thirty (30) days of service.

B. In responding to these requests, YOU shall furnish all DOCUMENTS available at the time of answering and shall supplement the answers in accordance with the Federal Rules of Civil Procedure.

C. In following these instructions, the singular includes the plural, and vice versa. The masculine includes the feminine and neuter genders, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense.

D. The conjunctions "and" and "or" shall be deemed interchangeable and interpreted in a way so as to include the most expansive request for production of DOCUMENTS.

E. These requests are deemed to be continuing and supplemental responses and additional DOCUMENTS are to be provided up to the time of trial.

F. Where a claim of privilege is asserted in response to any paragraph or portion of a paragraph of this Request, and a DOCUMENT is not provided on the basis of such assertion, for each DOCUMENT not provided:

1. The party asserting the privilege shall, in an objection to the Paragraph, identify the nature of the privilege (including work product immunity) which is being claimed; and

2. The following information shall be provided in the objection: (1) the type of DOCUMENT (letter, memorandum, etc.); (2) the general subject matter of the DOCUMENT; (3) the DATE of the DOCUMENT; (4) the author of the DOCUMENT; (5) the addressee(s) of the DOCUMENT; and (6) all recipients of the DOCUMENT.

G. If a DOCUMENT was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reasons of any notation or modification of any kind whatsoever, including without limitation, notations on the front or back of any of

the pages thereof, then each such non identical copy is a separate DOCUMENT and shall be produced.

H. If any part of any DOCUMENT is responsive to this Request, the entire DOCUMENT should be produced.

I. When DOCUMENTS covered by this Request exist in draft form, all drafts shall be produced.

J. YOU are requested to produce all DOCUMENTS in a manner organized and labeled to correspond to the categories of this Request. To the extent that this Request requires YOU to produce any DOCUMENTS that are stored or maintained by YOU in electronic format (including but not limited to e-mails) YOU are requested to produce any such electronically stored information in native format and [tagged image (.tiff) format, or in other readable form.].

**DOCUMENT REQUESTS**

**Request for Production No. 1.:**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing the COUNTER-COMPLAINT.

**Request for Production No. 2.:**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing BLACK SILVER's Answer to the COMPLAINT.

**Request for Production No. 3.:**

All DOCUMENTS that RELATE TO GRACIE, including his products and services, or any of the facts RELATING TO the claims (including the counterclaims) in this action.

**Request for Production No. 4.:**

All COMMUNICATIONS and DOCUMENTS REFERRING TO or RELATING TO COMMUNICATIONS between BLACK SILVER, and GRACIE, including between the parties' respective counsel.

**<u>Request for Production No. 5.</u>:**

All DOCUMENTS RELATING TO any search, investigation, survey or study CONCERNING the availability for use or registration of or ability to register any of the MARKS IN ISSUE, either alone or in combination with other terms or devices.

**<u>Request for Production No. 6.</u>:**

All DOCUMENTS RELATING TO any opinion or study CONCERNING whether the MARKS IN ISSUE are or were capable of being registered on the principal register of the USPTO.

**<u>Request for Production No. 7.</u>:**

All DOCUMENTS related to any lawsuit, opposition, cancellation proceeding or any other proceeding involving or RELATING TO the MARKS IN ISSUE.

**<u>Request for Production No. 8.</u>:**

All DOCUMENTS RELATING TO any actual confusion, mistake, deception or association or affiliation of any kind between BLACK SILVER or any of its goods or services and GRACIE or any of his goods or services.

**<u>Request for Production No. 9.</u>:**

All DOCUMENTS that constitute or RELATE TO any communications with third parties RELATING TO GRACIE or his goods or services.

**<u>Request for Production No. 10.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation of damages as set forth in the CROSS-COMPLAINT and allegations of harm as set forth in the CROSS-COMPLAINT.

**<u>Request for Production No. 11.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation that GRACIE has been unjustly enriched, as set forth in the CROSS-COMPLAINT.

**Request for Production No. 12.:**

All DOCUMENTS RELATING TO USPTO trademark application serial number 78/724,535.

**Request for Production No. 13.:**

All DOCUMENTS that constitute or RELATE TO any and all advertising, marketing or promotion using any of the MARKS IN ISSUE.

**Request for Production No. 14.:**

All DOCUMENTS RELATING TO any trademark or service mark known or believed by BLACK SILVER to be identical or similar in any matter to any of the MARKS IN ISSUE.

**Request for Production No. 15.:**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR internet advertising promoting BLACK SILVER or its products.

**Request for Production No. 16.:**

All copies of all versions of all web sites and web pages owned, controlled, or operated by BLACK SILVER since 1990.

**Request for Production No. 17.:**

All DOCUMENTS RELATING TO any print advertising campaigns promoting BLACK SILVER or its products.

**Request for Production No. 18.:**

All DOCUMENTS RELATING TO any video advertising campaigns promoting BLACK SILVER or its products.

**Request for Production No. 19.:**

All DOCUMENTS RELATING TO any radio or television advertising campaigns promoting BLACK SILVER or its products.

**Request for Production No. 20.:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the MARKS IN ISSUE.

**Request for Production No. 21.:**

All DOCUMENTS RELATING TO the dates on which BLACK SILVER used each of the MARKS IN ISSUE.

**Request for Production No. 22.:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the MARKS IN ISSUE.

**Request for Production No. 23.:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by BLACK SILVER.

**Request for Production No. 24.:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by GRACIE.

**Request for Production No. 25.:**

All DOCUMENTS RELATING TO the reputation or public perception of BLACK SILVER or any of BLACK SILVER's products, services or business.

**Request for Production No. 26.:**

All DOCUMENTS RELATING TO the reputation or public perception of GRACIE or any of GRACIE's products, services or business.

**Request for Production No. 27.:**

All DOCUMENTS RELATING TO media coverage of BLACK SILVER's goods or services.

**Request for Production No. 28.:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the MARKS IN ISSUE.

**Request for Production No. 29.:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONs involved in the research, development, preparation, registration and/or enforcement of the MARKS IN ISSUE.

**Request for Production No. 30.:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONs involved in the design, research, development, testing, commercialization, analysis, marketing, advertising, sales, and/or financial analysis of any products or services sold or offered under the MARKS IN ISSUE.

**Request for Production No. 31.:**

All DOCUMENTS RELATING TO BLACK SILVER's marketing and sales plans for products or services sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

**Request for Production No. 32.:**

All DOCUMENTS CONCERNING or identifying the channels of trade or marketing channels through which BLACK SILVER offers or plans to offer each product or service sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

**Request for Production No. 33.:**

All DOCUMENTS sufficient to show BLACK SILVER's annual advertising expenditures for any product or service sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for each year the MARKS have been used.

/ / /

/ / /

/ / /

**Request for Production No. 34.:**

All DOCUMENTS sufficient to show (on a monthly, quarterly and/or yearly basis) the number of customers, and the gross and net revenues, and profits realized therefrom, for any and all products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

**Request for Production No. 35.:**

All DOCUMENTS that RELATE TO the monthly, quarterly and/or yearly net profits realized by BLACK SILVER for sales of any products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

**Request for Production No. 36.:**

All DOCUMENTS sufficient to show all refunds to any of BLACK SILVER's customers for products sold by BLACK SILVER, including the reasons for such refunds.

**Request for Production No. 37.:**

All DOCUMENTS CONCERNING third-party review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

**Request for Production No. 38.:**

All DOCUMENTS CONCERNING customer review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

**Request for Production No. 39.:**

All DOCUMENTS that RELATE TO any economic harm that BLACK SILVER contends it has suffered, or will suffer, with respect to any action(s) by GRACIE.

**<u>Request for Production No. 40.</u>:**

All DOCUMENTS RELATING TO projected future sales, profits, or return on investment for any of BLACK SILVER's products or services marketed using or under the MARKS IN ISSUE.

**<u>Request for Production No. 41.</u>:**

All DOCUMENTS that RELATE TO any projected future lost profits that BLACK SILVER contends it has suffered, or will suffer, with respect to any of GRACIE's alleged conduct.

**<u>Request for Production No. 42.</u>:**

All DOCUMENTS that RELATE TO any royalties charged and/or received by BLACK SILVER from any PERSON RELATING TO any of the MARKS IN ISSUE, or any other intellectual property asset (including a name, mark, patent, copyright, trade secret or otherwise).

**<u>Request for Production No. 43.</u>:**

All DOCUMENTS that RELATE TO any agreements by which BLACK SILVER has licensed or otherwise authorized use by others of any of the MARKS IN ISSUE.

**<u>Request for Production No. 44.</u>:**

All DOCUMENTS that RELATE TO calculations or determinations made by BLACK SILVER CONCERNING what would be a reasonable royalty for the use of any one or more of the MARKS IN ISSUE.

**<u>Request for Production No. 45.</u>:**

All DOCUMENTS that RELATE TO any non-economic damages that BLACK SILVER contends it has suffered or will suffer as a result of any of GRACIE's alleged conduct.

**<u>Request for Production No. 46.</u>:**

All DOCUMENTS that were analyzed, reviewed or relied upon by any expert(s) retained by BLACK SILVER or who may testify at trial.

**Request for Production No. 47.:**

All reports, letters, or memoranda prepared by any expert(s) retained by BLACK SILVER and who may testify at trial.

**Request for Production No. 48.:**

All DOCUMENTS provided to any expert(s) who may be called as a witness at the time of trial.

**Request for Production No. 49.:**

All DOCUMENTS provided to BLACK SILVER by any expert witness(es) who may testify at trial.

**Request for Production No. 50.:**

Curriculum vitae for all expert witnesses who may testify at trial.

**Request for Production No. 51.:**

All STATEMENTS from any potential witnesses in this case.

**Request for Production No. 52.:**

All DOCUMENTS produced to BLACK SILVER in connection with this litigation in response to any third-party subpoena.

**Request for Production No. 53.:**

Copies of all DOCUMENTS and/or exhibits intended to be introduced at trial by BLACK SILVER, including any DOCUMENTS used to create such exhibits.

**Request for Production No. 54.:**

All DOCUMENTS used, referenced or identified by BLACK SILVER in preparing their Answers to GRACIE's Interrogatories.

**Request for Production No. 55.:**

All DOCUMENTS RELATING TO the timing and circumstances of when and how BLACK SILVER first learned of GRACIE's alleged use of any of the MARKS IN ISSUE.

**Request for Production No. 56.:**

All DOCUMENTS CONCERNING the conception, creation, selection, adoption and/or design of the MARKS IN ISSUE.

**Request for Production No. 57.:**

All DOCUMENTS evidencing or otherwise CONCERNING when and how BLACK SILVER first used the MARKS IN ISSUE.

**Request for Production No. 58.:**

All DOCUMENTS evidencing or CONCERNING BLACK SILVER's first use of the MARKS IN ISSUE on the Internet.

**Request for Production No. 59.:**

All DOCUMENTS RELATING TO GRACIE and/or the goods or services offered by GRACIE.

**Request for Production No. 60.:**

All DOCUMENTS RELATING TO GRACIE's alleged use of the MARKS IN ISSUE.

**Request for Production No. 61.:**

All DOCUMENTS RELATING TO the meaning of the MARKS IN ISSUE, including any claim that the MARKS IN ISSUE have acquired secondary meaning.

**Request for Production No. 62.:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding GRACIE's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from GRACIE's alleged use of the MARKS IN ISSUE.

/ / /

/ / /

/ / /

/ / /

**Request for Production No. 63.:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding BLACK SILVER's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from BLACK SILVER's alleged use of the MARKS IN ISSUE.

**Request for Production No. 64.:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any website displaying, advertising or promoting the MARKS IN ISSUE or services offered thereunder.

**Request for Production No. 65.:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any websites owned, controlled oroperated by BLACK SILVER since 1990.

**Request for Production No. 66.:**

All DOCUMENTS RELATING TO any Internet domain names used by BLACK SILVER in connection with the MARKS IN ISSUE.

**Request for Production No. 67.:**

All DOCUMENTS sufficient to show each State in which BLACK SILVER is licensed and/or registered to conduct business.

**Request for Production No. 68.:**

All DOCUMENTS sufficient to identify current and former employees of BLACK SILVER since 1990 and the dates they were employees.

**Request for Production No. 69.:**

All DOCUMENTS CONCERNING new or additional goods or services YOU believe may be offered or sold using or under one or more of the MARKS IN ISSUE.

**Request for Production No. 70.:**

DOCUMENTS sufficient to show the date on which BLACK SILVER owned or operated each retail store that sold clothing or related products.

**Request for Production No. 71.:**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR advertisements under or using the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including any internet advertising campaigns promoting BLACK SILVER or the services offered by BLACK SILVER.

**Request for Production No. 72.:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**Request for Production No. 73.:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**Request for Production No. 74.:**

All DOCUMENTS RELATING TO consumer recognition of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including in relation to any goods or services offered by BLACK SILVER.

**Request for Production No. 75.:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**Request for Production No. 76.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 6 of the COUNTER-COMPLAINT that "at one time relevant to the instant dispute" BLACK SILVER "had five retail locations in San Diego, California."

**Request for Production No. 77.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 7 of the COUNTER-COMPLAINT that "Black Silver has used the name and mark GRACIE in association with retail clothing sales and on women's clothing items since as early as 1995."

**Request for Production No. 78.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 8 of the COUNTER-COMPLAINT that BLACK SILVER has "developed a nationwide clientele who recognizes and associates the GRACIE mark with Counter-Claimant's distinctive line of women's designer brands and upscale boutique sales services."

**Request for Production No. 79.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 9 of the COUNTER-COMPLAINT that BLACK SILVER's "use of its GRACIE name and mark has been widespread and continuous since at least 1991."

**Request for Production No. 80.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has advertised its GRACIE boutiques extensively in magazines."

**Request for Production No. 81.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has sold many high-quality clothing items under" the "GRACIE" mark.

**Request for Production No. 82.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that "Black Silver vigorously enforces its rights in this ["GRACIE"] name."

**Request for Production No. 83.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that the purpose of BLACK SILVER's filing of the COUNTER-COMPLAINT was "to disallow Counter-Defendant as a third party to unfairly compete with Black Silver in the marketplace."

**Request for Production No. 84.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 11 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time, money, and effort in promoting its business and is continuing to do the same."

**Request for Production No. 85.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 12 of the COUNTER-COMPLAINT that "On September 30, 2005, Black Silver filed with the United States Patent and Trademark Office ('USPTO') a use-based trademark application on the Principal Register for 'GRACIE' in Class 25 for a 'retail clothing store services; retail apparel and accessories, namely, women and children's clothing, jewellery (sic), shoes and footwear, headwear, belts.'"

**<u>Request for Production No. 86.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 13 of the COUNTER-COMPLAINT that "in an Office Action dated April 6, 2006, the USPTO issued a Section 2(d) refusal based, in part, on a likelihood of confusion with the mark 'GRACIE' Reg. No. 2,997,282 and the mark 'GRACIE GEAR' Reg No. 2,076,885."

**<u>Request for Production No. 87.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 14 of the COUNTER-COMPLAINT that GRACIE "applied for registration of the above-referenced mark on or about February 23, 2004, for use on clothing, namely, shirts, pants, hats, caps, seaters, sweatshirts, jackets, coats, shorts, trunks."

**<u>Request for Production No. 88.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 15 of the COUNTER-COMPLAINT that "in his application, Rorion Gracie lists January, 1996, as the date of first use of this GRACIE mark."

**<u>Request for Production No. 89.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 16 of the COUNTER-COMPLAINT that "although Rorion Gracie owns a registration for the mark GRACIE GEAR for similar clothing items, the term GEAR was expressly disclaimed."

**<u>Request for Production No. 90.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Rorion Gracie lists June 8, 1995, as the date of first use of the GRACIE GEAR mark."

/ / /

/ / /

/ / /

**Request for Production No. 91.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Black Silver's use of the GRACIE mark has been widespread, continuous and uninterrupted since 1991."

**Request for Production No. 92.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 18 of the COUNTER-COMPLAINT that "Black Silver's continued use of the GRACIE name for over a decade coupled with its extensive advertising and publications has caused the mark to develop goodwill and a distinctiveness within the market."

**Request for Production No. 93.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 19 of the COUNTER-COMPLAINT that "junior users" are "benefitting from the good reputation associated with" BLACK SILVER's "trademark or trade name."

**Request for Production No. 94.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 22 of the COUNTER-COMPLAINT that GRACIE has used the GRACIE mark "by advertising, marketing, promoting, offering to sell, selling in interstate commerce in connection with his goods and services."

**Request for Production No. 95.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that "Rorion Gracie's misappropriation of the Black Silver's 'Gracie' mark is likely to cause confusion and mistake as to the identify (sic) and origin of Black Silver's goods and services."

**Request for Production No. 96.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that GRACIE's alleged misappropriation of BLACK SILVER's alleged "Gracie" mark is likely to cause "irreparable harm to Black Silver...."

**Request for Production No. 97.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 24 of the COUNTER-COMPLAINT that GRACIE's alleged "unauthorized use of Black Silver's Gracie mark is likely to cause and has caused confusion, deception and mistake among the consuming public and trade by creating the false impression that Rorion Gracie and his products are in some way affiliated with Plaintiff."

**Request for Production No. 98.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that as a "proximate result" of GRACIE's alleged actions "Black Silver has suffered and will continued to suffer great damage to its business, goodwill, reputation, and the strength of its trademark."

**Request for Production No. 99.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that "An award of monetary damages alone cannot fully compensate Black Silver for its injuries...."

**Request for Production No. 100.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region, is a distinctive and famous mark within the meaning of US trademark law, including 15 USC §§ 1125 and 1127...."

**Request for Production No. 101.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... has become associated with Black Silver and its retail stores...."

**Request for Production No. 102.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... exclusively identifies Counter-Claimant's sales of retail goods and services."

**Request for Production No. 103.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE uses "Black Silver's Gracie mark[] for similar goods in the same channels of interstate trade as Black Silver...."

**Request for Production No. 104.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE has a "vast presence on the internet."

**Request for Production No. 105.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that "consumers are deceptively led to believe that Counter-Defendant's GRACIE mark originates with or is sponsored or otherwise approved by Black Silver."

**Request for Production No. 106.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE's alleged use of "the Black Silver's Gracie mark ... will cause patrons to believe that Black Silver's marks are generic."

**Request for Production No. 107.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 40 of the COUNTER-COMPLAINT that as a result of GRACIE's "use of the name GRACIE *** the distinctive qualities of Black Silver's mark are being and will continue to be diluted."

**Request for Production No. 108.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 41 of the COUNTER-COMPLAINT that GRACIE's "marketing, use of and dissemination of materials containing the name GRACIE is and will continue to result in the dilution of the distinctive nature of Black Silver's marks through blurring or tarnishment...."

**Request for Production No. 109.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 43 of the COUNTER-COMPLAINT that "The distinctive nature of Black Silver's mark is of enormous value...."

**Request for Production No. 110.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above ... with previous knowledge of Black Silver's prior right to use of the trademark...."

/ / /

/ / /

/ / /

**Request for Production No. 111.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above ... with the willful intent to trade on Black Silver's goodwill and reputation...."

**Request for Production No. 112.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 48 of the COUNTER-COMPLAINT that "Counter-Claimant had first used the mark GRACIE in commerce in connection with International Class 25 goods on or about January 1, 1991."

**Request for Production No. 113.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Since its adoption and first use in commerce, Counter-Claimant Black Silver has continually used the GRACIE mark in connection with its International Class 25 goods."

**Request for Production No. 114.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time money and effort to promote the GRACIE mark in connection with its International Class 25 goods and to create and maintain the goodwill symbolized by the mark."

**Request for Production No. 115.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "The GRACIE mark has become famous in fashion circles as identifying Counter-Claimant Black Silver as the source of its International Class 25 goods."

**<u>Request for Production No. 116.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 53 of the COUNTER-COMPLAINT that "the 'GRACIE' mark used by Black Silver so closely resembles the previously-used and not-abandoned mark 'GRACIE' used by Counter-Defendant as to be likely, when used on or in connection with Class 25 goods, to cause confusion, to cause mistake, or to deceive the purchasing public as to the source of said goods."

**<u>Request for Production No. 117.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 57 of the COUNTER-COMPLAINT that "On March 13, 2005, Counter-Defendant Rorion Gracie amended the above application and entered a claim of acquired distinctiveness under Section 2(f) based on a claim of ownership of prior registrations of the marks 'GRACIE JIU-JITSU' (No. 1972360) and 'GRACIE GEAR' (No. 2076885)."

**<u>Request for Production No. 118.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "Registrant Rorion Gracie was involved in a proceeding challenging Registrant's rights to the 'GRACIE' mark, *Gracie, et al. v. Gracie, et al.*, which was taken on appeal from the United States District Court for the Northern District of California, docket #: 3:94-cv-04156-SC."

**<u>Request for Production No. 119.</u>:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "On November 19, 1997, the jury rendered a verdict that Rorion Gracie does not have a valid claim to the 'GRACIE' mark."

**Request for Production No. 120.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 59 of the COUNTER-COMPLAINT that "the statements alleging sole, uncontested ownership of the marks 'GRACIE JIU-JITSU' and 'GRACIE GEAR' made by Counter-Defendant Rorion Gracie in support of his claim of acquired distinctiveness were made during the pendency of the above proceedings...."

**Request for Production No. 121.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that alleged "false statements" were by GRACIE "with the intent to maintain maximum trademark protection by inducing agents of the PTO to accept the trademark application and issue the registration on the Principal Register rather than on the Supplemental Register."

**Request for Production No. 122.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that "the PTO" relied on the truth of the statements "submitted by Registrant" when issuing "Registration No. 2,997,282 on the Principal Register."

**Request for Production No. 123.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 61 of the COUNTER-COMPLAINT that "Counter-Defendant Rorion Gracie knew at the time they were made that the statements made in the application that led to the registration of Registration No. 2,997,282 were false."

**Request for Production No. 124.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 65 of the COUNTER-COMPLAINT that GRACIE's "use of the 'GRACIE' mark to promote, market, or sell his martial arts goods or services" is "in direct competition with Black Silver's GRACIE goods, services and/or retail establishments."

**Request for Production No. 125.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 74 of the COUNTER-COMPLAINT that GRACIE's alleged "use of Black Silver's trademark on the internet" is "prolific and ever-present."

Dated: August 24, 2010

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: ______________________

RAAQIM A. S. KNIGHT
*Attorneys for Plaintiff and Counter-Defendant* RORION GRACIE

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) s.s.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582.

On August 24, 2010, I served the foregoing document described as: **RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BLACK SILVER ENTERPRISES, INC.** on the interested parties in this action by placing [ ] the original [X] a true and correct copy thereof enclosed in an envelope addressed as set forth on the following page.

Richard M. Wirtz, Esq.
WIRTZ HELLENKAMP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
T: 858.259.5009
F: 858.259.6008

■ **BY MAIL**. By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNITE EXPRESS DELIVERY**. I deposited it in a box or other facility regularly maintained by OVERNITE EXPRESS, or delivered it to a driver or courier authorized by OVERNITE EXPRESS to receive documents, in an envelope designated by OVERNITE EXPRESS, with delivery fees provided for, and with delivery requested for the next business day.

☐ **BY FACSIMILE**. On _________, between the business hours of 9:00 a.m. and 5:00 p.m. and as more specifically set forth on the facsimile confirmation sheet(s) attached hereto, I served the foregoing document described as *** *[name of document]* by facsimile, from facsimile number (310) 479-1422, to the interested party(ies) in this action at the facsimile number(s) as set forth on the facsimile cover sheet(s) attached hereto. The parties hereto have agreed in writing to accept facsimile service.

■ **FEDERAL**. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2010, at Los Angeles, California.

Denise Sedlock
Denise Sedlock

# Exhibit “B”

Richard M. Wirtz (SBN 137812)
WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, California 92130
voice: 858.259.5009
fax: 858.259.6008
email: rwirtz@wirtzlaw.com

Thomas D. Foster (SBN 213414)
TDFoster
12760 High Bluff Drive, Suite 300
San Diego, California 92130
voice: 858.922.2170
fax: 858.259.6008
email: foster@TDFoster.com

Attorneys for BLACK SILVER ENTERPRISES, INC. and UN MI LEE

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RORION GRACIE, an individual,

Plaintiff,

vs.

BLACK SILVER ENTERPRISES, INC., a California Corporation; UN MI LEE, an individual; and DOES 1-10, inclusive,

Defendants.

Case Number: CV 09 - 8273 GW (JEMx)

**BLACK SILVER ENTERPRISES, INC.'S RESPONSES TO RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY: RORION GRACIE

RESPONDING PARTY: BLACK SILVER ENTERPRISES, INC. ("BSE," "BLACK SILVER")

SET NUMBER: ONE (1)

**PREFATORY STATEMENT**

With regard to the following responses, each response and objection is made solely for the purpose of this action. Each response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require exclusion of any statement herein if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court.

Further, any request deemed as continuing is objected to as oppressive, burdensome, and improper, and will not be regarded as continuing in nature but will, instead, be taken as though complete in and of itself.

The attorney's signature is intended only in regard to objections that have been raised in these responses. The attorney's signature in no way constitutes a waiver of any attorney-client or attorney work product privilege that may be asserted during subsequent discovery concerning the identity of the sources of the information contained in these responses.

All such objections and grounds are reserved, are not deemed waived by the provisions of any response herein, and may be interposed up to and including the time of trial.

Each response is based upon information presently available to this responding party, and, except for the explicit facts admitted herein, no incidental or implied admissions are intended. The fact that this responding party has answered or objected to any discovery request or part thereof should not be taken as an admission that this responding party accepts or admits the existence of any facts set forth or assumed by such discovery request, or that such response or objection constitutes admissible evidence. The fact that this responding party has responded to part or all of any discovery request is not intended and shall not be construed to be a waiver of any part or all of any objections to any discovery request.

To the extent that any or all of the discovery requests call for information which constitutes information prepared in anticipation of litigation or for trial, or for information or material covered by the work product doctrine, or which constitutes information which is privileged by virtue of the attorney/client privilege, or any privilege pertaining to confidential relationship, trade secrets or business secrets, this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges.

The following responses are rendered and based upon information in the possession of the responding party at the time of the preparation of the responses. Discovery will continue as long as permitted by court order, statute or stipulation of the parties. Investigation by the responding party, its attorneys and its investigators will continue up to and throughout the trial

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

of this action. This responding party specifically reserves the right to introduce at the time of trial any evidence from any source which hereinafter may be discovered and testimony from any witnesses whose identities may hereafter be discovered.

Discovery and investigation are continuing and responding party reserves the right to supplement this response and reserves the right to produce, at the time of trial, subsequently discovered evidence relating to proof of any material fact and to the proof of facts subsequently discovered to be material.

To the extent a BSE response is an agreement to produce documents responsive to a request, due to the volume of documents, BSE will make the documents available for inspection at BSE's counsel's office: Wirtz Hellenkamp LLP, 12760 High Bluff Drive, Suite 300, San Diego, CA 92130, at a mutually convenient time.

Without waiving the above stated objections and reservations, BSE responds as follows.

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing the COUNTER-COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing BLACK SILVER's Answer to the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS that RELATE TO GRACIE, including his products and services, or any of the facts RELATING TO the claims (including the counterclaims) in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**

All COMMUNICATIONS and DOCUMENTS REFERRING TO or RELATING TO COMMUNICATIONS between BLACK SILVER, and GRACIE, including between the parties' respective counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS RELATING TO any search, investigation, survey or study CONCERNING the availability for use or registration of or ability to register any of the MARKS IN ISSUE, either alone or in combination with other terms or devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS RELATING TO any opinion or study CONCERNING whether the MARKS IN ISSUE are or were capable of being registered on the principal register of the USPTO.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS related to any lawsuit, opposition, cancellation proceeding or any other proceeding involving or RELATING TO the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS RELATING TO any actual confusion, mistake, deception or association or affiliation of any kind between BLACK SILVER or any of its goods or services and GRACIE or any of his goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS that constitute or RELATE TO any communications with third parties RELATING TO GRACIE or his goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS RELATING TO BLACK SILVER's allegation of damages as set forth in the CROSS-COMPLAINT and allegations of harm as set forth in the CROSS-COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. The request also seeks expert information. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS RELATING TO BLACK SILVER's allegation that GRACIE has been unjustly enriched, as set forth in the CROSS-COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS RELATING TO USPTO trademark application serial number 78/724,535.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS that constitute or RELATE TO any and all advertising, marketing or promotion using any of the MARKS IN ISSUE.

//

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS RELATING TO any trademark or service mark known or believed by BLACK SILVER to be identical or similar in any matter to any of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR internet advertising promoting BLACK SILVER or its products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**

All copies of all versions of all web sites and web pages owned, controlled, or operated by BLACK SILVER since 1990.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS RELATING TO any print advertising campaigns promoting BLACK SILVER or its products.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS RELATING TO any video advertising campaigns promoting BLACK SILVER or its products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any radio or television advertising campaigns promoting BLACK SILVER or its products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO the dates on which BLACK SILVER used each of the MARKS IN ISSUE.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by BLACK SILVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection: This request is vague and ambiguous as to the term "consumer recognition," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by GRACIE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection: This request is vague and ambiguous as to the term "consumer recognition," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO the reputation or public perception of BLACK SILVER or any of BLACK SILVER's products, services or business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection: This request is vague and ambiguous as to the terms "reputation or public perception," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO the reputation or public perception of GRACIE or any of GRACIE's products, services or business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection: This request is vague and ambiguous as to the terms "reputation or public perception," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO media coverage of BLACK SILVER's goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the MARKS IN ISSUE.

//

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONS involved in the research, development, preparation, registration and/or enforcement of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONS involved in the design, research, development, testing, commercialization, analysis, marketing, advertising, sales, and/or financial analysis of any products or services sold or offered under the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO BLACK SILVER's marketing and sales plans for products or services sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS CONCERNING or identifying the channels of trade or marketing channels through which BLACK SILVER offers or plans to offer each product or service sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS sufficient to show BLACK SILVER's annual advertising expenditures for any product or service sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for each year the MARKS have been used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS sufficient to show (on a monthly, quarterly and/or yearly basis) the number of customers, and the gross and net revenues, and profits realized therefrom, for any and all products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that RELATE TO the monthly, quarterly and/or yearly net profits realized by BLACK SILVER for sales of any products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS sufficient to show all refunds to any of BLACK SILVER's customers for products sold by BLACK SILVER, including the reasons for such refunds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS CONCERNING third-party review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS CONCERNING customer review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

//

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that RELATE TO any economic harm that BLACK SILVER contends it has suffered, or will suffer, with respect to any action(s) by GRACIE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks expert opinion. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATING TO projected future sales, profits, or return on investment for any of BLACK SILVER's products or services marketed using or under the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that RELATE TO any projected future lost profits that BLACK SILVER contends it has suffered, or will suffer, with respect to any of GRACIE's alleged conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE TO any royalties charged and/or received by BLACK SILVER from any PERSON RELATING TO any of the MARKS IN ISSUE, or any other intellectual property asset (including a name, mark, patent, copyright, trade secret or otherwise).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that RELATE TO any agreements by which BLACK SILVER has licensed or otherwise authorized use by others of any of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO.43:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that RELATE TO calculations or determinations made by BLACK SILVER CONCERNING what would be a reasonable royalty for the use of any one or more of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that RELATE TO any non-economic damages that BLACK SILVER contends it has suffered or will suffer as a result of any of GRACIE's alleged conduct.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks expert opinion. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that were analyzed, reviewed or relied upon by any expert(s) retained by BLACK SILVER or who may testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 47:**

All reports, letters, or memoranda prepared by any expert(s) retained by BLACK SILVER and who may testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS provided to any expert(s) who may be called as a witness at the time of trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS provided to BLACK SILVER by any expert witness(es) who may testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 50:**

Curriculum vitae for all expert witnesses who may testify at trial.

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 51:**

All STATEMENTS from any potential witnesses in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS produced to BLACK SILVER in connection with this litigation in response to any third-party subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 53:**

Copies of all DOCUMENTS and/or exhibits intended to be introduced at trial by BLACK SILVER, including any DOCUMENTS used to create such exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS used, referenced or identified by BLACK SILVER in preparing their Answers to GRACIE's Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS RELATING TO the timing and circumstances of when and how BLACK SILVER first learned of GRACIE's alleged use of any of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS CONCERNING the conception, creation, selection, adoption and/or design of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because not such documents exist.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS evidencing or otherwise CONCERNING when and how BLACK SILVER first used the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS evidencing or CONCERNING BLACK SILVER's first use of the MARKS IN ISSUE on the Internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS RELATING TO GRACIE and/or the goods or services offered by GRACIE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS RELATING TO GRACIE's alleged use of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS RELATING TO the meaning of the MARKS IN ISSUE, including any claim that the MARKS IN ISSUE have acquired secondary meaning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding GRACIE's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from GRACIE's alleged use of the MARKS IN ISSUE.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding BLACK SILVER's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from BLACK SILVER's alleged use of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any website displaying, advertising or promoting the MARKS IN ISSUE or services offered thereunder.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any websites owned, controlled or operated by BLACK SILVER since 1990.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**</u>

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

<u>**REQUEST FOR PRODUCTION NO. 66:**</u>

All DOCUMENTS RELATING TO any Internet domain names used by BLACK SILVER in connection with the MARKS IN ISSUE.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**</u>

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

<u>**REQUEST FOR PRODUCTION NO. 67:**</u>

All DOCUMENTS sufficient to show each State in which BLACK SILVER is licensed and/or registered to conduct business.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**</u>

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

<u>**REQUEST FOR PRODUCTION NO. 68:**</u>

All DOCUMENTS sufficient to identify current and former employees of BLACK SILVER since 1990 and the dates they were employees.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**</u>

BSE agrees to produce responsive documents.

<u>**REQUEST FOR PRODUCTION NO. 69:**</u>

All DOCUMENTS CONCERNING new or additional goods or services YOU believe may be offered or sold using or under one or more of the MARKS IN ISSUE.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 70:**

DOCUMENTS sufficient to show the date on which BLACK SILVER owned or operated each retail store that sold clothing or related products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR advertisements under or using the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including any internet advertising campaigns promoting BLACK SILVER or the services offered by BLACK SILVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

BSE agrees to produce responsive documents.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS RELATING TO consumer recognition of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including in relation to any goods or services offered by BLACK SILVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 6 of the COUNTER-COMPLAINT that "at one time relevant to the instant dispute" BLACK SILVER "had five retail locations in San Diego, California."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 7 of the COUNTER-COMPLAINT that "Black Silver has used the name and mark GRACIE in association with retail clothing sales and on women's clothing items since as early as 1995."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 8 of the COUNTER-COMPLAINT that BLACK SILVER has "developed a nationwide clientele who recognizes and associates the GRACIE mark with Counter-Claimant's distinctive line of women's designer brands and upscale boutique sales services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 9 of the COUNTER-COMPLAINT that BLACK SILVER's "use of its GRACIE name and mark has been widespread and continuous since at least 1991."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has advertised its GRACIE boutiques extensively in magazines."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has sold many high-quality clothing items under" the "GRACIE" mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that "Black Silver vigorously enforces its rights in this ["GRACIE"] name."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that the purpose of BLACK SILVER's filing of the COUNTER-COMPLAINT was "to disallow Counter Defendant as a third party to unfairly compete with Black Silver in the marketplace."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 11 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time, money, and effort in promoting its business and is continuing to do the same."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 12 of the COUNTER-COMPLAINT that "On September 30, 200S, Black Silver filed with the United States Patent and Trademark Office ('USPTO') a use-based trademark application on the Principal Register for 'GRACIE' in Class 25 for a 'retail clothing store services; retail apparel and accessories, namely, women and children's clothing, jewellery [sic], shoes and footwear, headwear, belts.'"

//

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 13 of the COUNTER-COMPLAINT that "in an Office Action dated April 6, 2006, the USPTO issued a Section 2(d) refusal based, in part, on a likelihood of confusion with the mark 'GRACIE' Reg. No. 2,997,282 and the mark 'GRACIE GEAR' Reg No. 2,076,885."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 14 of the COUNTER-COMPLAINT that GRACIE "applied for registration of the above-referenced mark on or about February 23,2004, for use on clothing, namely, shirts, pants, hats, caps, seaters, sweatshirts, jackets, coats, shorts, trunks."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 15 of the COUNTER-COMPLAINT that "in his application, Rorion Gracie lists January, 1996, as the date of first use of this GRACIE mark."

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 16 of the COUNTER-COMPLAINT that "although Rorion Gracie owns a registration for the mark GRACIE GEAR for similar clothing items, the term GEAR was expressly disclaimed."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Rorion Gracie lists June 8, 1995, as the date of first use of the GRACIE GEAR mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Black Silver's use of the GRACIE mark has been widespread, continuous and uninterrupted since 1991."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 18 of the COUNTER-COMPLAINT that "Black Silver's continued use of the GRACIE name for over a decade coupled with its extensive advertising and publications has caused the mark to develop goodwill and a distinctiveness within the market."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 19 of the COUNTER-COMPLAINT that 'Junior users" are "benefitting from the good reputation associated with" BLACK SILVER's "trademark or trade name."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 22 of the COUNTER-COMPLAINT that GRACIE has used the GRACIE mark "by advertising, marketing, promoting, offering to sell, selling in interstate commerce in connection with his goods and services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that "Rorion Gracie's misappropriation of the Black Silver's 'Gracie' mark is likely to cause confusion and mistake as to the identify (sic) and origin of Black Silver's goods and services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that GRACIE's alleged misappropriation of BLACK SILVER's alleged "Gracie" mark is likely to cause "irreparable harm to Black Silver...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 24 of the COUNTER-COMPLAINT that GRACIE's alleged "unauthorized use of Black Silver's Gracie mark is likely to cause and has caused confusion, deception and mistake among the consuming public and trade by creating the false impression that Rorion Gracie and his products are in some way affiliated with Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that as a "proximate result" of GRACIE's alleged actions "Black Silver has suffered and will continued to suffer great damage to its business, goodwill, reputation, and the strength of its trademark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that "An award of monetary damages alone cannot fully compensate Black Silver for its injuries... ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region, is a distinctive and famous mark within the meaning of US trademark law, including 15 USC §§ 1125 and 1127...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... has become associated with Black Silver and its retail stores...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... exclusively identifies Counter-Claimant's sales of retail goods and services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE uses "Black Silver's Gracie mark for similar goods in the same channels of interstate trade as Black Silver...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE has a "vast presence on the internet."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that "consumers are deceptively led to believe that Counter-Defendant's GRACIE mark originates with or is sponsored or otherwise approved by Black Silver."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE's alleged use of"the Black Silver's Gracie mark ... will cause patrons to believe that Black Silver's marks are generic."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 40 of the COUNTER-COMPLAINT that as a result of GRACIE's "use of the name GRACIE *** the distinctive qualities of Black Silver's mark are being and will continue to be diluted."

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 41 of the COUNTER-COMPLAINT that GRACIE's "marketing, use of and dissemination of materials containing the name GRACIE is and will continue to result in the dilution of the distinctive nature of Black Silver's marks through blurring or tarnishment...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 43 of the COUNTER-COMPLAINT that "The distinctive nature of Black Silver's mark is of enormous value...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above with previous knowledge of Black Silver's prior right to use of the trademark. "

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above with the willful intent to trade on Black Silver's goodwill and reputation "

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 48 of the COUNTER-COMPLAINT that "Counter-Claimant had first used the mark GRACIE in commerce in connection with International Class 25 goods on or about January 1, 1991."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Since its adoption and first use in commerce, Counter-Claimant Black Silver has continually used the GRACIE mark in connection with its International Class 25 goods."

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time money and effort to promote the GRACIE mark in connection with its International Class 25 goods and to create and maintain the goodwill symbolized by the mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. The request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "The GRACIE mark has become famous in fashion circles as identifying Counter-Claimant Black Silver as the source of its International Class 25 goods."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. The request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

//

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice.858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 53 of the COUNTER-COMPLAINT that "the 'GRACIE' mark used by **Black Silver [should be GRACIE]** so closely resembles the previously-used and not-abandoned mark 'GRACIE' used by Counter-Defendant as to be likely, when used on or in connection with Class 25 goods, to cause confusion, to cause mistake, or to deceive the purchasing public as to the source of said goods."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Objection: This request is vague and ambiguous and is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 117:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 57 of the COUNTER-COMPLAINT that "On March 13,2005, Counter-Defendant Rorion Gracie amended the above application and entered a claim of acquired distinctiveness under Section 2(t) based on a claim of ownership of prior registrations of the marks 'GRACIE JIU-JITSU' (No. 1972360) and 'GRACIE GEAR' (No. 2076885)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 118:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "Registrant Rorion Gracie was involved in a proceeding challenging Registrant's rights to the 'GRACIE' mark, *Gracie, et al. v. Gracie, et al.*, which was taken on appeal from the United States District Court for the Northern District of California, docket #: 3:94-cv-04156-SC."

//

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**</u>

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

<u>**REQUEST FOR PRODUCTION NO. 119:**</u>

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "On November 19, 1997, the jury rendered a verdict that Rorion Gracie does not have a valid claim to the 'GRACIE' mark."

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**</u>

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

<u>**REQUEST FOR PRODUCTION NO. 120:**</u>

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 59 of the COUNTER-COMPLAINT that "the statements alleging sole, uncontested ownership of the marks 'GRACIE JIU-JITSU' and 'GRACIE GEAR' made by Counter-Defendant Rorion Gracie in support of his claim of acquired distinctiveness were made during the pendency of the above proceedings...."

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**</u>

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

<u>**REQUEST FOR PRODUCTION NO. 121:**</u>

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that alleged "false statements" were by GRACIE "with the intent to maintain maximum trademark protection by inducing agents of the PTO to accept the trademark application and issue the registration on the Principal Register rather than on the Supplemental Register."

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that "the PTO" relied on the truth of the statements "submitted by Registrant" when issuing "Registration No. 2,997,282 on the Principal Register."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 61 of the COUNTER-COMPLAINT that "Counter-Defendant Rorion Gracie knew at the time they were made that the statements made in the application that led to the registration of Registration No. 2,997,282 were false."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 65 of the COUNTER-COMPLAINT that GRACIE's "use of the 'GRACIE' mark to promote, market, or sell his martial arts goods or services" is "in direct competition with Black Silver's GRACIE goods, services and/or retail establishments."

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 74 of the COUNTER-COMPLAINT that GRACIE's alleged "use of Black Silver's trademark on the internet" is "prolific and ever-present."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

Dated: October 15, 2010

Respectfully submitted,

WIRTZ HELLENKAMP LLP

By: ______________________
Richard M. Wirtz
Attorney for Defendants

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

## VERIFICATION

I, Seya Mahvi, declare and state as follows:

I am over the age of eighteen and am a party to the action entitled *Rorion Gracie v. Black Silver Enterprises, Inc. et al.*, United States Central District Court Case No: CV 09-8273 GW (JEMx).

I have read the foregoing discovery response entitled **DEFENDANTS' RESPONSES TO RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** and know the contents thereof. The matters stated therein are true of my own personal knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 15, 2010, in the City of San Diego, State of California.

Seya Mahvi

Richard M. Wirtz (SBN 137812)
WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, California 92130
voice: 858.259.5009
fax: 858.259.6008
email: rwirtz@wirtzlaw.com

Thomas D. Foster (SBN 213414)
TDFoster
12760 High Bluff Dr #300
San Diego, CA 92130
voice: 858.922.2170
fax: 858.259.6008
email: foster@TDFoster.com

Attorneys for DEFENDANTS BLACK SILVER ENTERPRISES, INC. and UN MI LEE

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RORION GRACIE, an individual,

Plaintiff,

vs.

BLACK SILVER ENTERPRISES, INC., a California Corporation; UN MI LEE, an individual; and DOES 1-10, inclusive,

Defendants.

Case Number: CV 09 - 8273 GW (JEMx)

**PROOF OF SERVICE**

I, Nicole Teixeira, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is WIRTZ HELLENKAMP LLP, 12760 High Bluff Drive, Suite 300, San Diego, California 92130. On October 15, 2010, at San Diego, California, each of the parties, attorneys, or other interested individuals or entities identified on the Service List below were served as described below with a true copy of the following document(s):

**1. BLACK SILVER ENTERPRISES, INC.'S RESPONSES TO RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

(X) BY MAIL: I deposited in the mail the document(s) listed in a sealed envelope, with postage fully prepaid, addressed as per the Service List.

( ) BY PERSONAL SERVICE: I served the above referenced documents on the person(s) listed on the attached page.

(X) BY EMAIL: I sent via email by electronic attachment, a PDF version of the document(s) listed above, as addressed per the Service List.

( ) BY MAIL VIA ENTRUSTING DEPOSIT TO OTHERS: I am readily familiar with the business practice for collection and processing of correspondence, including prepaying postage, for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. I placed for deposit in the United States Postal Service, the document(s) listed above in a sealed envelope addressed as per the Service List.

( ) BY EXPRESS MAIL: I deposited in a post office, mailbox, subpost office, substation, mail chute or other like facility regularly maintained by the United States Postal service for receipt of Express Mail, the document(s) listed above in a sealed envelope, with Express Mail postage fully prepaid, addressed as per the Service List.

( ) BY OVERNIGHT EXPRESS SERVICE CARRIER: I deposited in a box or other facility regularly maintained by ( ) FedEx ( ) UPS ( ) OverNite Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, the document(s) listed above in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed as per the Service List.

( ) BY FAX: I transmitted from a fax machine at (858) 259-6008, the document(s) listed above to each party, attorney, or other interested person or entity listed above at the fax number(s) on the Service List. The above described transmission was reported as complete without error by a transmission report issued by the fax machine upon which the said transmission was made immediately after the transmission. A true and correct copy of the fax transmission report is attached and incorporated by this reference.

I certify and declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on October 15, 2010, at San Diego, California.

[signature]
Nicole Teixeira

**SERVICE LIST**

Charles J. Harder
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
1140 West Olympic Boulevard, Ninth Floor
Los Angeles, CA 90064
charder@wrslawyers.com

Attorney for Plaintiff Rorion Gracie

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

# Exhibit "C"

Jan Jensen
JJensen@wrslawyers.com

File No.
17201-401

November 30, 2010

**VIA FACSIMILE (858) 259-6008, EMAIL and U.S. MAIL**

Richard Wirtz, Esq.
Wirtz Hellenkamp, LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**VIA FACSIMILE (858) 259-6008, EMAIL and U.S. MAIL**

Thomas Foster, Esq.
TD Foster
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**Re: *Rorion Gracie v. Black Silver Enterprises, Inc. et al.***
**USDC-CDCA Case No. CV 09-8273-GW(JEMx)**

Dear Counsel:

This letter is written pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P."), Rule 37, and Local Rule 37-1, in an attempt to resolve our discovery disputes with respect to Defendant Black Silver Enterprises, Inc.'s ("Black Silver") Responses ("Responses to RFP's") to Plaintiff Rorion Gracie's ("Plaintiff") First Set of Requests for Production of Documents ("RFPs" or "Requests for Production" or, when describing individual RFPs "RFP No. __") and Black Silver's Responses to Plaintiff's First Set of Interrogatories ("Interrogatories").

Despite agreeing to produce documents responsive to many of the RFPs, Black Silver has failed to produce *a single document* since receiving the RFPs nearly three months ago, on August 24, 2010. All documents that Black Silver indicated it would produce must be delivered to us by no later than December 6, 2010.

All documents and electronically stored information Black Silver produces must be organized, labeled, or indexed to correspond with each separate RFP. "This requirement ensures that documents responsive to a particular request are identified in response to that request and can be reasonably accessed in the document production." *Koninklijke Philips Electronics N.V. v. KXD Tech., Inc.*, No. 2:05-cv-01532, 2007 WL 879683 *3 (D. Nev. 2007) (citing *Residential Constructors, LLC v. Ace Prop. and Cas. Ins. Co.*, No. 2:05-CV-01318, 2006 WL 1582122 *2 (D. Nev. 2006). Black Silver must identify the documents "with an appropriate index or references to the document numbers corresponding to the specific requests." *Id.* Failure to produce voluminous documents "in no apparent order" does not comply with Fed. R. Civ. P. 34. *Id.* (citing *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610-611 (D. Neb. 2001) and *Stiller v. Arnold*, 167 F.R.D. 68-70-71 (N.D. Ind. 1996)). These rules apply to documents that are produced electronically and in paper format. *Id.*

In addition, we intend to bring a motion to compel at the earliest date permissible, unless you agree to supplement your responses as set forth herein. Accordingly, we hereby request a "pre-filing conference of counsel" pursuant to Local Rule 37-1. Please contact us as soon as possible to schedule a telephonic conference to occur within ten (10) calendar days of the date of this letter.

**BLACK SILVER'S RESPONSES TO REQUESTS FOR PRODUCTION**

Black Silver's Responses to Requests for Production are inadequate, incomplete, and evasive, and therefore, constitute "a failure to disclose, answer or respond" to the discovery. Fed. R. Civ. P. 37(a)(3). Black Silver purports to make an improper "PREFATORY STATEMENT" ("Prefatory Statement") and improper general objections to each and every request. The objections are without merit and too general, and they must be withdrawn. *See M2 Software, Inc. v. M2 Communications, L.L.C., et al.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003) (plaintiff's General Objections were not sufficient to raise any substantial, meaningful, or enforceable objections to any particular discovery request); *see also Walker, et al. v. Lakewood Condominium Owners Ass'n, et al.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). In addition, Black Silver failed to produce a single document. We refer you to Fed. R. Civ. P. 34 and demand complete responses. Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons . . ..").

**Prefatory Statement – General Objections**

**General Objection No. 1:**

Black Silver's Prefatory Statement states that "[e]ach response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require exclusion of any statement herein if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court." (Responses to RFPs at 1, lines 24-28.) To the extent that the Prefatory Statement is intended to serve in any way as an objection and/or reservation or rights, it is without merit and too general. If Black Silver has any objections, such objections must be presented at this time, with specificity as to each separate discovery request, so that Plaintiff has the opportunity to know what objections Black Silver is asserting and address any objection that is without merit in a motion to compel. We refer you to Fed. R. Civ. P. 37(a)(3) and demand complete disclosure and the withdrawal of the Prefatory Statement. *See M2 Software, Inc.*, 217 F.R.D. at 501; *Walker*, 186 F.R.D. at 587.

**General Objection No. 2:**

Black Silver objects that "any request deemed as continuing is objected to as oppressive, burdensome, and improper, and will not be regarded as continuing in nature but will, instead, be taken as though complete in and of itself." (Responses to RFPs at 2, lines 1-3.) This is an improper general objection because it leaves open the question of which requests Black Silver is objecting to on the stated grounds.

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete, and evasive. We refer you to Fed. R. Civ. P. 26 and 37(a)(3). In addition, "As an initial matter, general or boilerplate objections such as „overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *see also Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *M2 Software, Inc.*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request); *Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). For these reasons, we demand withdrawal of this general objection, and we demand production of the requested documents and information.

**General Objection No. 3:**

Black Silver objects in several paragraphs in the Prefatory Statement on the grounds of an "attorney-client or attorney work product privilege." (Responses to RFPs at 2, lines 5, 6, 18-24) Black Silver states that "to the extent that any or all of the discovery requests call for information which constitutes information prepared in anticipation of litigation or for trial, or for information or material covered by the work product doctrine, or which constitutes information or material which is privileged by virtue of the attorney/client privilege, . . . this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." Black Silver failed to provide any privilege log indicating what, if any, documents were being withheld on the grounds of any such privilege or protection.

This general objection is improper, and its incorporation into each of the responses renders the responses inadequate, incomplete, and evasive. Black Silver is required to produce a privilege log setting forth, in detail, any and all documents that are responsive to any of the RFPs and that are being withheld on the grounds of any privilege, including, but not limited to, attorney-client privilege or work product doctrine. Any documents being withheld on the grounds of privilege or protection shall be identified and described in sufficient detail to enable the demanding party "to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Boilerplate objections or blanket refusals in response to a request for production are insufficient to assert a privilege. *See Burlington N. & Santa Fe Ry. Corp. v. United States Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D KS 1999) (Rule 26(b)(5)(A) requires parties to provide a privilege log for documents withheld on grounds of privilege or work product); *see also Allen v. Woodford*, No. CV-F-05-11042007, 2007 WL 309485 *4 (E.D. Cal. 2007).

Black Silver's privilege log shall indicate at least the following: (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of all addressees and recipients; (e) the document's present location; and (f) the specific reason(s) it was withheld (for example, which privilege is claimed). *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *In re Grand Jury Investigation*,

974 F.2d 1068, 1071 (9th Cir. 1992) (party asserting privilege must make a *prima facie* showing that the privilege protects the information the party intends to withhold; in addition to identifying the privilege involved, privilege log should identify: the attorney and client involved; the nature of the document; all persons or entities shown on the document to have received or sent the document; all person or entities known to have been furnished the document or informed of its substance; the date the document was generated, prepared or dated; and, the subject matter of each document); *see Burlington*, 408 F.3d at 1147 ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection" (*quoting* Fed. R. Civ. P. 26(b)(5)).

Black Silver has failed to supply any privilege log whatsoever. We are entitled to a privilege log at this time, and failure to immediately comply with our request will constitute a waiver of all privileges. *See Burlington*, 408 F.3d at 1149 (writ of mandamus denied by ninth circuit after district court found waiver of all privileges based upon Burlington filing privilege log five months after the 30-day time period allowed for the response to discovery).

**General Objection No. 4:**

Black Silver objects generally based upon "any privilege pertaining to confidential relationship, trade secrets or business secrets" (Responses to RFPs at 2, lines 18-24) and states that "to the extent that any or all of the discovery requests call for . . . any privilege pertaining to confidential relationship, trade secrets or business secrets, this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." (Responses to RFPs at 2, lines 18-24.)

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete and evasive. There is "no absolute privilege" for trade secrets and similar confidential information. *Paulsen*, 168 F.R.D. at 289 (C.D. Cal. 1996). In addition, pursuant to the Stipulated Protective Order in this action, confidential information, such as documents containing trade secrets, are protected and must be produced. Therefore, we demand withdrawal of this general objection and of the specific "trade secret" boilerplate objection repeated in responses to RFP Nos. 31-36, 40, 41, 56, 57, 59-61, 63-65, 69, 71, 78-82, and 112, and we demand production of the requested documents and information.

**General Objection No. 5:**

This general objection is improper. Black Silver states "to the extent a BSE response is an agreement to produce documents . . . BSE will make the documents available for inspection at BSE's counsel's office . . . at a mutually convenient time." (Responses to RFPs at 3, lines 8-11) This agreement to "make the documents available for inspection" is entirely improper and in violation of Fed. R. Civ. P. 34. A party is obligated to produce *all* specified relevant and non-privileged documents or other things that are in its possession, custody, or control" on the date and time specified in the request. Fed. R. Civ. P. 34; *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("[A] response to a request for production of

documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond.") Plaintiff's Requests for Production require that the "requests are to be answered within thirty (30) days . . . pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure." The Requests for Production were served on August 31, 2010, and Black Silver was required to produce (not make available) all responsive documents within thirty (30) days from the date of service of the Requests. Therefore, please deliver *all* responsive, non-privileged documents to our office by no later than December 6, 2010. All documents must be produced as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(2)(E). All electronically stored information must be produced in a form in a form in which it is ordinarily maintained, or in a reasonably usable form. *Id.* In addition, as set forth above, Black Silver must organize, label or index the produced documents so that the document numbers correspond with the specific requests. *Koninklijke Philips Electronics*, 2007 WL 879683 at *3 (internal citation omitted).

**Specific Objections and Responses to Requests for Production**

Each of Black Silver's specific responses incorporates the general objections discussed above, and virtually all of the specific responses restate the following general objections as specific objections: (1) "overly broad;" (2) "attorney-client or attorney work product privilege;" and, (3) "trade secret." We address Black Silver's general objections, including objections on the grounds of attorney-client privilege, attorney work product doctrine, and trade secret, in the previous general objection section, and we hereby incorporate those arguments with respect to all of Black Silver's Responses to RFPs.

**Objection of "Overly Broad" Repeated in Responses to RFPs 1-3, 9-11, 20, 23-26, 53, 54, 60-67, 69, 71, and 76-125:**

Black Silver objects on the grounds of over breadth to seventy-three (73) of the Requests for Production, including RFP Nos. 1-3, 9-11, 20, 23-26, 53, 54, 60-67, 69, 71, and 76-125. Black Silver cannot sustain its objection of "overly broad," because Black Silver has failed to provide a meaningful explanation of the basis for the objection. *See St. Paul Reinsurance Co., Ltd v. Commercial Fin'l Corp.*, 198 F.R.D. 508, 511-512 (N.D. IA 2000) (objections must explain how the interrogatory or request is overbroad or unduly burdensome); *Del Campo v. Am. Corrective Counseling Serv.*, No. C 01-21151, 2008 WL 3154754 *2 (N.D. Cal. 2008) ("[A] mere statement that production would be burdensome is not enough to avoid discovery obligations"). This boilerplate objection is improper and its incorporation into each of the above-referenced responses renders the responses inadequate, incomplete, and evasive. We refer you to Fed. R. Civ. P. 26 and 37(a)(3). *See Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 365 (D. MD 2008) (boilerplate objections waived any legitimate objections the responding party may have had); *M2 Software, Inc.*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request); *Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). For these reasons, we demand withdrawal this specific boilerplate objection in response to RFP nos. 1-3, 9-11, 20, 23-26, 53, 54, 60-67, 69, 71, and 76-125, and we demand production of the requested documents and information.

**<u>Requests for Production Nos. 1, 2, 10, 11, and 76-125</u>:**

These requests demand documents regarding Black Silver's Answer and Counterclaims, including documents related to the specific claims and allegations made in Black Silver's Answer and Counterclaims. Black Silver asserted specific objections to six (6) of these requests. In response to RFP No. 10, Black Silver objected that "the request also seeks expert information." In response to RFP Nos. 84, 109, 114, and 115, Black Silver objected that "this request also seeks documents protected by financial privacy." In response to RFP No. 116, Black Silver objected that "this request is vague and ambiguous," without explaining how the request is vague and ambiguous. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's defenses, counterclaims, and specific allegations in its Answer and Counterclaims are not overly broad or vague and ambiguous. Documents regarding Black Silver's defenses, counterclaims, and specific allegations are central to investigating the facts of this case and determining liability and damages. In addition, Black Silver's specific objections are improper. Black Silver is not entitled to withhold documents in response to RFP Nos. 84, 114, and 115 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. RFP No. 116 is not vague and ambiguous, as it requests documents regarding a specific allegation that is quoted from Black Silver's own Counter-Claims. Moreover, even if any ambiguity existed, which it did not, Black Silver should have given the words and phrases in the request their common and ordinary meanings. *See Brown v. Castillo*, No. CV-F-02-6018, 2006 WL 1408444 *1 (E.D. Cal. 2006) ("The responding party must exercise reason and common sense in answering discovery. If necessary, the responding party may provide definitions in order to clarify their answers. However, objections to interrogatories as vague and ambiguous, with no response, will rarely be upheld. Here, any ambiguity in the interrogatories could have easily been resolved by conferring with plaintiff."); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996) ("Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. To clarify their answers, respondents may include any necessary, reasonable definition of such terms or phrases."); *Santana Row Hotel Partners., L.P. v. Zurich Am. Ins. Co.*, No. C05-00198, 2007 WL 1168677 *3 (N.D. Cal. 2007); *Beach v. City of Olathe, Kans.*, 203 F.R.D. 489, 497 (D. Kan. 2001) (ambiguity could easily have been resolved by conferring with the propounding party). For these reasons, we demand withdrawal of these specific boilerplate objections that are repeated in certain responses, and we demand production of the requested documents and information. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding Black Silver's allegation of damages as set forth in its Counterclaims, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 3, 4, and 9:**

These requests demand documents regarding Plaintiff (including facts relating to the claims and counterclaims in this action), communications between Black Silver and Plaintiff, and communications between Black Silver and third parties regarding Plaintiff. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Plaintiff (and facts related to the claims and counterclaims in the action), communications between Black Silver and Plaintiff, and communications between Black Silver and third parties regarding Plaintiff are not overly broad. Plaintiff contends that Black Silver infringed on Plaintiff's trademarks, and Black Silver asserts in its Counter-Claims that Plaintiff's trademarks should never have been registered, and that Plaintiff's marks infringe on Black Silver's mark. Documents regarding Plaintiff and communications with Plaintiff, or with third parties regarding Plaintiff are therefore central to this action. In addition, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 5, 6, 8, 14, 62, and 63:**

These requests demand documents regarding any searches, investigations, surveys, studies, opinions, or reports regarding the marks at issue in this action, and any actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding searches, investigations, surveys, studies, opinions, or reports regarding the marks at issue in this action, and any actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services are not overly broad. Plaintiff asserts in his Complaint that Black Silver infringed Plaintiff's trademarks, and in its Counterclaim, Black Silver claims that Plaintiff infringed its trademarks. One of the central issues in this lawsuit is Black Silver's manufacture and sale of products that infringe on Plaintiff's trademarks and the damages attributable to such infringement. Documents relating to any searches, investigations, surveys, studies, opinions, or reports regarding the marks at issue in this action, and any actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services are necessary to evaluate and analyze the breadth and scope of Black Silver's sale of products that infringe on Plaintiff's trademarks and Black Silver's knowledge and willfulness. In addition, Black Silver has raised numerous affirmative defenses regarding its non-infringement of Plaintiff's trademarks. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 7 and 28:**

These requests demand documents regarding any lawsuit, opposition, cancellation proceeding, or any other proceeding relating to the marks at issue in this action, and any action taken by Black Silver to enforce or police the marks in issue. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding any lawsuit, opposition, cancellation proceeding, or any other proceeding relating to the marks at issue in the action, and any action taken by Black Silver to enforce or police the marks in issue are not overly broad. Black Silver filed a Petition to Cancel Plaintiff's trademarks. Black Silver also alleges in its Counterclaim that it vigorously enforces its trademark rights. (Answer and Counterclaims at 10, lines 15-17) In this action, Plaintiff and Black Silver are each seeking declaratory relief regarding the ownership of the trademarks in issue, and Black Silver additionally requests an Order cancelling Plaintiff's trademarks. Documents regarding any lawsuit, opposition, cancellation proceeding, or any other proceeding relating to the marks at issue, and any action taken by Black Silver to enforce or police the marks in issue relate directly to Black Silver's affirmative defenses and counterclaims. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 12, 13, 15-22, 31-33, 66, 67, and 69:**

These requests demand documents regarding Black Silver's trademark application for its alleged mark; Black Silver's websites and web pages; Black Silver's advertising, marketing, promotion, and sales plans and the associated expenditures; the goods or services sold by Black Silver using the marks in issue, and the dates, geographic scope, and channels of trade of Black Silver's use of the marks in issue; where Black Silver conducts business; the internet domain names it uses; and new or additional goods or services Black Silver believes may be offered or sold using the marks in issue. In response to RFP No. 33, Black Silver asserted the specific objection that "[t]his request also seeks … documents protected by financial privacy." Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's trademark application; its websites, advertising, goods or services sold using the marks in issue, channels of trade; where it conducts business; internet domain names it uses; and new or additional goods or services it believes may be offered or sold are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's trademark application; its websites, advertising, goods or services sold using the marks in issue, channels of trade; where it conducts business; internet domain names it uses; and new or additional goods or services it believes may be offered or sold are central to these claims. Moreover, Black Silver is not entitled to withhold documents in response to RFP

No. 33 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165 F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of this specific boilerplate objection in response to RFP No. 33. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding Black Silver's advertising, marketing, promotion, and sales plans and the associated expenditures, and the geographic scope and channels of trade of Black Silver's use of the marks in issue, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**<u>Requests for Production Nos. 23-27</u>:**

These requests demand documents regarding consumer recognition of the marks in issue and the reputation, public perception, and media coverage of Black Silver and Plaintiff. In response to RFP Nos. 23 and 24, Black Silver objected that "[t]his request is vague and ambiguous as to the term „consumer recognition.'" In response to RFP Nos. 25 and 26, Black Silver objected that "[t]his request is vague and ambiguous as to the terms „reputation or public perception.'" Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding consumer recognition of the marks in issue and the reputation, public perception, and media coverage of Black Silver and Plaintiff are not overly broad or vague and ambiguous. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding consumer recognition of the marks in issue and the reputation, public perception, and media coverage of the parties are central to these claims and to damages. In addition, Black Silver's specific objections are improper. RFP Nos. 23-26 are not vague and ambiguous. Consumer recognition, reputation, and public perception are common terms with clear meanings. Even if any ambiguity existed, which it did not, Black Silver should have given the words and phrases in the request their common and ordinary meanings. *See Brown*, 2006 WL 1408444 at *1 ("The responding party must exercise reason and common sense in answering discovery. If necessary, the responding party may provide definitions in order to clarify their answers. However, objections to interrogatories as vague and ambiguous, with no response, will rarely be upheld. Here, any ambiguity in the interrogatories could have easily been resolved by conferring with plaintiff."); *see also Pulsecard*, 168 F.R.D. at 310 ("Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. To clarify their answers, respondents may include any necessary, reasonable definition of such terms or phrases."); *Santana Row Hotel Partners*, 2007 WL 1168677 at *3; *Beach*, 203 F.R.D. at 497 (ambiguity could easily have been resolved by conferring with the propounding party). For these reasons, we demand withdrawal of these specific boilerplate objections. Also, for the reasons set

forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding consumer recognition of the marks in issue and Black Silver's reputation and public perception, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 29, 30, 68, and 70:**

These requests demand documents regarding Black Silver's officers, directors, and current and former employees, and the dates on which Black Silver owned or operated clothing stores. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's officers, directors, and current and former employees, and the dates on which Black Silver owned or operated clothing stores are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. These documents are central to these claims and to damages and to identify potential witnesses. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 34-39 and 45:**

These requests demand documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, reviews, criticism, and complaints, and harm Black Silver claims that it has suffered or will suffer in the future. Black Silver asserted specific objections to five of these requests. In response to RFP Nos. 34-36, Black Silver objected that "this request also seeks documents protected by financial privacy." In response to RFP Nos. 39 and 45, Black Silver objected that "the request also seeks expert information." Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, reviews, criticism, and complaints, and harm Black Silver claims it has suffered or will suffer in the future are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, reviews, criticism, and complaints, and harm Black Silver claims it has suffered, or will suffer in the future are central to these claims and to damages. Black Silver's specific objections are improper. Black Silver is not entitled to withhold documents in response to RFP Nos. 34-36 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165

F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of these specific boilerplate objections. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, and harm Black Silver claims that it has suffered or will suffer in the future, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 40-44:**

These requests demand documents regarding Black Silver's projected future sales and lost profits, and licensing and royalties relating to the marks in issue in this action. In its responses to RFP Nos. 40 and 41, Black Silver specifically objected that "[t]his request also seeks … documents protected by financial privacy." Black Silver stated that no documents responsive to these requests exist.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's projected future sales and lost profits, and licensing and royalties relating to the marks in issue are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's projected future sales and lost profits, and licensing and royalties relating to the marks in issue are central to these claims and to damages. Black Silver is not entitled to withhold documents in response to RFP Nos. 40 and 41 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165 F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of this specific boilerplate objection in response to RFP Nos. 40 and 41. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 46-52:**

These requests demand documents regarding Black Silver's experts or experts who may testify at trial, witness statements, and documents obtained through a third-party subpoena. Black Silver stated that no documents responsive to these requests exist.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's experts or experts who may testify at trial, witness statements, and documents obtained through a third-party subpoena are not overly broad. Documents regarding Black Silver's experts or experts who may testify at trial, witness statements, and documents obtained through a third-party subpoena are central to the case and must be produced in order to avoid prejudice and surprise at trial. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 53 and 54:**

These requests demand documents that Black Silver intends to use at trial and that Black Silver used in responding to Plaintiff's Interrogatories. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents that Black Silver intends to use at trial and that Black Silver used in responding to Plaintiff's Interrogatories are not overly broad. Documents that Black Silver intends to use at trial and that Black Silver used in responding to Plaintiff's Interrogatories are central to the case and must be produced in order to avoid prejudice and surprise at trial. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 55-61:**

These requests demand documents regarding Plaintiff's and Black Silver's use of the marks in issue this action, the creation and meaning of the marks, and Plaintiff and the goods or services he offers. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Plaintiff's and Black Silver's use of the marks in issue, the creation and meaning of the marks, and Plaintiff and the goods or services he offers are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Plaintiff's and Black Silver's use of the marks in issue, the creation and meaning of the marks, and Plaintiff and the goods or services he offers are central to these claims and to damages. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 64 and 65:**

These requests demand documents regarding traffic and visits on Black Silver's websites and websites where the marks in issue are featured. Black Silver stated that no documents responsive to these requests exist.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding traffic and visits on Black Silver's websites and websites where the marks in issue are featured are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding traffic and visits on Black Silver's websites and websites where the marks in issue are featured are central to these claims and to damages. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 71-75:**

These requests demand documents regarding Black Silver's use, advertising, consumer recognition, and enforcement of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie." Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's use, advertising, consumer recognition, and enforcement of the trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie" are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's use, advertising, consumer recognition, and enforcement of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie" are central to these claims and to damages. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**BLACK SILVER'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Black Silver's Responses to Interrogatories are inadequate, incomplete and evasive, and therefore, constitute "a failure to disclose, answer or respond" to the discovery. Fed. R. Civ. P. 37(a)(3). Black Silver purports to make an improper Prefatory Statement and improper general objections to each and every interrogatory. The objections are without merit and too general, and they must be withdrawn. *See M2 Software, Inc*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful, or enforceable objections to any

particular discovery request); *see also Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). In addition, to the extent that Black Silver agreed to produce documents and electronically stored information instead of responding to an interrogatory, Black Silver has failed to produce any information or a single document. *See* responses to Interrogatories Nos. 6 and 7. We refer you to Fed. R. Civ. P. 33 and demand complete responses. Fed. R. Civ. P. 33(b)(3) and (4) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath . . . . The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

**Prefatory Statement – General Objections**

**General Objection No. 1:**

Black Silver's Prefatory Statement states that "[e]ach response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require exclusion of any statement herein if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court." (Responses to Interrogatories at 1, lines 24-28.) To the extent that the Prefatory Statement is intended to serve in any way as an objection and/or reservation or rights, it is without merit and too general. If Black Silver has any objections, such objections must be presented at this time so that Plaintiff has the opportunity to know what objections Black Silver is asserting and to address any objection that is without merit in a motion to compel. We refer you to Fed. R. Civ. P. 37(a)(3), and demand complete disclosure and the withdrawal of the Prefatory Statement. *See M2 Software, Inc.*, 217 F.R.D. at 501; *see also Walker*, 186 F.R.D. at 587.

**General Objection No. 2:**

Black Silver objects that "any request deemed as continuing is objected to as oppressive, burdensome, and improper, and will not be regarded as continuing in nature but will, instead, be taken as though complete in and of itself." (Responses to Interrogatories at 1, line 28-page 2, line 2.) This is an improper general objection because it leaves open the question of which requests Black Silver is objecting to on the stated grounds.

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete, and evasive. We refer you to Fed. R. Civ. P. 26 and 37(a)(3). In addition, "As an initial matter, general or boilerplate objections such as „overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc.*, 234 F.R.D. at 188; *see also Nagele*, 193 F.R.D. at 109 (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *M2 Software, Inc.*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request); *Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). For these reasons, we demand withdrawal of this general objection, and we demand production of the requested information and documents.

**<u>General Objection No. 3</u>:**

Black Silver objects in several paragraphs in the Prefatory Statement on the grounds of an "attorney-client or attorney work product privilege." (Responses to Interrogatories at 2, lines 19-25; *see also* lines 5-7.) Black Silver states that "to the extent that any or all of the discovery requests call for information which constitutes information prepared in anticipation of litigation or for trial, or for information or material covered by the work product doctrine, or which constitutes information or material which is privileged by virtue of the attorney/client privilege, . . . this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." Black Silver failed to provide any privilege log indicating what, if any, information or documents were being withheld on the grounds of any such privilege or protection.

Pursuant to Instruction "C" to the Interrogatories, if Black Silver does not answer an interrogatory in whole or in part because of a claim of privilege, it must set forth the privilege claimed; identify the facts upon which it claims the privilege; and identify the documents and/or communications for which it claims the privilege. This instruction complies with Fed. R. Civ. P. 26(c). *See e.g., Burlington*, 408 F.3d at 1147 ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection" (*quoting* Fed. R. Civ. P. 26(b)(5)). We are entitled to a privilege log, and failure to immediately comply with our request will constitute a waiver of all privileges. *See id.* at 1149 (writ of mandamus denied by ninth circuit after district court found waiver of all privileges based upon Burlington filing privilege log five months after the 30-day time period allowed for response to discovery).

**<u>General Objection No. 4</u>:**

Black Silver objects generally based upon "any privilege pertaining to confidential relationship, trade secrets or business secrets" (Responses to Interrogatories at 2, lines 19-25) and states that "to the extent that any or all of the discovery requests call for … any privilege pertaining to confidential relationship, trade secrets or business secrets, this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." (Responses to Interrogatories at 2, lines 19-25)

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete and evasive. There is "no absolute privilege" for trade secrets and similar confidential information. *Paulsen*, 168 F.R.D. at 289. If Black Silver believes that disclosure of certain information might be confidential or trade secret, it must produce such information pursuant to the Protective Order. Therefore, we demand withdrawal of this general objection, and we demand production of the requested information and documents.

**Specific Objections and Responses to Interrogatories**

Each of Black Silver's specific responses incorporates the general objections discussed above, including objections on the grounds of attorney-client privilege, attorney work product doctrine, and trade secret. We address Black Silver's general objections in the previous general objection section, and we hereby incorporate those arguments with respect to all of Black Silver's Responses to Interrogatories.

**Interrogatories Nos. 1, 2, and 5:**

These interrogatories request specific information regarding Black Silver's use of the marks in issue, the dates on which the marks were used, all persons with knowledge of Black Silver's use of the marks, and the people who advertise and market the products sold using the marks. Black Silver asserted specific objections to two of these requests. In response to Interrogatories Nos. 1 and 5, Black Silver objected that "this interrogatory is unduly burdensome."

Black Silver's responses are inadequate, incomplete, and evasive. Interrogatories regarding Black Silver's use of the marks in issue in this action, the dates on which the marks were used, and all persons with knowledge of Black Silver's use of the marks are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding Black Silver's use of the marks in issue, the dates on which the marks were used, persons with knowledge of Black Silver's use of the marks, and the people who advertise and market the products sold using the marks are central to these claims and to damages. In addition, Black Silver's specific objections are improper. Black Silver is not entitled to withhold information in response to Interrogatories Nos. 1 and 5, because Black Silver has failed to provide a meaningful explanation of the basis for its "unduly burdensome" objection. *See St. Paul Reinsurance Co.*, 198 F.R.D. at 512 (objections must explain how the interrogatory is overbroad or unduly burdensome); *Del Campo*, 2008 WL 3154754 at *2 ("[A] mere statement that production would be burdensome is not enough to avoid discovery obligations"). Objections of "unduly burdensome" have to "particularize" the basis for the objection. *See Nagele*, 193 F.R.D. at 109 (WD NY 2000); *see also Mancia*, 253 F.R.D. at 365 (boilerplate objections waived any legitimate objections the responding party may have had). For these reasons, we demand withdrawal of this specific boilerplate objection in response to Interrogatories Nos. 1 and 5, and we demand disclosure of the requested information. Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 3, 4, and 14:**

These interrogatories request specific information regarding Black Silver's contention that its marketing channels are similar to those of Plaintiff, the type of people who purchase the

products sold under the marks in issue in this action, and persons with knowledge of facts relating to Black Silver's counterclaims.

Black Silver's response is inadequate, incomplete, and evasive. Interrogatories regarding Black Silver's contention that its marketing channels are similar to those of Plaintiff, the type of people who purchase the products sold under the marks in issue in this action, and persons with knowledge of facts relating to Black Silver's counterclaims are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding Black Silver's contention that its marketing channels are similar to those of Plaintiff, the type of people who purchase the products sold under the marks in issue in this action, and persons with knowledge of facts relating to Black Silver's counterclaims are central to these claims and to damages. Requiring the answers to these interrogatories is consistent with Rule 11, which requires that a party must have some factual basis for the allegations in its claims. *Cable & Computer Tech.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997); *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999). Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 6 and 7:**

These interrogatories request specific information regarding Black Silver's gross and net revenue for each product sold, and amount spent on advertising and marketing using the marks in issue. In response to this interrogatory, Black Silver objected that "this interrogatory is unduly burdensome," "seeks information protected by financial privacy" and "requires expert testimony." Black Silver responded to Interrogatories Nos. 6 and 7 that it would "provide tax returns for each of the involved years," "over 300 boxes of sales receipts, IOMEGA back up discs and over 100 diskettes" allegedly containing the information required to respond to these interrogatories

Black Silver's response is inadequate, incomplete, and evasive. Interrogatories regarding Black Silver's gross and net revenue for each product sold, and amount spent on advertising and marketing using the marks in issue are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding Black Silver's gross and net revenue for each product sold, and amount spent on advertising and marketing using the marks in issue is central to these claims and to damages. Black Silver's production of over 300 boxes of documents, over 100 diskettes, and other documents in response to RFP Nos. 6 and 7 is inadequate, incomplete, and evasive, and therefore, constitutes "a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3). Black Silver must completely answer the interrogatories, and may not avoid answering by imposing a mass of business records from which answers cannot be ascertained by a person unfamiliar with them. Black Silver must provide full and complete responses or identify where in

a specific document the answers are located. *See Pulsecard*, 168 F.R.D. at 305 ("[Defendants] must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents"). Moreover, Black Silver is not entitled to withhold information based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165 F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such information pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of this specific boilerplate objection in response to Interrogatories Nos. 6 and 7, and we demand disclosure of the requested information. Furthermore, to the extent that Black Silver has agreed to produce documents and electronically stored information in response to Interrogatories Nos. 6 and 7, Black Silver is required to produce all responsive documents and electronically stored information as they are kept in the usual course of business, and, in addition, Black Silver must organize, label or index the produced documents so that the document numbers correspond with the specific requests. Fed. R. Civ. P. 34(b)(2)(E); *Koninklijke Philips Electronics*, 2007 WL 879683 at *3. Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 8, 10, and 12:**

These interrogatories request specific information regarding persons who have registered, applied to register, are using, or have used any mark similar to any of the marks in issue in this action, persons who have been granted a license or other authority to use any of the marks in issue, and all efforts made by Black Silver to enforce its alleged rights in and to the marks.

Black Silver's responses are inadequate, incomplete, and evasive. Interrogatories regarding persons who have registered, applied to register, are using, or have used any mark similar to any of the marks in issue in this action, persons who have been granted a license or other authority to use any of the marks in issue, and all efforts made by Black Silver to enforce its alleged rights in and to the marks are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding persons who have registered, applied to register, are using, or have used any mark similar to any of the marks in issue in this action, persons who have been granted a license or other authority to use any of the marks in issue, and all efforts made by Black Silver to enforce its alleged rights in and to the marks is central to these claims and to damages. For the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 9, 11, and 13:**

These interrogatories request specific information regarding instances of actual confusion between Plaintiff's and Black Silver's marks, studies or surveys that have been made regarding the marks in issue in this action, and harm Black Silver has allegedly suffered as a result of Plaintiff's use of the marks in issue. In response to Interrogatory No. 13, Black Silver objected that the interrogatory "seeks information from an expert."

Black Silver's responses are inadequate, incomplete, and evasive. Interrogatories regarding instances of actual confusion between Plaintiff's and Black Silver's marks, studies or surveys that have been made regarding the marks in issue in this action, and harm Black Silver has allegedly suffered as a result of Plaintiff's use of the marks in issue are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding instances of actual confusion between Plaintiff's and Black Silver's marks, studies or surveys that have been made regarding the marks in issue in this action, and harm Black Silver has allegedly suffered as a result of Plaintiff's use of the marks in issue is central to these claims and to damages. For these reasons, we demand withdrawal of the specific boilerplate objection in response to Interrogatory No. 13, and we demand disclosure of the requested information. Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**CONCLUSION**

This letter is not a complete statement of Plaintiff's position, and it is written without waiver or prejudice to any of Plaintiff's rights and remedies, all of which are reserved. In addition, this letter is not intended to be a complete statement of all the issues we have with respect to your discovery responses. However, it should be sufficient to place you on notice for our meet and confer. We request that the meet and confer take place in the afternoon on December 2, 2010 or anytime on December 3, 2010, but in no event later than ten days from the date of this letter.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

***Jan Jensen***

JAN JENSEN

JJ:ct

# Exhibit “D”



LAW OFFICES
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
charder@wrslawyers.com

File No.
17201-401

December 10, 2010

**VIA EMAIL and U.S. MAIL**

Richard Wirtz, Esq.
Wirtz Hellenkamp, LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**VIA EMAIL and U.S. MAIL**

Thomas Foster, Esq.
TD Foster
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**Re: *Rorion Gracie v. Black Silver Enterprises, Inc. et al.***
**USDC-CDCA Case No. CV 09-8273-GW(JEMx)**

Dear Mr. Wirtz and Mr. Foster:

This letter follows our L.R. 37-1 meet and confer teleconference of yeasterday, December 9, 2010 at approximately 4:30 p.m., regarding the responses served by Black Silver Enterprises, Inc. ("BlackSilver") on or about October 15, 2010 to the First Set of Requests for Production of Documents ("Requests" or "Document Requests") and First Set of Interrogatories ("Interrogatories") (collectively, the "Discovery") propounded by Rorion Gracie ("Gracie"). The following summarizes our discussions and the agreements reached during the teleconference.

**GENERAL ISSUES**

Date of Further Responses and Document Production: We agreed that BlackSilver will produce its responsive documents, and further responses to Discovery, discussed herein, by no later than Friday, December 17, 2010 (herein, the "Production Date").

Location for Document Production: We agreed that BlackSilver will produce the documents discussed herein to my office, to obviate the need for my office to send a person to San Diego to inspect or pick up the documents.

Scope of Responses re: Document Production: We agreed that each time BlackSilver states in its written responses to the Document Requests that it will "produce documents," BlackSilver is agreeing to produce ***all*** documents in its possession, custody or control, except as may otherwise be expressly stated within a particular response. Moreover, you confirmed that BlackSilver is not withholding any documents based on an objection, and that objections were set forth in the responses to preserve BlackSilver's rights. Regarding privileged documents, you

informed me that no specific documents are being withheld on the basis of privilege, and therefore BlackSilver has no documents to identify on a privilege log.

**DOCUMENT REQUESTS**

For ease of reference, the following items are being organized according to the numbered items in my email to you of December 9, 2010 at 1:51 p.m., which is also the order in which were discussed the issues during our telephonic conference of 4:30 p.m. that afternoon.

1. Documents sufficient to show the annual net and gross revenues and net and gross profits from sales of products using the mark GRACIE (and all iterations of that mark, such as "Gracie Collection"), and all tax returns of BlackSilver from 1991 to present. (Document Requests 34 and 35; Interrogatory Responses 6 and 7). Agreement: BlackSilver will produce to my office by the Production Date its top-level financial documents showing annual net and gross revenues and net and gross profits from 1991 through the present, including but not limited to, its tax returns from 1991 to present, its annual profit and loss ("P&L") reports from 1991 to present, and backup to the top-level financial documents including Quickbooks reports and general ledgers. Gracie reserves the right to seek further detail, should it become necessary.

2. All documents supporting BlackSilver's damages claims, including claims of unjust enrichment. (Document Requests 10 and 11). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date, if any exist. If the documents do not presently exist, then you will expressly so state.

3. All documents regarding Rorion Gracie; his use of the mark GRACIE (and all iterations thereof); and BlackSilver's discovery of that use. (Document Requests 3, 55 and 60). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

4. Documents showing BlackSilver's total annual expenditures for advertising, marketing and promotion using the mark GRACIE (and all iterations thereof) each year from 1991 to present. (Document Request 33). Agreement: BlackSilver will produce to my office by the Production Date documents sufficient to show this information, most likely as line items within BlackSilver's annual P&L reports or tax returns under Schedule C.

5. Copies of BlackSilver's advertising, marketing and promotion (including print ads, internet ads, websites, video ads, TV ads, radio ads, etc.) using the mark GRACIE (and all iterations of that mark), each year from 1991 to present. (Document Requests 13, 15-19). Agreement: BlackSilver will produce a substantial number of examples BlackSilver's advertising, marketing and promotion to my office by the Production Date, and that "all" such materials are available for inspection within the approximately 300 boxes in BlackSilver's storage facility.

6. BlackSilver's marketing and sales plans. (Document Request 31) BlackSilver represents that it does not have any responsive documents, and will amend its response to this Request to so state.

7. Documents that constitute or relate to all communications between BlackSilver and Rorion Gracie (Document Request 4), and communications with third parties re the mark GRACIE (and all iterations thereof) (Document Request 9). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

8. BlackSilver's cease and desist letters re the mark GRACIE (and all iterations of that mark). (Document Request 28; Interrogatory Response 12) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

9. BlackSilver's lawsuits re the mark GRACIE (and all iterations of that mark). (Document Requests 7 and 28) BlackSilver represents that it has not filed any lawsuits regarding the mark, other than the counterclaims in the instant action, and the preceding TTAB action.

10. The use by third parties of the mark GRACIE (and all iterations of that mark). (Document Requests 13 and 14) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

11. Documents showing BlackSilver's first use of the mark GRACIE (and all iterations thereof). (Document Requests 21, 56, 57, 58). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

12. Documents showing the geographic scope of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 22). Agreement: BlackSilver will produce documents sufficient to show the geographic scope of BlackSilver's use of the mark to my office by the Production Date.

13. Documents showing the channels of trade of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 32) Agreement: BlackSilver will produce documents sufficient to show its channels of trade (including all retail outlets that sold BlackSilver's products using the mark GRACIE (and all iterations thereof), and all methods of sale such as telephonic orders, internet orders, etc., to my office by the Production Date.

14. Documents reflecting all media coverage, third party reviews, and customer reviews of BlackSilver. (Document Requests 27, 37 and 38). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

15. BlackSilver's charts showing names of past and current employees. (Document Request 68) Agreement: BlackSilver will produce documents sufficient to show its present and past employees to my office by the Production Date.

16. Dates and locations of BlackSilver's retail stores, past and present. (Document Request 70) Agreement: BlackSilver will produce documents sufficient to show the requested information to my office by the Production Date.

17. The identity the internet domain names that BlackSilver has owned in the past, and also currently owns. (Document Request 66) Agreement: BlackSilver will produce documents sufficient to identify the requested information to my office by the Production Date.

18. Documents that BlackSilver intends to use at trial. (Document Request 53) Agreement: BlackSilver will produce all of the documents that it presently intends to use at trial to my office by the Production Date.

19. Documents that BlackSilver used to respond to the Interrogatories (Document Request 54) and all other documents (not otherwise identified above) responsive to the Document Requests that BlackSilver agreed to produce in its written responses. Agreement: BlackSilver will produce all such documents to my office by the Production Date.

**INTERROGATORIES**

Gracie reserves his rights to seek full and complete responses to Interrogatory Nos. 6 and 7, if the documents produced do to readily identify the requested information. BlackSilver will provide a supplemental response to Interrogatory No. 13, to provide the information requested. I informed you that there is no basis to withhold this information based on any of the stated objections. I also requested that BlackSilver provide a Verification that complies with federal law, namely, one that identifies Mr. Mahvi's title, signing on behalf of BlackSilver, and signed under penalty of perjury "under the laws of the United States of America."

If any of the foregoing does not comport with your understanding of our discussion and agreement, please let me know in writing *immediately*. Based on BlackSilver's agreements, memorialized above, Gracie will not be proceeding next week with a motion to compel. The foregoing is without prejudice to any further action that we may wish to take in the future. Nothing contained herein or omitted herefrom is intended as a waiver or admission as to any issue, or any rights or remedies, all of which are reserved.

Very truly yours,

CHARLES J. HARDER

cc: Jan Jensen, Esq.
Michelle Goodman, Esq.

I:\17201\401\Letters\CH- Wirtz, Foster 121010 re m&c agrmt.doc

# Exhibit “E”

**From:** Charles Harder
**Sent:** Monday, December 20, 2010 9:10 AM
**To:** rwirtz@wirtzlaw.com; 'Tom Foster'
**Cc:** Jan Jensen; Michelle Goodman; Raquel Rubio
**Subject:** Gracie - BlackSilver

**Attachments:** 20101210181554270.pdf



20101210181554270.pdf

Richard and Tom:

On Dec. 9, you assured us that by December 17 we would receive BlackSilver's supplemental responses to discovery and document production. (Attached is a copy of my letter of Dec. 10, confirming the agreement.) We did not receive anything on Friday. Please confirm that all supplemental responses and documents will be provided to us by messenger today. We need these documents for the mediation on Wednesday of this week.

Sincerely,

Charles Harder

-----Original Message-----
From: Charles Harder
Sent: Friday, December 10, 2010 6:18 PM
To: rwirtz@wirtzlaw.com; 'Tom Foster'
Cc: Jan Jensen; Michelle Goodman; Raquel Rubio
Subject: Gracie - BlackSilver

Please see the attached letter.

---

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP 11400 W. Olympic Blvd., Ninth Floor Los Angeles, California 90064
(310) 478-4100 x255
(310) 479-1422 (fax)
E-Mail: CHarder@WRSlawyers.com
Web: www.WRSlawyers.com
Bio: http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.




LAW OFFICES
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
charder@wrslawyers.com

File No.
17201-401

December 10, 2010

**VIA EMAIL and U.S. MAIL**

Richard Wirtz, Esq.
Wirtz Hellenkamp, LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**VIA EMAIL and U.S. MAIL**

Thomas Foster, Esq.
TD Foster
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**Re: *Rorion Gracie v. Black Silver Enterprises, Inc. et al.***
**USDC-CDCA Case No. CV 09-8273-GW(JEMx)**

Dear Mr. Wirtz and Mr. Foster:

This letter follows our L.R. 37-1 meet and confer teleconference of yeasterday, December 9, 2010 at approximately 4:30 p.m., regarding the responses served by Black Silver Enterprises, Inc. ("BlackSilver") on or about October 15, 2010 to the First Set of Requests for Production of Documents ("Requests" or "Document Requests") and First Set of Interrogatories ("Interrogatories") (collectively, the "Discovery") propounded by Rorion Gracie ("Gracie"). The following summarizes our discussions and the agreements reached during the teleconference.

**GENERAL ISSUES**

Date of Further Responses and Document Production: We agreed that BlackSilver will produce its responsive documents, and further responses to Discovery, discussed herein, by no later than Friday, December 17, 2010 (herein, the "Production Date").

Location for Document Production: We agreed that BlackSilver will produce the documents discussed herein to my office, to obviate the need for my office to send a person to San Diego to inspect or pick up the documents.

Scope of Responses re: Document Production: We agreed that each time BlackSilver states in its written responses to the Document Requests that it will "produce documents," BlackSilver is agreeing to produce ***all*** documents in its possession, custody or control, except as may otherwise be expressly stated within a particular response. Moreover, you confirmed that BlackSilver is not withholding any documents based on an objection, and that objections were set forth in the responses to preserve BlackSilver's rights. Regarding privileged documents, you

informed me that no specific documents are being withheld on the basis of privilege, and therefore BlackSilver has no documents to identify on a privilege log.

**DOCUMENT REQUESTS**

For ease of reference, the following items are being organized according to the numbered items in my email to you of December 9, 2010 at 1:51 p.m., which is also the order in which were discussed the issues during our telephonic conference of 4:30 p.m. that afternoon.

1. Documents sufficient to show the annual net and gross revenues and net and gross profits from sales of products using the mark GRACIE (and all iterations of that mark, such as "Gracie Collection"), and all tax returns of BlackSilver from 1991 to present. (Document Requests 34 and 35; Interrogatory Responses 6 and 7). Agreement: BlackSilver will produce to my office by the Production Date its top-level financial documents showing annual net and gross revenues and net and gross profits from 1991 through the present, including but not limited to, its tax returns from 1991 to present, its annual profit and loss ("P&L") reports from 1991 to present, and backup to the top-level financial documents including Quickbooks reports and general ledgers. Gracie reserves the right to seek further detail, should it become necessary.

2. All documents supporting BlackSilver's damages claims, including claims of unjust enrichment. (Document Requests 10 and 11). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date, if any exist. If the documents do not presently exist, then you will expressly so state.

3. All documents regarding Rorion Gracie; his use of the mark GRACIE (and all iterations thereof); and BlackSilver's discovery of that use. (Document Requests 3, 55 and 60). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

4. Documents showing BlackSilver's total annual expenditures for advertising, marketing and promotion using the mark GRACIE (and all iterations thereof) each year from 1991 to present. (Document Request 33). Agreement: BlackSilver will produce to my office by the Production Date documents sufficient to show this information, most likely as line items within BlackSilver's annual P&L reports or tax returns under Schedule C.

5. Copies of BlackSilver's advertising, marketing and promotion (including print ads, internet ads, websites, video ads, TV ads, radio ads, etc.) using the mark GRACIE (and all iterations of that mark), each year from 1991 to present. (Document Requests 13, 15-19). Agreement: BlackSilver will produce a substantial number of examples BlackSilver's advertising, marketing and promotion to my office by the Production Date, and that "all" such materials are available for inspection within the approximately 300 boxes in BlackSilver's storage facility.

6. BlackSilver's marketing and sales plans. (Document Request 31) BlackSilver represents that it does not have any responsive documents, and will amend its response to this Request to so state.

7. Documents that constitute or relate to all communications between BlackSilver and Rorion Gracie (Document Request 4), and communications with third parties re the mark GRACIE (and all iterations thereof) (Document Request 9). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

8. BlackSilver's cease and desist letters re the mark GRACIE (and all iterations of that mark). (Document Request 28; Interrogatory Response 12) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

9. BlackSilver's lawsuits re the mark GRACIE (and all iterations of that mark). (Document Requests 7 and 28) BlackSilver represents that it has not filed any lawsuits regarding the mark, other than the counterclaims in the instant action, and the preceding TTAB action.

10. The use by third parties of the mark GRACIE (and all iterations of that mark). (Document Requests 13 and 14) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

11. Documents showing BlackSilver's first use of the mark GRACIE (and all iterations thereof). (Document Requests 21, 56, 57, 58). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

12. Documents showing the geographic scope of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 22). Agreement: BlackSilver will produce documents sufficient to show the geographic scope of BlackSilver's use of the mark to my office by the Production Date.

13. Documents showing the channels of trade of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 32) Agreement: BlackSilver will produce documents sufficient to show its channels of trade (including all retail outlets that sold BlackSilver's products using the mark GRACIE (and all iterations thereof), and all methods of sale such as telephonic orders, internet orders, etc., to my office by the Production Date.

14. Documents reflecting all media coverage, third party reviews, and customer reviews of BlackSilver. (Document Requests 27, 37 and 38). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

15. BlackSilver's charts showing names of past and current employees. (Document Request 68) Agreement: BlackSilver will produce documents sufficient to show its present and past employees to my office by the Production Date.

16. Dates and locations of BlackSilver's retail stores, past and present. (Document Request 70) Agreement: BlackSilver will produce documents sufficient to show the requested information to my office by the Production Date.

17. The identity the internet domain names that BlackSilver has owned in the past, and also currently owns. (Document Request 66) Agreement: BlackSilver will produce documents sufficient to identify the requested information to my office by the Production Date.

18. Documents that BlackSilver intends to use at trial. (Document Request 53) Agreement: BlackSilver will produce all of the documents that it presently intends to use at trial to my office by the Production Date.

19. Documents that BlackSilver used to respond to the Interrogatories (Document Request 54) and all other documents (not otherwise identified above) responsive to the Document Requests that BlackSilver agreed to produce in its written responses. Agreement: BlackSilver will produce all such documents to my office by the Production Date.

**INTERROGATORIES**

Gracie reserves his rights to seek full and complete responses to Interrogatory Nos. 6 and 7, if the documents produced do to readily identify the requested information. BlackSilver will provide a supplemental response to Interrogatory No. 13, to provide the information requested. I informed you that there is no basis to withhold this information based on any of the stated objections. I also requested that BlackSilver provide a Verification that complies with federal law, namely, one that identifies Mr. Mahvi's title, signing on behalf of BlackSilver, and signed under penalty of perjury "under the laws of the United States of America."

If any of the foregoing does not comport with your understanding of our discussion and agreement, please let me know in writing *immediately*. Based on BlackSilver's agreements, memorialized above, Gracie will not be proceeding next week with a motion to compel. The foregoing is without prejudice to any further action that we may wish to take in the future. Nothing contained herein or omitted herefrom is intended as a waiver or admission as to any issue, or any rights or remedies, all of which are reserved.

Very truly yours,

CHARLES J. HARDER

cc: Jan Jensen, Esq.
Michelle Goodman, Esq.

I:\17201\401\Letters\CH- Wirtz, Foster 121010 re m&c agrmt.doc

Exhibit "F"

**From:** Charles Harder
**Sent:** Monday, December 20, 2010 9:17 AM
**To:** Jan Jensen; Michelle Goodman
**Cc:** Raquel Rubio
**Subject:** FW: Gracie - BlackSilver

See below.

-----Original Message-----
From: Richard M. Wirtz [mailto:rwirtz@wirtzlaw.com]
Sent: Monday, December 20, 2010 9:20 AM
To: Charles Harder
Cc: 'Tom Foster'
Subject: RE: Gracie - BlackSilver

I am behind on gathering and reviewing it. I will be sending you as much as possible today.

Best Regards,

Richard M. Wirtz
rwirtz@wirtzlaw.com

Richard M. Wirtz
WIRTZ HELLENKAMP LLP
www.wirtzlaw.com
Trial Attorneys - Business, Employment & Real Estate
San Diego Office
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
858.259.5009 voice
858.259.6008 fax
Los Angeles Office
2121 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
310.556.2121 voice
310.556.2122 fax

The information transmitted in this e-mail, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential, proprietary, or privileged material. Any review, re-transmission, dissemination or other use of, or taking of any action in reliance upon the information contained in this e-mail other than by the intended recipient is prohibited. If you receive this message in error, please contact the sender and delete the e-mail and any attachment immediately from any computer or other electronic e-mail device.

-----Original Message-----
From: Charles Harder [mailto:charder@wrslawyers.com]
Sent: Monday, December 20, 2010 9:10 AM
To: rwirtz@wirtzlaw.com; Tom Foster
Cc: Jan Jensen; Michelle Goodman; Raquel Rubio
Subject: Gracie - BlackSilver

Richard and Tom:

On Dec. 9, you assured us that by December 17 we would receive BlackSilver's supplemental responses to discovery and document production. (Attached is a copy of my letter of Dec. 10, confirming the agreement.) We did not receive anything on Friday. Please confirm that all supplemental responses and documents will be provided to us by messenger today. We need these documents for the mediation on Wednesday of this week.

Sincerely,

Charles Harder

-----Original Message-----
From: Charles Harder
Sent: Friday, December 10, 2010 6:18 PM
To: rwirtz@wirtzlaw.com; 'Tom Foster'
Cc: Jan Jensen; Michelle Goodman; Raquel Rubio
Subject: Gracie - BlackSilver

Please see the attached letter.

---

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP 11400 W. Olympic Blvd., Ninth Floor Los Angeles, California 90064
(310) 478-4100 x255
(310) 479-1422 (fax)
E-Mail: CHarder@WRSlawyers.com
Web: www.WRSlawyers.com
Bio: http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit "G"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-8273-GW(JEMx) | Date | September 2, 2010 |
| Title | *Rorion Gracie v. Black Silver Enterprises, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Charles J. Harder | Richard M. Wirtz |

**PROCEEDINGS: SCHEDULING CONFERENCE**

The Court sets the following:

| | |
|---|---|
| Mediation cutoff | December 5, 2010 |
| Post-Mediation Status Conference | **December 6, 2010 at 8:30 a.m.** |
| Discovery cutoff | January 31, 2011 |
| Expert discovery cutoff | February 17, 2011 |
| Motion hearing cutoff | March 14, 2011 |
| Pretrial Conference | **April 14, 2011 at 8:30 a.m.** |
| Jury Trial | **April 26, 2011 at 9:00 a.m.** |

: 02

Initials of Preparer JG

# Exhibit "H"

**Attachments:** Joint Stipulation re Motion to Compel BSE Responses to RFPs [2].doc; CH Decl re Motion to Compel BSE Responses to RFPs [2].pdf; Ex A - Requests for Production to Black Silver.pdf; Ex B - BSE Response to Requests.pdf; Ex C - Jensen Meet and Confer Ltr 113010.pdf; Ex D - CH-Wirtz, Foster 121010 Ltr re m&c agrmt.pdf; Gracie - BlackSilver; FW: Gracie - BlackSilver; Ex G - Court's Minute Order.pdf

---

**From:** Michelle Goodman
**Sent:** Sunday, December 26, 2010 4:19 PM
**To:** rwirtz@wirtzlaw.com; Foster@TDFoster.com
**Cc:** Charles Harder; Jan Jensen; Raquel Rubio
**Subject:** Gracie v. Black Silver: Joint Stipulation Re: Gracie's Motion to Compel Re: Requests for Production
**Importance:** High

Dear Mr. Wirtz and Mr. Foster:

Due to Black Silver's failure to produce documents and supplemental responses to Rorion Gracie's First Set of Requests for Production, we are filing a Motion to Compel. In this regard, attached hereto is the Joint Stipulation re Gracie's Motion to Compel Black Silver to Produce Documents and Further Responses to First Set of Requests for Production, Charles Harder's Declaration in support of the Motion to Compel, and all supporting exhibits.

Pursuant to Central District Local Rule 37-2.2, please fill in Black Silver's portion of the Joint Stipulation and return the completed document, along with any supporting declarations and exhibits, by no later than 5:00 p.m. on Monday, **January 3, 2011**.

Please contact me if you have any questions or comments regarding this matter.

Very truly yours,
Michelle E. Goodman, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd., 9th Floor
Los Angeles, California 90064
PH: 310-478-4100 Ext. 247
FAX: 310-479-1422
E-Mail: mgoodman@wrslawyers.com

**PRIVILEGE AND CONFIDENTIALITY STATEMENT**
This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to mgoodman@wrslawyers.com, and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or

recommending to another party any transaction or matter addressed herein.

# Exhibit "A"

WOLF RIFKIN SHAPIRO SCHULMAN & RABKIN LLP
CHARLES J. HARDER, Cal. Bar No. 184593
charder@wrslawyers.com
RAAQIM A.S. KNIGHT, Cal. Bar No. 217630
rknight@wrslawyers.com
11400 West Olympic Blvd 9th Floor
Los Angeles, California 90064
Telephone (310) 478-4100;
Facsimile (310) 479-1422

*Attorneys for Plaintiff and Counter-Defendant*
RORION GRACIE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORION GRACIE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BLACK SILVER ENTERPRISES, INC., a California corporation; UN MI LEE, an individual, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. CV 09-8273 CW<br><br>**RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BLACK SILVER ENTERPRISES, INC.** |

PROPOUNDING PARTY: Plaintiff RORION GRACIE

RESPONDING PARTY: Defendant BLACK SILVER ENTERPRISES, INC.

SET NO.: One



5-8-10

**TO DEFENDANT AND COUNTER-CLAIMANT BLACK SILVER ENTERPRISES, INC. AND ITS ATTORNEYS OF RECORD:**

The following are requests for documents and tangible things propounded by plaintiff and counter-defendant, Rorion Gracie ("GRACIE"), by and through his attorneys in the above-captioned action pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. These requests are to be answered within thirty (30) days by defendant and counterclaimant, Black Silver Enterprises, Inc. ("BLACK SILVER"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

### I. DEFINITIONS

A. "PERSON" or "PERSONS" means, without limitation, any individual, natural person, corporation, professional corporation, firm, partnership, proprietorship, association, joint venture, government (or any agencies thereof), quasi-public entity, business trust, estate, business or other entity, and any officer, director, employee, partner, corporate partner, subsidiary, affiliate, agent, REPRESENTATIVE, attorney, or principle thereof.

B. "REPRESENTATIVE" means any present or former director, officer, partner, agent, counsel, accountant, employee, independent contractor, or other PERSON acting on behalf of a corporation, professional corporation, firm, partnership, proprietorship, association, business, entity, or another PERSON otherwise acting, or purporting to act, on behalf of BLACK SILVER.

C. The terms "YOU," "YOUR," and "BLACK SILVER" mean and include Black Silver Enterprises, Inc., and include its present and former: agents, officers, affiliates, subsidiaries, parents, joint ventures, owners, divisions, directors, partners, consultants, partnerships, servants, employees, REPRESENTATIVES, private investigators, attorneys, and any others under the

control of, representing, and/or all PERSONs otherwise acting, or purporting to act, on its behalf.

D. The term "LEE" means defendant Un Mi Lee, and where applicable her affiliates, partners, predecessors, successors, agents, assigns, employees, attorneys, accountants, consultants, and/or all other PERSONs acting, or purporting to act, on her behalf.

E. The terms "PLAINTIFF," and "GRACIE" mean Rorion Gracie, and where applicable his affiliates, partners, predecessors, successors, agents, assigns, employees, attorneys, accountants, consultants, and/or all other PERSONs acting, or purporting to act, on his behalf.

F. The words "DOCUMENT" and "DOCUMENTS" shall have the full extent of the meaning of these terms provided in the Federal Rules of Civil Procedure, and shall include all forms of written, printed, recorded, electronic, graphic and photographic matter, sound reproductions and computer data input or output, from which information may be obtained and shall specifically include, but is not limited to, all data compilations, tangible things, letters, correspondence, memoranda, notes, minutes, telegrams, cables, messages, e-mails, pamphlets, reports, forms, ledgers, journals, records, studies, charts, tables, graphs, diagrams, books, working papers, diaries, calendars, lists, receipts, contracts, invoices, purchase orders, papers, drawings, photographs, worksheets, tapes, logs, displays and recordings. This definition includes DOCUMENTS which are produced, reproduced, reduced, recorded, stored, taped and transcribed in any manner, and that are now, or subsequently come into or were formerly in YOUR possession, custody or subject to YOUR control. Every copy of an original DOCUMENT which varies from the original in any respect is included in this definition as a separate DOCUMENT, including drafts, alterations, modifications, changes and amendments. This definition includes electronic data. The term "DOCUMENT" shall also include the following: e-mail, voice mail, computer software programs,

electronically stored information, source codes for computer software programs, data stored on or available on any hard drive, tape, CD-ROM, floppy disks or other electronic media, electronic security files, web pages and any computer material that is required to understand any other data stored in or in relation to a computer.

G. As used herein, the terms "COMMUNICATION" or "COMMUNICATIONS" mean, without limitation, any oral, written, electronic or other means to transfer information, requests, ideas, concepts, opinions, thoughts, facts, inquiries or data by any means at any time or place, under any circumstances, and is not limited to transfers between PERSONS, but also includes other transfers, such as business records, memoranda to files and transmissions of electronically encoded data. A DOCUMENT or thing transferred shall be deemed to be a COMMUNICATION whether or not such DOCUMENT or thing was prepared or created by the transferor or addressed to the transferee.

H. The term "DATE" means the exact day, month, and year, if ascertainable; if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations, or matters.

I. "MEETING" means any assembly, convocation, encounter or coincidence of two or more PERSONS, whether or not planned, arranged, and/or scheduled in advance.

J. The words "STATEMENT" and "STATEMENTS" mean a written STATEMENT in the handwriting of the PERSON making it, or signed, or initialed, or otherwise in writing adopted or approved by the PERSON making it, or a stenographic, mechanical, electrical, or other recording or a transcript thereof, which is substantially verbatim recital of an oral STATEMENT by the PERSON making it and which is contemporaneously recorded.

K. The terms "RELATE TO," "REFER TO," "REFLECTING," "RELATING TO," "CONCERNING" or "REFERRING TO," mean connected

with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, supporting, proving, refuting, analyzing or constituting, either directly or indirectly.

L. Each request shall be read to be inclusive rather than exclusive. As used herein, "and" and "or" shall be construed as necessary to bring with in the scope of the request all responses or DOCUMENTS that otherwise may be construed to be outside of the scope.

M. The terms "U.S. PATENT OFFICE," "USPTO," and "PTO" shall mean the United States Patent and Trademark Office.

N. The term "COMPLAINT" refers to the Complaint filed by GRACIE on November 12, 2009, in connection with the above-captioned lawsuit.

O. The term "COUNTER-COMPLAINT" refers to the Answer and Counter-Claims filed by BLACK SILVER on June 23, 2010, in connection with the above-captioned lawsuit.

P. The term "MARKS IN ISSUE" includes one or more of any alleged trademark, trade name or trade dress asserted in the COMPLAINT or COUNTER-COMPLAINT, including without limitation the marks referenced in paragraphs 12-17, 20, 23-25, 28-30, 34-36, and 39 of the COMPLAINT, the alleged marks referenced in paragraphs 7-10, 12-20, 22-24, 28, 31, 32, 34, 39-44, 48-59, 62-64, 66-67, 69, 74, 76, 81, 82, 87, 88, and 92 of the COUNTER-COMPLAINT, and the phrases "GRACIE" and "GRACIE GEAR," as well as the marks set forth in USPTO Registration No. 2,076,885 for the mark "GRACIE GEAR" in Class 25 and USPTO Registration No. 2,997,282 for the mark GRACIE in Class 25.

## II. INSTRUCTIONS

A. A written response for each request set forth herein, pursuant to Rule 34(b), must be served within thirty (30) days of service.

B. In responding to these requests, YOU shall furnish all DOCUMENTS available at the time of answering and shall supplement the answers in accordance with the Federal Rules of Civil Procedure.

C. In following these instructions, the singular includes the plural, and vice versa. The masculine includes the feminine and neuter genders, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense.

D. The conjunctions "and" and "or" shall be deemed interchangeable and interpreted in a way so as to include the most expansive request for production of DOCUMENTS.

E. These requests are deemed to be continuing and supplemental responses and additional DOCUMENTS are to be provided up to the time of trial.

F. Where a claim of privilege is asserted in response to any paragraph or portion of a paragraph of this Request, and a DOCUMENT is not provided on the basis of such assertion, for each DOCUMENT not provided:

1. The party asserting the privilege shall, in an objection to the Paragraph, identify the nature of the privilege (including work product immunity) which is being claimed; and

2. The following information shall be provided in the objection: (1) the type of DOCUMENT (letter, memorandum, etc.); (2) the general subject matter of the DOCUMENT; (3) the DATE of the DOCUMENT; (4) the author of the DOCUMENT; (5) the addressee(s) of the DOCUMENT; and (6) all recipients of the DOCUMENT.

G. If a DOCUMENT was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reasons of any notation or modification of any kind whatsoever, including without limitation, notations on the front or back of any of

the pages thereof, then each such non identical copy is a separate DOCUMENT and shall be produced.

H. If any part of any DOCUMENT is responsive to this Request, the entire DOCUMENT should be produced.

I. When DOCUMENTS covered by this Request exist in draft form, all drafts shall be produced.

J. YOU are requested to produce all DOCUMENTS in a manner organized and labeled to correspond to the categories of this Request. To the extent that this Request requires YOU to produce any DOCUMENTS that are stored or maintained by YOU in electronic format (including but not limited to e-mails) YOU are requested to produce any such electronically stored information in native format and [tagged image (.tiff) format, or in other readable form.].

## DOCUMENT REQUESTS

**Request for Production No. 1.:**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing the COUNTER-COMPLAINT.

**Request for Production No. 2.:**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing BLACK SILVER's Answer to the COMPLAINT.

**Request for Production No. 3.:**

All DOCUMENTS that RELATE TO GRACIE, including his products and services, or any of the facts RELATING TO the claims (including the counterclaims) in this action.

**Request for Production No. 4.:**

All COMMUNICATIONS and DOCUMENTS REFERRING TO or RELATING TO COMMUNICATIONS between BLACK SILVER, and GRACIE, including between the parties' respective counsel.

**Request for Production No. 5.:**

All DOCUMENTS RELATING TO any search, investigation, survey or study CONCERNING the availability for use or registration of or ability to register any of the MARKS IN ISSUE, either alone or in combination with other terms or devices.

**Request for Production No. 6.:**

All DOCUMENTS RELATING TO any opinion or study CONCERNING whether the MARKS IN ISSUE are or were capable of being registered on the principal register of the USPTO.

**Request for Production No. 7.:**

All DOCUMENTS related to any lawsuit, opposition, cancellation proceeding or any other proceeding involving or RELATING TO the MARKS IN ISSUE.

**Request for Production No. 8.:**

All DOCUMENTS RELATING TO any actual confusion, mistake, deception or association or affiliation of any kind between BLACK SILVER or any of its goods or services and GRACIE or any of his goods or services.

**Request for Production No. 9.:**

All DOCUMENTS that constitute or RELATE TO any communications with third parties RELATING TO GRACIE or his goods or services.

**Request for Production No. 10.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation of damages as set forth in the CROSS-COMPLAINT and allegations of harm as set forth in the CROSS-COMPLAINT.

**Request for Production No. 11.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation that GRACIE has been unjustly enriched, as set forth in the CROSS-COMPLAINT.

**Request for Production No. 12.:**

All DOCUMENTS RELATING TO USPTO trademark application serial number 78/724,535.

**Request for Production No. 13.:**

All DOCUMENTS that constitute or RELATE TO any and all advertising, marketing or promotion using any of the MARKS IN ISSUE.

**Request for Production No. 14.:**

All DOCUMENTS RELATING TO any trademark or service mark known or believed by BLACK SILVER to be identical or similar in any matter to any of the MARKS IN ISSUE.

**Request for Production No. 15.:**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR internet advertising promoting BLACK SILVER or its products.

**Request for Production No. 16.:**

All copies of all versions of all web sites and web pages owned, controlled, or operated by BLACK SILVER since 1990.

**Request for Production No. 17.:**

All DOCUMENTS RELATING TO any print advertising campaigns promoting BLACK SILVER or its products.

**Request for Production No. 18.:**

All DOCUMENTS RELATING TO any video advertising campaigns promoting BLACK SILVER or its products.

**Request for Production No. 19.:**

All DOCUMENTS RELATING TO any radio or television advertising campaigns promoting BLACK SILVER or its products.

**Request for Production No. 20.:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the MARKS IN ISSUE.

**Request for Production No. 21.:**

All DOCUMENTS RELATING TO the dates on which BLACK SILVER used each of the MARKS IN ISSUE.

**Request for Production No. 22.:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the MARKS IN ISSUE.

**Request for Production No. 23.:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by BLACK SILVER.

**Request for Production No. 24.:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by GRACIE.

**Request for Production No. 25.:**

All DOCUMENTS RELATING TO the reputation or public perception of BLACK SILVER or any of BLACK SILVER's products, services or business.

**Request for Production No. 26.:**

All DOCUMENTS RELATING TO the reputation or public perception of GRACIE or any of GRACIE's products, services or business.

**Request for Production No. 27.:**

All DOCUMENTS RELATING TO media coverage of BLACK SILVER's goods or services.

**Request for Production No. 28.:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the MARKS IN ISSUE.

**Request for Production No. 29.:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONs involved in the research, development, preparation, registration and/or enforcement of the MARKS IN ISSUE.

**Request for Production No. 30.:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONs involved in the design, research, development, testing, commercialization, analysis, marketing, advertising, sales, and/or financial analysis of any products or services sold or offered under the MARKS IN ISSUE.

**Request for Production No. 31.:**

All DOCUMENTS RELATING TO BLACK SILVER's marketing and sales plans for products or services sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

**Request for Production No. 32.:**

All DOCUMENTS CONCERNING or identifying the channels of trade or marketing channels through which BLACK SILVER offers or plans to offer each product or service sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

**Request for Production No. 33.:**

All DOCUMENTS sufficient to show BLACK SILVER's annual advertising expenditures for any product or service sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for each year the MARKS have been used.

/ / /

/ / /

/ / /

**Request for Production No. 34.:**

All DOCUMENTS sufficient to show (on a monthly, quarterly and/or yearly basis) the number of customers, and the gross and net revenues, and profits realized therefrom, for any and all products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

**Request for Production No. 35.:**

All DOCUMENTS that RELATE TO the monthly, quarterly and/or yearly net profits realized by BLACK SILVER for sales of any products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

**Request for Production No. 36.:**

All DOCUMENTS sufficient to show all refunds to any of BLACK SILVER's customers for products sold by BLACK SILVER, including the reasons for such refunds.

**Request for Production No. 37.:**

All DOCUMENTS CONCERNING third-party review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

**Request for Production No. 38.:**

All DOCUMENTS CONCERNING customer review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

**Request for Production No. 39.:**

All DOCUMENTS that RELATE TO any economic harm that BLACK SILVER contends it has suffered, or will suffer, with respect to any action(s) by GRACIE.

**<u>Request for Production No. 40.</u>:**

All DOCUMENTS RELATING TO projected future sales, profits, or return on investment for any of BLACK SILVER's products or services marketed using or under the MARKS IN ISSUE.

**<u>Request for Production No. 41.</u>:**

All DOCUMENTS that RELATE TO any projected future lost profits that BLACK SILVER contends it has suffered, or will suffer, with respect to any of GRACIE's alleged conduct.

**<u>Request for Production No. 42.</u>:**

All DOCUMENTS that RELATE TO any royalties charged and/or received by BLACK SILVER from any PERSON RELATING TO any of the MARKS IN ISSUE, or any other intellectual property asset (including a name, mark, patent, copyright, trade secret or otherwise).

**<u>Request for Production No. 43.</u>:**

All DOCUMENTS that RELATE TO any agreements by which BLACK SILVER has licensed or otherwise authorized use by others of any of the MARKS IN ISSUE.

**<u>Request for Production No. 44.</u>:**

All DOCUMENTS that RELATE TO calculations or determinations made by BLACK SILVER CONCERNING what would be a reasonable royalty for the use of any one or more of the MARKS IN ISSUE.

**<u>Request for Production No. 45.</u>:**

All DOCUMENTS that RELATE TO any non-economic damages that BLACK SILVER contends it has suffered or will suffer as a result of any of GRACIE's alleged conduct.

**<u>Request for Production No. 46.</u>:**

All DOCUMENTS that were analyzed, reviewed or relied upon by any expert(s) retained by BLACK SILVER or who may testify at trial.

**Request for Production No. 47.:**

All reports, letters, or memoranda prepared by any expert(s) retained by BLACK SILVER and who may testify at trial.

**Request for Production No. 48.:**

All DOCUMENTS provided to any expert(s) who may be called as a witness at the time of trial.

**Request for Production No. 49.:**

All DOCUMENTS provided to BLACK SILVER by any expert witness(es) who may testify at trial.

**Request for Production No. 50.:**

Curriculum vitae for all expert witnesses who may testify at trial.

**Request for Production No. 51.:**

All STATEMENTS from any potential witnesses in this case.

**Request for Production No. 52.:**

All DOCUMENTS produced to BLACK SILVER in connection with this litigation in response to any third-party subpoena.

**Request for Production No. 53.:**

Copies of all DOCUMENTS and/or exhibits intended to be introduced at trial by BLACK SILVER, including any DOCUMENTS used to create such exhibits.

**Request for Production No. 54.:**

All DOCUMENTS used, referenced or identified by BLACK SILVER in preparing their Answers to GRACIE's Interrogatories.

**Request for Production No. 55.:**

All DOCUMENTS RELATING TO the timing and circumstances of when and how BLACK SILVER first learned of GRACIE's alleged use of any of the MARKS IN ISSUE.

**Request for Production No. 56.:**

All DOCUMENTS CONCERNING the conception, creation, selection, adoption and/or design of the MARKS IN ISSUE.

**Request for Production No. 57.:**

All DOCUMENTS evidencing or otherwise CONCERNING when and how BLACK SILVER first used the MARKS IN ISSUE.

**Request for Production No. 58.:**

All DOCUMENTS evidencing or CONCERNING BLACK SILVER's first use of the MARKS IN ISSUE on the Internet.

**Request for Production No. 59.:**

All DOCUMENTS RELATING TO GRACIE and/or the goods or services offered by GRACIE.

**Request for Production No. 60.:**

All DOCUMENTS RELATING TO GRACIE's alleged use of the MARKS IN ISSUE.

**Request for Production No. 61.:**

All DOCUMENTS RELATING TO the meaning of the MARKS IN ISSUE, including any claim that the MARKS IN ISSUE have acquired secondary meaning.

**Request for Production No. 62.:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding GRACIE's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from GRACIE's alleged use of the MARKS IN ISSUE.

/ / /

/ / /

/ / /

/ / /

**Request for Production No. 63.:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding BLACK SILVER's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from BLACK SILVER's alleged use of the MARKS IN ISSUE.

**Request for Production No. 64.:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any website displaying, advertising or promoting the MARKS IN ISSUE or services offered thereunder.

**Request for Production No. 65.:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any websites owned, controlled oroperated by BLACK SILVER since 1990.

**Request for Production No. 66.:**

All DOCUMENTS RELATING TO any Internet domain names used by BLACK SILVER in connection with the MARKS IN ISSUE.

**Request for Production No. 67.:**

All DOCUMENTS sufficient to show each State in which BLACK SILVER is licensed and/or registered to conduct business.

**Request for Production No. 68.:**

All DOCUMENTS sufficient to identify current and former employees of BLACK SILVER since 1990 and the dates they were employees.

**Request for Production No. 69.:**

All DOCUMENTS CONCERNING new or additional goods or services YOU believe may be offered or sold using or under one or more of the MARKS IN ISSUE.

**Request for Production No. 70.:**

DOCUMENTS sufficient to show the date on which BLACK SILVER owned or operated each retail store that sold clothing or related products.

**Request for Production No. 71.:**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR advertisements under or using the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including any internet advertising campaigns promoting BLACK SILVER or the services offered by BLACK SILVER.

**Request for Production No. 72.:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**Request for Production No. 73.:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**Request for Production No. 74.:**

All DOCUMENTS RELATING TO consumer recognition of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including in relation to any goods or services offered by BLACK SILVER.

**Request for Production No. 75.:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**Request for Production No. 76.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 6 of the COUNTER-COMPLAINT that "at one time relevant to the instant dispute" BLACK SILVER "had five retail locations in San Diego, California."

**Request for Production No. 77.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 7 of the COUNTER-COMPLAINT that "Black Silver has used the name and mark GRACIE in association with retail clothing sales and on women's clothing items since as early as 1995."

**Request for Production No. 78.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 8 of the COUNTER-COMPLAINT that BLACK SILVER has "developed a nationwide clientele who recognizes and associates the GRACIE mark with Counter-Claimant's distinctive line of women's designer brands and upscale boutique sales services."

**Request for Production No. 79.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 9 of the COUNTER-COMPLAINT that BLACK SILVER's "use of its GRACIE name and mark has been widespread and continuous since at least 1991."

**Request for Production No. 80.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has advertised its GRACIE boutiques extensively in magazines."

**Request for Production No. 81.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has sold many high-quality clothing items under" the "GRACIE" mark.

**Request for Production No. 82.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that "Black Silver vigorously enforces its rights in this ["GRACIE"] name."

**Request for Production No. 83.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that the purpose of BLACK SILVER's filing of the COUNTER-COMPLAINT was "to disallow Counter-Defendant as a third party to unfairly compete with Black Silver in the marketplace."

**Request for Production No. 84.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 11 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time, money, and effort in promoting its business and is continuing to do the same."

**Request for Production No. 85.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 12 of the COUNTER-COMPLAINT that "On September 30, 2005, Black Silver filed with the United States Patent and Trademark Office ('USPTO') a use-based trademark application on the Principal Register for 'GRACIE' in Class 25 for a 'retail clothing store services; retail apparel and accessories, namely, women and children's clothing, jewellery (sic), shoes and footwear, headwear, belts.'"

**Request for Production No. 86.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 13 of the COUNTER-COMPLAINT that "in an Office Action dated April 6, 2006, the USPTO issued a Section 2(d) refusal based, in part, on a likelihood of confusion with the mark 'GRACIE' Reg. No. 2,997,282 and the mark 'GRACIE GEAR' Reg No. 2,076,885."

**Request for Production No. 87.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 14 of the COUNTER-COMPLAINT that GRACIE "applied for registration of the above-referenced mark on or about February 23, 2004, for use on clothing, namely, shirts, pants, hats, caps, seaters, sweatshirts, jackets, coats, shorts, trunks."

**Request for Production No. 88.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 15 of the COUNTER-COMPLAINT that "in his application, Rorion Gracie lists January, 1996, as the date of first use of this GRACIE mark."

**Request for Production No. 89.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 16 of the COUNTER-COMPLAINT that "although Rorion Gracie owns a registration for the mark GRACIE GEAR for similar clothing items, the term GEAR was expressly disclaimed."

**Request for Production No. 90.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Rorion Gracie lists June 8, 1995, as the date of first use of the GRACIE GEAR mark."

/ / /

/ / /

/ / /

**Request for Production No. 91.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Black Silver's use of the GRACIE mark has been widespread, continuous and uninterrupted since 1991."

**Request for Production No. 92.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 18 of the COUNTER-COMPLAINT that "Black Silver's continued use of the GRACIE name for over a decade coupled with its extensive advertising and publications has caused the mark to develop goodwill and a distinctiveness within the market."

**Request for Production No. 93.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 19 of the COUNTER-COMPLAINT that "junior users" are "benefitting from the good reputation associated with" BLACK SILVER's "trademark or trade name."

**Request for Production No. 94.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 22 of the COUNTER-COMPLAINT that GRACIE has used the GRACIE mark "by advertising, marketing, promoting, offering to sell, selling in interstate commerce in connection with his goods and services."

**Request for Production No. 95.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that "Rorion Gracie's misappropriation of the Black Silver's 'Gracie' mark is likely to cause confusion and mistake as to the identify (sic) and origin of Black Silver's goods and services."

**Request for Production No. 96.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that GRACIE's alleged misappropriation of BLACK SILVER's alleged "Gracie" mark is likely to cause "irreparable harm to Black Silver...."

**Request for Production No. 97.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 24 of the COUNTER-COMPLAINT that GRACIE's alleged "unauthorized use of Black Silver's Gracie mark is likely to cause and has caused confusion, deception and mistake among the consuming public and trade by creating the false impression that Rorion Gracie and his products are in some way affiliated with Plaintiff."

**Request for Production No. 98.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that as a "proximate result" of GRACIE's alleged actions "Black Silver has suffered and will continued to suffer great damage to its business, goodwill, reputation, and the strength of its trademark."

**Request for Production No. 99.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that "An award of monetary damages alone cannot fully compensate Black Silver for its injuries...."

**Request for Production No. 100.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region, is a distinctive and famous mark within the meaning of US trademark law, including 15 USC §§ 1125 and 1127...."

**Request for Production No. 101.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... has become associated with Black Silver and its retail stores...."

**Request for Production No. 102.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... exclusively identifies Counter-Claimant's sales of retail goods and services."

**Request for Production No. 103.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE uses "Black Silver's Gracie mark[] for similar goods in the same channels of interstate trade as Black Silver...."

**Request for Production No. 104.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE has a "vast presence on the internet."

**Request for Production No. 105.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that "consumers are deceptively led to believe that Counter-Defendant's GRACIE mark originates with or is sponsored or otherwise approved by Black Silver."

**Request for Production No. 106.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE's alleged use of "the Black Silver's Gracie mark ... will cause patrons to believe that Black Silver's marks are generic."

**Request for Production No. 107.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 40 of the COUNTER-COMPLAINT that as a result of GRACIE's "use of the name GRACIE *** the distinctive qualities of Black Silver's mark are being and will continue to be diluted."

**Request for Production No. 108.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 41 of the COUNTER-COMPLAINT that GRACIE's "marketing, use of and dissemination of materials containing the name GRACIE is and will continue to result in the dilution of the distinctive nature of Black Silver's marks through blurring or tarnishment...."

**Request for Production No. 109.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 43 of the COUNTER-COMPLAINT that "The distinctive nature of Black Silver's mark is of enormous value...."

**Request for Production No. 110.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above ... with previous knowledge of Black Silver's prior right to use of the trademark...."

/ / /

/ / /

/ / /

**Request for Production No. 111.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above ... with the willful intent to trade on Black Silver's goodwill and reputation...."

**Request for Production No. 112.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 48 of the COUNTER-COMPLAINT that "Counter-Claimant had first used the mark GRACIE in commerce in connection with International Class 25 goods on or about January 1, 1991."

**Request for Production No. 113.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Since its adoption and first use in commerce, Counter-Claimant Black Silver has continually used the GRACIE mark in connection with its International Class 25 goods."

**Request for Production No. 114.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time money and effort to promote the GRACIE mark in connection with its International Class 25 goods and to create and maintain the goodwill symbolized by the mark."

**Request for Production No. 115.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "The GRACIE mark has become famous in fashion circles as identifying Counter-Claimant Black Silver as the source of its International Class 25 goods."

**Request for Production No. 116.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 53 of the COUNTER-COMPLAINT that "the 'GRACIE' mark used by Black Silver so closely resembles the previously-used and not-abandoned mark 'GRACIE' used by Counter-Defendant as to be likely, when used on or in connection with Class 25 goods, to cause confusion, to cause mistake, or to deceive the purchasing public as to the source of said goods."

**Request for Production No. 117.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 57 of the COUNTER-COMPLAINT that "On March 13, 2005, Counter-Defendant Rorion Gracie amended the above application and entered a claim of acquired distinctiveness under Section 2(f) based on a claim of ownership of prior registrations of the marks 'GRACIE JIU-JITSU' (No. 1972360) and 'GRACIE GEAR' (No. 2076885)."

**Request for Production No. 118.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "Registrant Rorion Gracie was involved in a proceeding challenging Registrant's rights to the 'GRACIE' mark, *Gracie, et al. v. Gracie, et al.*, which was taken on appeal from the United States District Court for the Northern District of California, docket #: 3:94-cv-04156-SC."

**Request for Production No. 119.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "On November 19, 1997, the jury rendered a verdict that Rorion Gracie does not have a valid claim to the 'GRACIE' mark."

**Request for Production No. 120.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 59 of the COUNTER-COMPLAINT that "the statements alleging sole, uncontested ownership of the marks 'GRACIE JIU-JITSU' and 'GRACIE GEAR' made by Counter-Defendant Rorion Gracie in support of his claim of acquired distinctiveness were made during the pendency of the above proceedings...."

**Request for Production No. 121.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that alleged "false statements" were by GRACIE "with the intent to maintain maximum trademark protection by inducing agents of the PTO to accept the trademark application and issue the registration on the Principal Register rather than on the Supplemental Register."

**Request for Production No. 122.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that "the PTO" relied on the truth of the statements "submitted by Registrant" when issuing "Registration No. 2,997,282 on the Principal Register."

**Request for Production No. 123.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 61 of the COUNTER-COMPLAINT that "Counter-Defendant Rorion Gracie knew at the time they were made that the statements made in the application that led to the registration of Registration No. 2,997,282 were false."

**Request for Production No. 124.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 65 of the COUNTER-COMPLAINT that GRACIE's "use of the 'GRACIE' mark to promote, market, or sell his martial arts goods or services" is "in direct competition with Black Silver's GRACIE goods, services and/or retail establishments."

**Request for Production No. 125.:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 74 of the COUNTER-COMPLAINT that GRACIE's alleged "use of Black Silver's trademark on the internet" is "prolific and ever-present."

Dated: August 24, 2010

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: ______________________
RAAQIM A. S. KNIGHT
*Attorneys for Plaintiff and Counter-Defendant* RORION GRACIE

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) s.s.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582.

On August 24, 2010, I served the foregoing document described as: **RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BLACK SILVER ENTERPRISES, INC.** on the interested parties in this action by placing [ ] the original [X] a true and correct copy thereof enclosed in an envelope addressed as set forth on the following page.

Richard M. Wirtz, Esq.
WIRTZ HELLENKAMP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
T: 858.259.5009
F: 858.259.6008

■ **BY MAIL.** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNITE EXPRESS DELIVERY.** I deposited it in a box or other facility regularly maintained by OVERNITE EXPRESS, or delivered it to a driver or courier authorized by OVERNITE EXPRESS to receive documents, in an envelope designated by OVERNITE EXPRESS, with delivery fees provided for, and with delivery requested for the next business day.

☐ **BY FACSIMILE.** On ________, between the business hours of 9:00 a.m. and 5:00 p.m. and as more specifically set forth on the facsimile confirmation sheet(s) attached hereto, I served the foregoing document described as *** *[name of document]* by facsimile, from facsimile number (310) 479-1422, to the interested party(ies) in this action at the facsimile number(s) as set forth on the facsimile cover sheet(s) attached hereto. The parties hereto have agreed in writing to accept facsimile service.

■ **FEDERAL.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2010, at Los Angeles, California.

Denise Sedlock
Denise Sedlock

# Exhibit “B”

Richard M. Wirtz (SBN 137812)
WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, California 92130
voice: 858.259.5009
fax: 858.259.6008
email: rwirtz@wirtzlaw.com

Thomas D. Foster (SBN 213414)
TDFoster
12760 High Bluff Drive, Suite 300
San Diego, California 92130
voice: 858.922.2170
fax: 858.259.6008
email: foster@TDFoster.com

Attorneys for BLACK SILVER ENTERPRISES, INC. and UN MI LEE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RORION GRACIE, an individual,

Plaintiff,

vs.

BLACK SILVER ENTERPRISES, INC., a California Corporation; UN MI LEE, an individual; and DOES 1-10, inclusive,

Defendants.

Case Number: CV 09 - 8273 GW (JEMx)

**BLACK SILVER ENTERPRISES, INC.'S RESPONSES TO RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY: RORION GRACIE

RESPONDING PARTY: BLACK SILVER ENTERPRISES, INC. ("BSE," "BLACK SILVER")

SET NUMBER: ONE (1)

**PREFATORY STATEMENT**

With regard to the following responses, each response and objection is made solely for the purpose of this action. Each response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require exclusion of any statement herein if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court.



WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

Further, any request deemed as continuing is objected to as oppressive, burdensome, and improper, and will not be regarded as continuing in nature but will, instead, be taken as though complete in and of itself.

The attorney's signature is intended only in regard to objections that have been raised in these responses. The attorney's signature in no way constitutes a waiver of any attorney-client or attorney work product privilege that may be asserted during subsequent discovery concerning the identity of the sources of the information contained in these responses.

All such objections and grounds are reserved, are not deemed waived by the provisions of any response herein, and may be interposed up to and including the time of trial.

Each response is based upon information presently available to this responding party, and, except for the explicit facts admitted herein, no incidental or implied admissions are intended. The fact that this responding party has answered or objected to any discovery request or part thereof should not be taken as an admission that this responding party accepts or admits the existence of any facts set forth or assumed by such discovery request, or that such response or objection constitutes admissible evidence. The fact that this responding party has responded to part or all of any discovery request is not intended and shall not be construed to be a waiver of any part or all of any objections to any discovery request.

To the extent that any or all of the discovery requests call for information which constitutes information prepared in anticipation of litigation or for trial, or for information or material covered by the work product doctrine, or which constitutes information which is privileged by virtue of the attorney/client privilege, or any privilege pertaining to confidential relationship, trade secrets or business secrets, this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges.

The following responses are rendered and based upon information in the possession of the responding party at the time of the preparation of the responses. Discovery will continue as long as permitted by court order, statute or stipulation of the parties. Investigation by the responding party, its attorneys and its investigators will continue up to and throughout the trial

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

of this action. This responding party specifically reserves the right to introduce at the time of trial any evidence from any source which hereinafter may be discovered and testimony from any witnesses whose identities may hereafter be discovered.

Discovery and investigation are continuing and responding party reserves the right to supplement this response and reserves the right to produce, at the time of trial, subsequently discovered evidence relating to proof of any material fact and to the proof of facts subsequently discovered to be material.

To the extent a BSE response is an agreement to produce documents responsive to a request, due to the volume of documents, BSE will make the documents available for inspection at BSE's counsel's office: Wirtz Hellenkamp LLP, 12760 High Bluff Drive, Suite 300, San Diego, CA 92130, at a mutually convenient time.

Without waiving the above stated objections and reservations, BSE responds as follows.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing the COUNTER-COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS used, relied upon, referred to or referenced by BLACK SILVER in preparing BLACK SILVER's Answer to the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS that RELATE TO GRACIE, including his products and services, or any of the facts RELATING TO the claims (including the counterclaims) in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**

All COMMUNICATIONS and DOCUMENTS REFERRING TO or RELATING TO COMMUNICATIONS between BLACK SILVER, and GRACIE, including between the parties' respective counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS RELATING TO any search, investigation, survey or study CONCERNING the availability for use or registration of or ability to register any of the MARKS IN ISSUE, either alone or in combination with other terms or devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS RELATING TO any opinion or study CONCERNING whether the MARKS IN ISSUE are or were capable of being registered on the principal register of the USPTO.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS related to any lawsuit, opposition, cancellation proceeding or any other proceeding involving or RELATING TO the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS RELATING TO any actual confusion, mistake, deception or association or affiliation of any kind between BLACK SILVER or any of its goods or services and GRACIE or any of his goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Objections: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS that constitute or RELATE TO any communications with third parties RELATING TO GRACIE or his goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

//

//

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS RELATING TO BLACK SILVER's allegation of damages as set forth in the CROSS-COMPLAINT and allegations of harm as set forth in the CROSS-COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Objections: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. The request also seeks expert information. Not waiving the objections and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS RELATING TO BLACK SILVER's allegation that GRACIE has been unjustly enriched, as set forth in the CROSS-COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS RELATING TO USPTO trademark application serial number 78/724,535.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS that constitute or RELATE TO any and all advertising, marketing or promotion using any of the MARKS IN ISSUE.

//

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS RELATING TO any trademark or service mark known or believed by BLACK SILVER to be identical or similar in any matter to any of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR internet advertising promoting BLACK SILVER or its products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**

All copies of all versions of all web sites and web pages owned, controlled, or operated by BLACK SILVER since 1990.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS RELATING TO any print advertising campaigns promoting BLACK SILVER or its products.

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS RELATING TO any video advertising campaigns promoting BLACK SILVER or its products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any radio or television advertising campaigns promoting BLACK SILVER or its products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO the dates on which BLACK SILVER used each of the MARKS IN ISSUE.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by BLACK SILVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection: This request is vague and ambiguous as to the term "consumer recognition," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO consumer recognition of any of the MARKS IN ISSUE, including in relation to any goods or services offered by GRACIE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection: This request is vague and ambiguous as to the term "consumer recognition," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO the reputation or public perception of BLACK SILVER or any of BLACK SILVER's products, services or business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection: This request is vague and ambiguous as to the terms "reputation or public perception," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO the reputation or public perception of GRACIE or any of GRACIE's products, services or business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection: This request is vague and ambiguous as to the terms "reputation or public perception," is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO media coverage of BLACK SILVER's goods or services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the MARKS IN ISSUE.

//

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONS involved in the research, development, preparation, registration and/or enforcement of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All organizational charts or other DOCUMENTS sufficient to identify all officers, directors, employees or other PERSONS involved in the design, research, development, testing, commercialization, analysis, marketing, advertising, sales, and/or financial analysis of any products or services sold or offered under the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO BLACK SILVER's marketing and sales plans for products or services sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS CONCERNING or identifying the channels of trade or marketing channels through which BLACK SILVER offers or plans to offer each product or service sold, offered for sale, advertised, bearing or associated with the MARKS IN ISSUE.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS sufficient to show BLACK SILVER's annual advertising expenditures for any product or service sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for each year the MARKS have been used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS sufficient to show (on a monthly, quarterly and/or yearly basis) the number of customers, and the gross and net revenues, and profits realized therefrom, for any and all products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that RELATE TO the monthly, quarterly and/or yearly net profits realized by BLACK SILVER for sales of any products or services sold or offered by BLACK SILVER using or under the MARKS IN ISSUE for as long as the MARKS have been used.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS sufficient to show all refunds to any of BLACK SILVER's customers for products sold by BLACK SILVER, including the reasons for such refunds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS CONCERNING third-party review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS CONCERNING customer review, criticism, analysis, discussion, or complaints RELATING TO BLACK SILVER or any of BLACK SILVER's products, services or business.

//

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that RELATE TO any economic harm that BLACK SILVER contends it has suffered, or will suffer, with respect to any action(s) by GRACIE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks expert opinion. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATING TO projected future sales, profits, or return on investment for any of BLACK SILVER's products or services marketed using or under the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that RELATE TO any projected future lost profits that BLACK SILVER contends it has suffered, or will suffer, with respect to any of GRACIE's alleged conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets and documents protected by financial privacy. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE TO any royalties charged and/or received by BLACK SILVER from any PERSON RELATING TO any of the MARKS IN ISSUE, or any other intellectual property asset (including a name, mark, patent, copyright, trade secret or otherwise).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that RELATE TO any agreements by which BLACK SILVER has licensed or otherwise authorized use by others of any of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO.43:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that RELATE TO calculations or determinations made by BLACK SILVER CONCERNING what would be a reasonable royalty for the use of any one or more of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that RELATE TO any non-economic damages that BLACK SILVER contends it has suffered or will suffer as a result of any of GRACIE's alleged conduct.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks expert opinion. Not waiving the objection and subject thereto, BSE agrees to produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that were analyzed, reviewed or relied upon by any expert(s) retained by BLACK SILVER or who may testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 47:**

All reports, letters, or memoranda prepared by any expert(s) retained by BLACK SILVER and who may testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS provided to any expert(s) who may be called as a witness at the time of trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS provided to BLACK SILVER by any expert witness(es) who may testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 50:**

Curriculum vitae for all expert witnesses who may testify at trial.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 51:**

All STATEMENTS from any potential witnesses in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS produced to BLACK SILVER in connection with this litigation in response to any third-party subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

BSE cannot comply with this request because no such documents exist.

**REQUEST FOR PRODUCTION NO. 53:**

Copies of all DOCUMENTS and/or exhibits intended to be introduced at trial by BLACK SILVER, including any DOCUMENTS used to create such exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS used, referenced or identified by BLACK SILVER in preparing their Answers to GRACIE's Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS RELATING TO the timing and circumstances of when and how BLACK SILVER first learned of GRACIE's alleged use of any of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS CONCERNING the conception, creation, selection, adoption and/or design of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because not such documents exist.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS evidencing or otherwise CONCERNING when and how BLACK SILVER first used the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS evidencing or CONCERNING BLACK SILVER's first use of the MARKS IN ISSUE on the Internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS RELATING TO GRACIE and/or the goods or services offered by GRACIE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Objection: This request seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS RELATING TO GRACIE's alleged use of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS RELATING TO the meaning of the MARKS IN ISSUE, including any claim that the MARKS IN ISSUE have acquired secondary meaning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding GRACIE's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from GRACIE's alleged use of the MARKS IN ISSUE.

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS CONCERNING any report or opinion of experts or outside consultants regarding BLACK SILVER's alleged use of the MARKS IN ISSUE, the strength of the MARKS IN ISSUE, or the likelihood of any consumer confusion arising from BLACK SILVER's alleged use of the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any website displaying, advertising or promoting the MARKS IN ISSUE or services offered thereunder.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS summarizing or evidencing traffic, visits, hits, page views, click-thrus, or other activity on any websites owned, controlled or operated by BLACK SILVER since 1990.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS RELATING TO any Internet domain names used by BLACK SILVER in connection with the MARKS IN ISSUE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS sufficient to show each State in which BLACK SILVER is licensed and/or registered to conduct business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS sufficient to identify current and former employees of BLACK SILVER since 1990 and the dates they were employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS CONCERNING new or additional goods or services YOU believe may be offered or sold using or under one or more of the MARKS IN ISSUE.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE cannot comply because no such documents exist.

**REQUEST FOR PRODUCTION NO. 70:**

DOCUMENTS sufficient to show the date on which BLACK SILVER owned or operated each retail store that sold clothing or related products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS RELATING TO, constituting or reflecting YOUR advertisements under or using the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including any internet advertising campaigns promoting BLACK SILVER or the services offered by BLACK SILVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS sufficient to identify all goods or services sold or offered by BLACK SILVER in connection with the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

BSE agrees to produce responsive documents.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS RELATING TO or indicating the geographic scope or use by BLACK SILVER of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS RELATING TO consumer recognition of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie," including in relation to any goods or services offered by BLACK SILVER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS RELATING TO any action taken by BLACK SILVER to enforce or police the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 6 of the COUNTER-COMPLAINT that "at one time relevant to the instant dispute" BLACK SILVER "had five retail locations in San Diego, California."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 7 of the COUNTER-COMPLAINT that "Black Silver has used the name and mark GRACIE in association with retail clothing sales and on women's clothing items since as early as 1995."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 8 of the COUNTER-COMPLAINT that BLACK SILVER has "developed a nationwide clientele who recognizes and associates the GRACIE mark with Counter-Claimant's distinctive line of women's designer brands and upscale boutique sales services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 9 of the COUNTER-COMPLAINT that BLACK SILVER's "use of its GRACIE name and mark has been widespread and continuous since at least 1991."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has advertised its GRACIE boutiques extensively in magazines."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that, from 1991 to the present, BLACK SILVER "has sold many high-quality clothing items under" the "GRACIE" mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that "Black Silver vigorously enforces its rights in this ["GRACIE"] name."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 10 of the COUNTER-COMPLAINT that the purpose of BLACK SILVER's filing of the COUNTER-COMPLAINT was "to disallow Counter Defendant as a third party to unfairly compete with Black Silver in the marketplace."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 11 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time, money, and effort in promoting its business and is continuing to do the same."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 12 of the COUNTER-COMPLAINT that "On September 30, 2005, Black Silver filed with the United States Patent and Trademark Office ('USPTO') a use-based trademark application on the Principal Register for 'GRACIE' in Class 25 for a 'retail clothing store services; retail apparel and accessories, namely, women and children's clothing, jewellery [sic], shoes and footwear, headwear, belts.'"

//

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 13 of the COUNTER-COMPLAINT that "in an Office Action dated April 6, 2006, the USPTO issued a Section 2(d) refusal based, in part, on a likelihood of confusion with the mark 'GRACIE' Reg. No. 2,997,282 and the mark 'GRACIE GEAR' Reg No. 2,076,885."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 14 of the COUNTER-COMPLAINT that GRACIE "applied for registration of the above-referenced mark on or about February 23,2004, for use on clothing, namely, shirts, pants, hats, caps, seaters, sweatshirts, jackets, coats, shorts, trunks."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 15 of the COUNTER-COMPLAINT that "in his application, Rorion Gracie lists January, 1996, as the date of first use of this GRACIE mark."

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 16 of the COUNTER-COMPLAINT that "although Rorion Gracie owns a registration for the mark GRACIE GEAR for similar clothing items, the term GEAR was expressly disclaimed."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Rorion Gracie lists June 8, 1995, as the date of first use of the GRACIE GEAR mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 17 of the COUNTER-COMPLAINT that "Black Silver's use of the GRACIE mark has been widespread, continuous and uninterrupted since 1991."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 18 of the COUNTER-COMPLAINT that "Black Silver's continued use of the GRACIE name for over a decade coupled with its extensive advertising and publications has caused the mark to develop goodwill and a distinctiveness within the market."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 19 of the COUNTER-COMPLAINT that 'Junior users" are "benefitting from the good reputation associated with" BLACK SILVER's "trademark or trade name."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 22 of the COUNTER-COMPLAINT that GRACIE has used the GRACIE mark "by advertising, marketing, promoting, offering to sell, selling in interstate commerce in connection with his goods and services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that "Rorion Gracie's misappropriation of the Black Silver's 'Gracie' mark is likely to cause confusion and mistake as to the identify (sic) and origin of Black Silver's goods and services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 23 of the COUNTER-COMPLAINT that GRACIE's alleged misappropriation of BLACK SILVER's alleged "Gracie" mark is likely to cause "irreparable harm to Black Silver...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 24 of the COUNTER-COMPLAINT that GRACIE's alleged "unauthorized use of Black Silver's Gracie mark is likely to cause and has caused confusion, deception and mistake among the consuming public and trade by creating the false impression that Rorion Gracie and his products are in some way affiliated with Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that as a "proximate result" of GRACIE's alleged actions "Black Silver has suffered and will continued to suffer great damage to its business, goodwill, reputation, and the strength of its trademark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 28 of the COUNTER-COMPLAINT that "An award of monetary damages alone cannot fully compensate Black Silver for its injuries... ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region, is a distinctive and famous mark within the meaning of US trademark law, including 15 USC §§ 1125 and 1127...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... has become associated with Black Silver and its retail stores...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 31 of the COUNTER-COMPLAINT that "The Gracie mark as used by Black Silver, in connection with its operation of high end retail boutiques in the greater San Diego County region ... exclusively identifies Counter-Claimant's sales of retail goods and services."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE uses "Black Silver's Gracie mark for similar goods in the same channels of interstate trade as Black Silver...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE has a "vast presence on the internet."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that "consumers are deceptively led to believe that Counter-Defendant's GRACIE mark originates with or is sponsored or otherwise approved by Black Silver."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 32 of the COUNTER-COMPLAINT that GRACIE's alleged use of"the Black Silver's Gracie mark ... will cause patrons to believe that Black Silver's marks are generic."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 40 of the COUNTER-COMPLAINT that as a result of GRACIE's "use of the name GRACIE *** the distinctive qualities of Black Silver's mark are being and will continue to be diluted."

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 41 of the COUNTER-COMPLAINT that GRACIE's "marketing, use of and dissemination of materials containing the name GRACIE is and will continue to result in the dilution of the distinctive nature of Black Silver's marks through blurring or tarnishment...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 43 of the COUNTER-COMPLAINT that "The distinctive nature of Black Silver's mark is of enormous value...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above with previous knowledge of Black Silver's prior right to use of the trademark. "

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Counter-Defendant has committed the acts alleged above with the willful intent to trade on Black Silver's goodwill and reputation "

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 48 of the COUNTER-COMPLAINT that "Counter-Claimant had first used the mark GRACIE in commerce in connection with International Class 25 goods on or about January 1, 1991."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. This request seeks trade secrets. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 44 of the COUNTER-COMPLAINT that "Since its adoption and first use in commerce, Counter-Claimant Black Silver has continually used the GRACIE mark in connection with its International Class 25 goods."

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "Black Silver has invested a substantial amount of time money and effort to promote the GRACIE mark in connection with its International Class 25 goods and to create and maintain the goodwill symbolized by the mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. The request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 50 of the COUNTER-COMPLAINT that "The GRACIE mark has become famous in fashion circles as identifying Counter-Claimant Black Silver as the source of its International Class 25 goods."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. The request also seeks documents protected by financial privacy. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

//

//

//

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice.858.259.5009 / fax 858.259.6008

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 53 of the COUNTER-COMPLAINT that "the 'GRACIE' mark used by **Black Silver [should be GRACIE]** so closely resembles the previously-used and not-abandoned mark 'GRACIE' used by Counter-Defendant as to be likely, when used on or in connection with Class 25 goods, to cause confusion, to cause mistake, or to deceive the purchasing public as to the source of said goods."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Objection: This request is vague and ambiguous and is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 117:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 57 of the COUNTER-COMPLAINT that "On March 13,2005, Counter-Defendant Rorion Gracie amended the above application and entered a claim of acquired distinctiveness under Section 2(f) based on a claim of ownership of prior registrations of the marks 'GRACIE JIU-JITSU' (No. 1972360) and 'GRACIE GEAR' (No. 2076885)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 118:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "Registrant Rorion Gracie was involved in a proceeding challenging Registrant's rights to the 'GRACIE' mark, *Gracie, et al. v. Gracie, et al.*, which was taken on appeal from the United States District Court for the Northern District of California, docket #: 3:94-cv-04156-SC."

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 58 of the COUNTER-COMPLAINT that "On November 19, 1997, the jury rendered a verdict that Rorion Gracie does not have a valid claim to the 'GRACIE' mark."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 59 of the COUNTER-COMPLAINT that "the statements alleging sole, uncontested ownership of the marks 'GRACIE JIU-JITSU' and 'GRACIE GEAR' made by Counter-Defendant Rorion Gracie in support of his claim of acquired distinctiveness were made during the pendency of the above proceedings...."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that alleged "false statements" were by GRACIE "with the intent to maintain maximum trademark protection by inducing agents of the PTO to accept the trademark application and issue the registration on the Principal Register rather than on the Supplemental Register."

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 60 of the COUNTER-COMPLAINT that "the PTO" relied on the truth of the statements "submitted by Registrant" when issuing "Registration No. 2,997,282 on the Principal Register."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 61 of the COUNTER-COMPLAINT that "Counter-Defendant Rorion Gracie knew at the time they were made that the statements made in the application that led to the registration of Registration No. 2,997,282 were false."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 65 of the COUNTER-COMPLAINT that GRACIE's "use of the 'GRACIE' mark to promote, market, or sell his martial arts goods or services" is "in direct competition with Black Silver's GRACIE goods, services and/or retail establishments."

//

//

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS RELATING TO BLACK SILVER's allegation in paragraph 74 of the COUNTER-COMPLAINT that GRACIE's alleged "use of Black Silver's trademark on the internet" is "prolific and ever-present."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Objection: This request is overly broad and seeks production of documents protected by the attorney client privilege and attorney work product doctrine. Not waiving the objection and subject thereto, BSE agrees to produce responsive documents.

Respectfully submitted,

Dated: October 15, 2010

WIRTZ HELLENKAMP LLP

By: [signature]
Richard M. Wirtz
Attorney for Defendants

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

VERIFICATION

I, Seya Mahvi, declare and state as follows:

I am over the age of eighteen and am a party to the action entitled Rorion Gracie v. Black Silver Enterprises, Inc. et al., United States Central District Court Case No: CV 09-8273 GW (JEMx).

I have read the foregoing discovery response entitled **DEFENDANTS' RESPONSES TO RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** and know the contents thereof. The matters stated therein are true of my own personal knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 15, 2010, in the City of San Diego, State of California.

Seya Mahvi

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

Richard M. Wirtz (SBN 137812)
WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, California 92130
voice: 858.259.5009
fax: 858.259.6008
email: rwirtz@wirtzlaw.com

Thomas D. Foster (SBN 213414)
TDFoster
12760 High Bluff Dr #300
San Diego, CA 92130
voice: 858.922.2170
fax: 858.259.6008
email: foster@TDFoster.com

Attorneys for DEFENDANTS BLACK SILVER ENTERPRISES, INC. and UN MI LEE

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RORION GRACIE, an individual,

Plaintiff,

vs.

BLACK SILVER ENTERPRISES, INC., a California Corporation; UN MI LEE, an individual; and DOES 1-10, inclusive,

Defendants.

Case Number: CV 09 - 8273 GW (JEMx)

**PROOF OF SERVICE**

I, Nicole Teixeira, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is WIRTZ HELLENKAMP LLP, 12760 High Bluff Drive, Suite 300, San Diego, California 92130. On October 15, 2010, at San Diego, California, each of the parties, attorneys, or other interested individuals or entities identified on the Service List below were served as described below with a true copy of the following document(s):

**1. BLACK SILVER ENTERPRISES, INC.'S RESPONSES TO RORION GRACIE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

(X) BY MAIL: I deposited in the mail the document(s) listed in a sealed envelope, with postage fully prepaid, addressed as per the Service List.

( ) BY PERSONAL SERVICE: I served the above referenced documents on the person(s) listed on the attached page.

(X) BY EMAIL: I sent via email by electronic attachment, a PDF version of the document(s) listed above, as addressed per the Service List.

( ) BY MAIL VIA ENTRUSTING DEPOSIT TO OTHERS: I am readily familiar with the business practice for collection and processing of correspondence, including prepaying postage, for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. I placed for deposit in the United States Postal Service, the document(s) listed above in a sealed envelope addressed as per the Service List.

( ) BY EXPRESS MAIL: I deposited in a post office, mailbox, subpost office, substation, mail chute or other like facility regularly maintained by the United States Postal service for receipt of Express Mail, the document(s) listed above in a sealed envelope, with Express Mail postage fully prepaid, addressed as per the Service List.

( ) BY OVERNIGHT EXPRESS SERVICE CARRIER: I deposited in a box or other facility regularly maintained by ( ) FedEx ( ) UPS ( ) OverNite Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, the document(s) listed above in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed as per the Service List.

( ) BY FAX: I transmitted from a fax machine at (858) 259-6008, the document(s) listed above to each party, attorney, or other interested person or entity listed above at the fax number(s) on the Service List. The above described transmission was reported as complete without error by a transmission report issued by the fax machine upon which the said transmission was made immediately after the transmission. A true and correct copy of the fax transmission report is attached and incorporated by this reference.

I certify and declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on October 15, 2010, at San Diego, California.

Nicole Teixeira

**SERVICE LIST**

Charles J. Harder
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
1140 West Olympic Boulevard, Ninth Floor
Los Angeles, CA 90064
charder@wrslawyers.com

Attorney for Plaintiff Rorion Gracie

WIRTZ HELLENKAMP LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
voice 858.259.5009 / fax 858.259.6008

# Exhibit "C"

Jan Jensen
JJensen@wrslawyers.com

File No.
17201-401

November 30, 2010

**VIA FACSIMILE (858) 259-6008, EMAIL and U.S. MAIL**

Richard Wirtz, Esq.
Wirtz Hellenkamp, LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**VIA FACSIMILE (858) 259-6008, EMAIL and U.S. MAIL**

Thomas Foster, Esq.
TD Foster
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**Re: *Rorion Gracie v. Black Silver Enterprises, Inc. et al.***
**USDC-CDCA Case No. CV 09-8273-GW(JEMx)**

Dear Counsel:

This letter is written pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P."), Rule 37, and Local Rule 37-1, in an attempt to resolve our discovery disputes with respect to Defendant Black Silver Enterprises, Inc.'s ("Black Silver") Responses ("Responses to RFP's") to Plaintiff Rorion Gracie's ("Plaintiff") First Set of Requests for Production of Documents ("RFPs" or "Requests for Production" or, when describing individual RFPs "RFP No. __") and Black Silver's Responses to Plaintiff's First Set of Interrogatories ("Interrogatories").

Despite agreeing to produce documents responsive to many of the RFPs, Black Silver has failed to produce *a single document* since receiving the RFPs nearly three months ago, on August 24, 2010. All documents that Black Silver indicated it would produce must be delivered to us by no later than December 6, 2010.

All documents and electronically stored information Black Silver produces must be organized, labeled, or indexed to correspond with each separate RFP. "This requirement ensures that documents responsive to a particular request are identified in response to that request and can be reasonably accessed in the document production." *Koninklijke Philips Electronics N.V. v. KXD Tech., Inc.*, No. 2:05-cv-01532, 2007 WL 879683 *3 (D. Nev. 2007) (citing *Residential Constructors, LLC v. Ace Prop. and Cas. Ins. Co.*, No. 2:05-CV-01318, 2006 WL 1582122 *2 (D. Nev. 2006). Black Silver must identify the documents "with an appropriate index or references to the document numbers corresponding to the specific requests." *Id.* Failure to produce voluminous documents "in no apparent order" does not comply with Fed. R. Civ. P. 34. *Id.* (citing *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610-611 (D. Neb. 2001) and *Stiller v. Arnold*, 167 F.R.D. 68-70-71 (N.D. Ind. 1996)). These rules apply to documents that are produced electronically and in paper format. *Id.*

In addition, we intend to bring a motion to compel at the earliest date permissible, unless you agree to supplement your responses as set forth herein. Accordingly, we hereby request a "pre-filing conference of counsel" pursuant to Local Rule 37-1. Please contact us as soon as possible to schedule a telephonic conference to occur within ten (10) calendar days of the date of this letter.

**BLACK SILVER'S RESPONSES TO REQUESTS FOR PRODUCTION**

Black Silver's Responses to Requests for Production are inadequate, incomplete, and evasive, and therefore, constitute "a failure to disclose, answer or respond" to the discovery. Fed. R. Civ. P. 37(a)(3). Black Silver purports to make an improper "PREFATORY STATEMENT" ("Prefatory Statement") and improper general objections to each and every request. The objections are without merit and too general, and they must be withdrawn. *See M2 Software, Inc. v. M2 Communications, L.L.C., et al.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003) (plaintiff's General Objections were not sufficient to raise any substantial, meaningful, or enforceable objections to any particular discovery request); *see also Walker, et al. v. Lakewood Condominium Owners Ass'n, et al.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). In addition, Black Silver failed to produce a single document. We refer you to Fed. R. Civ. P. 34 and demand complete responses. Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons . . ..").

**Prefatory Statement – General Objections**

**General Objection No. 1:**

Black Silver's Prefatory Statement states that "[e]ach response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require exclusion of any statement herein if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court." (Responses to RFPs at 1, lines 24-28.) To the extent that the Prefatory Statement is intended to serve in any way as an objection and/or reservation or rights, it is without merit and too general. If Black Silver has any objections, such objections must be presented at this time, with specificity as to each separate discovery request, so that Plaintiff has the opportunity to know what objections Black Silver is asserting and address any objection that is without merit in a motion to compel. We refer you to Fed. R. Civ. P. 37(a)(3) and demand complete disclosure and the withdrawal of the Prefatory Statement. *See M2 Software, Inc.*, 217 F.R.D. at 501; *Walker*, 186 F.R.D. at 587.

**General Objection No. 2:**

Black Silver objects that "any request deemed as continuing is objected to as oppressive, burdensome, and improper, and will not be regarded as continuing in nature but will, instead, be taken as though complete in and of itself." (Responses to RFPs at 2, lines 1-3.) This is an improper general objection because it leaves open the question of which requests Black Silver is objecting to on the stated grounds.

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete, and evasive. We refer you to Fed. R. Civ. P. 26 and 37(a)(3). In addition, "As an initial matter, general or boilerplate objections such as „overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *see also Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *M2 Software, Inc.*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request); *Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). For these reasons, we demand withdrawal of this general objection, and we demand production of the requested documents and information.

**General Objection No. 3:**

Black Silver objects in several paragraphs in the Prefatory Statement on the grounds of an "attorney-client or attorney work product privilege." (Responses to RFPs at 2, lines 5, 6, 18-24) Black Silver states that "to the extent that any or all of the discovery requests call for information which constitutes information prepared in anticipation of litigation or for trial, or for information or material covered by the work product doctrine, or which constitutes information or material which is privileged by virtue of the attorney/client privilege, . . . this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." Black Silver failed to provide any privilege log indicating what, if any, documents were being withheld on the grounds of any such privilege or protection.

This general objection is improper, and its incorporation into each of the responses renders the responses inadequate, incomplete, and evasive. Black Silver is required to produce a privilege log setting forth, in detail, any and all documents that are responsive to any of the RFPs and that are being withheld on the grounds of any privilege, including, but not limited to, attorney-client privilege or work product doctrine. Any documents being withheld on the grounds of privilege or protection shall be identified and described in sufficient detail to enable the demanding party "to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Boilerplate objections or blanket refusals in response to a request for production are insufficient to assert a privilege. *See Burlington N. & Santa Fe Ry. Corp. v. United States Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D KS 1999) (Rule 26(b)(5)(A) requires parties to provide a privilege log for documents withheld on grounds of privilege or work product); *see also Allen v. Woodford*, No. CV-F-05-11042007, 2007 WL 309485 *4 (E.D. Cal. 2007).

Black Silver's privilege log shall indicate at least the following: (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of all addressees and recipients; (e) the document's present location; and (f) the specific reason(s) it was withheld (for example, which privilege is claimed). *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *In re Grand Jury Investigation*,

974 F.2d 1068, 1071 (9th Cir. 1992) (party asserting privilege must make a *prima facie* showing that the privilege protects the information the party intends to withhold; in addition to identifying the privilege involved, privilege log should identify: the attorney and client involved; the nature of the document; all persons or entities shown on the document to have received or sent the document; all person or entities known to have been furnished the document or informed of its substance; the date the document was generated, prepared or dated; and, the subject matter of each document); *see Burlington*, 408 F.3d at 1147 ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection" (*quoting* Fed. R. Civ. P. 26(b)(5)).

Black Silver has failed to supply any privilege log whatsoever. We are entitled to a privilege log at this time, and failure to immediately comply with our request will constitute a waiver of all privileges. *See Burlington*, 408 F.3d at 1149 (writ of mandamus denied by ninth circuit after district court found waiver of all privileges based upon Burlington filing privilege log five months after the 30-day time period allowed for the response to discovery).

**General Objection No. 4:**

Black Silver objects generally based upon "any privilege pertaining to confidential relationship, trade secrets or business secrets" (Responses to RFPs at 2, lines 18-24) and states that "to the extent that any or all of the discovery requests call for . . . any privilege pertaining to confidential relationship, trade secrets or business secrets, this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." (Responses to RFPs at 2, lines 18-24.)

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete and evasive. There is "no absolute privilege" for trade secrets and similar confidential information. *Paulsen*, 168 F.R.D. at 289 (C.D. Cal. 1996). In addition, pursuant to the Stipulated Protective Order in this action, confidential information, such as documents containing trade secrets, are protected and must be produced. Therefore, we demand withdrawal of this general objection and of the specific "trade secret" boilerplate objection repeated in responses to RFP Nos. 31-36, 40, 41, 56, 57, 59-61, 63-65, 69, 71, 78-82, and 112, and we demand production of the requested documents and information.

**General Objection No. 5:**

This general objection is improper. Black Silver states "to the extent a BSE response is an agreement to produce documents . . . BSE will make the documents available for inspection at BSE's counsel's office . . . at a mutually convenient time." (Responses to RFPs at 3, lines 8-11) This agreement to "make the documents available for inspection" is entirely improper and in violation of Fed. R. Civ. P. 34. A party is obligated to produce *all* specified relevant and non-privileged documents or other things that are in its possession, custody, or control" on the date and time specified in the request. Fed. R. Civ. P. 34; *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("[A] response to a request for production of

documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond.") Plaintiff's Requests for Production require that the "requests are to be answered within thirty (30) days . . . pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure." The Requests for Production were served on August 31, 2010, and Black Silver was required to produce (not make available) all responsive documents within thirty (30) days from the date of service of the Requests. Therefore, please deliver *all* responsive, non-privileged documents to our office by no later than December 6, 2010. All documents must be produced as they are kept in the usual course of business. Fed. R. Civ. P. 34(b)(2)(E). All electronically stored information must be produced in a form in a form in which it is ordinarily maintained, or in a reasonably usable form. *Id.* In addition, as set forth above, Black Silver must organize, label or index the produced documents so that the document numbers correspond with the specific requests. *Koninklijke Philips Electronics*, 2007 WL 879683 at *3 (internal citation omitted).

**<u>Specific Objections and Responses to Requests for Production</u>**

Each of Black Silver's specific responses incorporates the general objections discussed above, and virtually all of the specific responses restate the following general objections as specific objections: (1) "overly broad;" (2) "attorney-client or attorney work product privilege;" and, (3) "trade secret." We address Black Silver's general objections, including objections on the grounds of attorney-client privilege, attorney work product doctrine, and trade secret, in the previous general objection section, and we hereby incorporate those arguments with respect to all of Black Silver's Responses to RFPs.

**<u>Objection of "Overly Broad" Repeated in Responses to RFPs 1-3, 9-11, 20, 23-26, 53, 54, 60-67, 69, 71, and 76-125</u>:**

Black Silver objects on the grounds of over breadth to seventy-three (73) of the Requests for Production, including RFP Nos. 1-3, 9-11, 20, 23-26, 53, 54, 60-67, 69, 71, and 76-125. Black Silver cannot sustain its objection of "overly broad," because Black Silver has failed to provide a meaningful explanation of the basis for the objection. *See St. Paul Reinsurance Co., Ltd v. Commercial Fin'l Corp.*, 198 F.R.D. 508, 511-512 (N.D. IA 2000) (objections must explain how the interrogatory or request is overbroad or unduly burdensome); *Del Campo v. Am. Corrective Counseling Serv.*, No. C 01-21151, 2008 WL 3154754 *2 (N.D. Cal. 2008) ("[A] mere statement that production would be burdensome is not enough to avoid discovery obligations"). This boilerplate objection is improper and its incorporation into each of the above-referenced responses renders the responses inadequate, incomplete, and evasive. We refer you to Fed. R. Civ. P. 26 and 37(a)(3). *See Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 365 (D. MD 2008) (boilerplate objections waived any legitimate objections the responding party may have had); *M2 Software, Inc.*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request); *Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). For these reasons, we demand withdrawal this specific boilerplate objection in response to RFP nos. 1-3, 9-11, 20, 23-26, 53, 54, 60-67, 69, 71, and 76-125, and we demand production of the requested documents and information.

**Requests for Production Nos. 1, 2, 10, 11, and 76-125:**

These requests demand documents regarding Black Silver's Answer and Counterclaims, including documents related to the specific claims and allegations made in Black Silver's Answer and Counterclaims. Black Silver asserted specific objections to six (6) of these requests. In response to RFP No. 10, Black Silver objected that "the request also seeks expert information." In response to RFP Nos. 84, 109, 114, and 115, Black Silver objected that "this request also seeks documents protected by financial privacy." In response to RFP No. 116, Black Silver objected that "this request is vague and ambiguous," without explaining how the request is vague and ambiguous. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's defenses, counterclaims, and specific allegations in its Answer and Counterclaims are not overly broad or vague and ambiguous. Documents regarding Black Silver's defenses, counterclaims, and specific allegations are central to investigating the facts of this case and determining liability and damages. In addition, Black Silver's specific objections are improper. Black Silver is not entitled to withhold documents in response to RFP Nos. 84, 114, and 115 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. RFP No. 116 is not vague and ambiguous, as it requests documents regarding a specific allegation that is quoted from Black Silver's own Counter-Claims. Moreover, even if any ambiguity existed, which it did not, Black Silver should have given the words and phrases in the request their common and ordinary meanings. *See Brown v. Castillo*, No. CV-F-02-6018, 2006 WL 1408444 *1 (E.D. Cal. 2006) ("The responding party must exercise reason and common sense in answering discovery. If necessary, the responding party may provide definitions in order to clarify their answers. However, objections to interrogatories as vague and ambiguous, with no response, will rarely be upheld. Here, any ambiguity in the interrogatories could have easily been resolved by conferring with plaintiff."); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996) ("Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. To clarify their answers, respondents may include any necessary, reasonable definition of such terms or phrases."); *Santana Row Hotel Partners., L.P. v. Zurich Am. Ins. Co.*, No. C05-00198, 2007 WL 1168677 *3 (N.D. Cal. 2007); *Beach v. City of Olathe, Kans.*, 203 F.R.D. 489, 497 (D. Kan. 2001) (ambiguity could easily have been resolved by conferring with the propounding party). For these reasons, we demand withdrawal of these specific boilerplate objections that are repeated in certain responses, and we demand production of the requested documents and information. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding Black Silver's allegation of damages as set forth in its Counterclaims, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 3, 4, and 9:**

These requests demand documents regarding Plaintiff (including facts relating to the claims and counterclaims in this action), communications between Black Silver and Plaintiff, and communications between Black Silver and third parties regarding Plaintiff. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Plaintiff (and facts related to the claims and counterclaims in the action), communications between Black Silver and Plaintiff, and communications between Black Silver and third parties regarding Plaintiff are not overly broad. Plaintiff contends that Black Silver infringed on Plaintiff's trademarks, and Black Silver asserts in its Counter-Claims that Plaintiff's trademarks should never have been registered, and that Plaintiff's marks infringe on Black Silver's mark. Documents regarding Plaintiff and communications with Plaintiff, or with third parties regarding Plaintiff are therefore central to this action. In addition, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 5, 6, 8, 14, 62, and 63:**

These requests demand documents regarding any searches, investigations, surveys, studies, opinions, or reports regarding the marks at issue in this action, and any actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding searches, investigations, surveys, studies, opinions, or reports regarding the marks at issue in this action, and any actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services are not overly broad. Plaintiff asserts in his Complaint that Black Silver infringed Plaintiff's trademarks, and in its Counterclaim, Black Silver claims that Plaintiff infringed its trademarks. One of the central issues in this lawsuit is Black Silver's manufacture and sale of products that infringe on Plaintiff's trademarks and the damages attributable to such infringement. Documents relating to any searches, investigations, surveys, studies, opinions, or reports regarding the marks at issue in this action, and any actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services are necessary to evaluate and analyze the breadth and scope of Black Silver's sale of products that infringe on Plaintiff's trademarks and Black Silver's knowledge and willfulness. In addition, Black Silver has raised numerous affirmative defenses regarding its non-infringement of Plaintiff's trademarks. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding actual confusion, mistake, deception or association or affiliation between Black Silver or any of its goods or services, and Plaintiff or any of his goods or services, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 7 and 28:**

These requests demand documents regarding any lawsuit, opposition, cancellation proceeding, or any other proceeding relating to the marks at issue in this action, and any action taken by Black Silver to enforce or police the marks in issue. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding any lawsuit, opposition, cancellation proceeding, or any other proceeding relating to the marks at issue in the action, and any action taken by Black Silver to enforce or police the marks in issue are not overly broad. Black Silver filed a Petition to Cancel Plaintiff's trademarks. Black Silver also alleges in its Counterclaim that it vigorously enforces its trademark rights. (Answer and Counterclaims at 10, lines 15-17) In this action, Plaintiff and Black Silver are each seeking declaratory relief regarding the ownership of the trademarks in issue, and Black Silver additionally requests an Order cancelling Plaintiff's trademarks. Documents regarding any lawsuit, opposition, cancellation proceeding, or any other proceeding relating to the marks at issue, and any action taken by Black Silver to enforce or police the marks in issue relate directly to Black Silver's affirmative defenses and counterclaims. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 12, 13, 15-22, 31-33, 66, 67, and 69:**

These requests demand documents regarding Black Silver's trademark application for its alleged mark; Black Silver's websites and web pages; Black Silver's advertising, marketing, promotion, and sales plans and the associated expenditures; the goods or services sold by Black Silver using the marks in issue, and the dates, geographic scope, and channels of trade of Black Silver's use of the marks in issue; where Black Silver conducts business; the internet domain names it uses; and new or additional goods or services Black Silver believes may be offered or sold using the marks in issue. In response to RFP No. 33, Black Silver asserted the specific objection that "[t]his request also seeks … documents protected by financial privacy." Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's trademark application; its websites, advertising, goods or services sold using the marks in issue, channels of trade; where it conducts business; internet domain names it uses; and new or additional goods or services it believes may be offered or sold are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's trademark application; its websites, advertising, goods or services sold using the marks in issue, channels of trade; where it conducts business; internet domain names it uses; and new or additional goods or services it believes may be offered or sold are central to these claims. Moreover, Black Silver is not entitled to withhold documents in response to RFP

No. 33 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165 F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of this specific boilerplate objection in response to RFP No. 33. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding Black Silver's advertising, marketing, promotion, and sales plans and the associated expenditures, and the geographic scope and channels of trade of Black Silver's use of the marks in issue, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 23-27:**

These requests demand documents regarding consumer recognition of the marks in issue and the reputation, public perception, and media coverage of Black Silver and Plaintiff. In response to RFP Nos. 23 and 24, Black Silver objected that "[t]his request is vague and ambiguous as to the term „consumer recognition.'" In response to RFP Nos. 25 and 26, Black Silver objected that "[t]his request is vague and ambiguous as to the terms „reputation or public perception.'" Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding consumer recognition of the marks in issue and the reputation, public perception, and media coverage of Black Silver and Plaintiff are not overly broad or vague and ambiguous. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding consumer recognition of the marks in issue and the reputation, public perception, and media coverage of the parties are central to these claims and to damages. In addition, Black Silver's specific objections are improper. RFP Nos. 23-26 are not vague and ambiguous. Consumer recognition, reputation, and public perception are common terms with clear meanings. Even if any ambiguity existed, which it did not, Black Silver should have given the words and phrases in the request their common and ordinary meanings. *See Brown*, 2006 WL 1408444 at *1 ("The responding party must exercise reason and common sense in answering discovery. If necessary, the responding party may provide definitions in order to clarify their answers. However, objections to interrogatories as vague and ambiguous, with no response, will rarely be upheld. Here, any ambiguity in the interrogatories could have easily been resolved by conferring with plaintiff."); *see also Pulsecard*, 168 F.R.D. at 310 ("Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. To clarify their answers, respondents may include any necessary, reasonable definition of such terms or phrases."); *Santana Row Hotel Partners*, 2007 WL 1168677 at *3; *Beach*, 203 F.R.D. at 497 (ambiguity could easily have been resolved by conferring with the propounding party). For these reasons, we demand withdrawal of these specific boilerplate objections. Also, for the reasons set

forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding consumer recognition of the marks in issue and Black Silver's reputation and public perception, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 29, 30, 68, and 70:**

These requests demand documents regarding Black Silver's officers, directors, and current and former employees, and the dates on which Black Silver owned or operated clothing stores. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's officers, directors, and current and former employees, and the dates on which Black Silver owned or operated clothing stores are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. These documents are central to these claims and to damages and to identify potential witnesses. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 34-39 and 45:**

These requests demand documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, reviews, criticism, and complaints, and harm Black Silver claims that it has suffered or will suffer in the future. Black Silver asserted specific objections to five of these requests. In response to RFP Nos. 34-36, Black Silver objected that "this request also seeks documents protected by financial privacy." In response to RFP Nos. 39 and 45, Black Silver objected that "the request also seeks expert information." Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, reviews, criticism, and complaints, and harm Black Silver claims it has suffered or will suffer in the future are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, reviews, criticism, and complaints, and harm Black Silver claims it has suffered, or will suffer in the future are central to these claims and to damages. Black Silver's specific objections are improper. Black Silver is not entitled to withhold documents in response to RFP Nos. 34-36 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165

F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of these specific boilerplate objections. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, including, but not limited to, documents regarding Black Silver's customers, customer refunds, gross and net revenues, profits, and harm Black Silver claims that it has suffered or will suffer in the future, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 40-44**:

These requests demand documents regarding Black Silver's projected future sales and lost profits, and licensing and royalties relating to the marks in issue in this action. In its responses to RFP Nos. 40 and 41, Black Silver specifically objected that "[t]his request also seeks … documents protected by financial privacy." Black Silver stated that no documents responsive to these requests exist.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's projected future sales and lost profits, and licensing and royalties relating to the marks in issue are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks, and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's projected future sales and lost profits, and licensing and royalties relating to the marks in issue are central to these claims and to damages. Black Silver is not entitled to withhold documents in response to RFP Nos. 40 and 41 based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165 F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such documents pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of this specific boilerplate objection in response to RFP Nos. 40 and 41. Also, for the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 46-52:**

These requests demand documents regarding Black Silver's experts or experts who may testify at trial, witness statements, and documents obtained through a third-party subpoena. Black Silver stated that no documents responsive to these requests exist.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's experts or experts who may testify at trial, witness statements, and documents obtained through a third-party subpoena are not overly broad. Documents regarding Black Silver's experts or experts who may testify at trial, witness statements, and documents obtained through a third-party subpoena are central to the case and must be produced in order to avoid prejudice and surprise at trial. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 53 and 54:**

These requests demand documents that Black Silver intends to use at trial and that Black Silver used in responding to Plaintiff's Interrogatories. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents that Black Silver intends to use at trial and that Black Silver used in responding to Plaintiff's Interrogatories are not overly broad. Documents that Black Silver intends to use at trial and that Black Silver used in responding to Plaintiff's Interrogatories are central to the case and must be produced in order to avoid prejudice and surprise at trial. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 55-61:**

These requests demand documents regarding Plaintiff's and Black Silver's use of the marks in issue this action, the creation and meaning of the marks, and Plaintiff and the goods or services he offers. Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Plaintiff's and Black Silver's use of the marks in issue, the creation and meaning of the marks, and Plaintiff and the goods or services he offers are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Plaintiff's and Black Silver's use of the marks in issue, the creation and meaning of the marks, and Plaintiff and the goods or services he offers are central to these claims and to damages. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 64 and 65:**

These requests demand documents regarding traffic and visits on Black Silver's websites and websites where the marks in issue are featured. Black Silver stated that no documents responsive to these requests exist.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding traffic and visits on Black Silver's websites and websites where the marks in issue are featured are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding traffic and visits on Black Silver's websites and websites where the marks in issue are featured are central to these claims and to damages. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**Requests for Production Nos. 71-75:**

These requests demand documents regarding Black Silver's use, advertising, consumer recognition, and enforcement of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie." Black Silver agreed to produce the documents responsive to these requests, but failed to produce any documents.

Black Silver's responses are inadequate, incomplete, and evasive. Requests for documents regarding Black Silver's use, advertising, consumer recognition, and enforcement of the trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie" are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Documents regarding Black Silver's use, advertising, consumer recognition, and enforcement of the purported trademarks, trade names, trade dresses, or phrases "Seya" or "Seya made by Gracie" are central to these claims and to damages. For the reasons set forth above, documents may not be withheld based upon any of the general objections. Plaintiff is entitled to these documents, and we demand that Black Silver withdraw its objections as stated above. The requested documents are relevant and must be produced.

**BLACK SILVER'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Black Silver's Responses to Interrogatories are inadequate, incomplete and evasive, and therefore, constitute "a failure to disclose, answer or respond" to the discovery. Fed. R. Civ. P. 37(a)(3). Black Silver purports to make an improper Prefatory Statement and improper general objections to each and every interrogatory. The objections are without merit and too general, and they must be withdrawn. *See M2 Software, Inc*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful, or enforceable objections to any

particular discovery request); *see also Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). In addition, to the extent that Black Silver agreed to produce documents and electronically stored information instead of responding to an interrogatory, Black Silver has failed to produce any information or a single document. *See* responses to Interrogatories Nos. 6 and 7. We refer you to Fed. R. Civ. P. 33 and demand complete responses. Fed. R. Civ. P. 33(b)(3) and (4) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath . . . . The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

**Prefatory Statement – General Objections**

**General Objection No. 1:**

Black Silver's Prefatory Statement states that "[e]ach response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require exclusion of any statement herein if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court." (Responses to Interrogatories at 1, lines 24-28.) To the extent that the Prefatory Statement is intended to serve in any way as an objection and/or reservation or rights, it is without merit and too general. If Black Silver has any objections, such objections must be presented at this time so that Plaintiff has the opportunity to know what objections Black Silver is asserting and to address any objection that is without merit in a motion to compel. We refer you to Fed. R. Civ. P. 37(a)(3), and demand complete disclosure and the withdrawal of the Prefatory Statement. *See M2 Software, Inc.*, 217 F.R.D. at 501; *see also Walker*, 186 F.R.D. at 587.

**General Objection No. 2:**

Black Silver objects that "any request deemed as continuing is objected to as oppressive, burdensome, and improper, and will not be regarded as continuing in nature but will, instead, be taken as though complete in and of itself." (Responses to Interrogatories at 1, line 28-page 2, line 2.) This is an improper general objection because it leaves open the question of which requests Black Silver is objecting to on the stated grounds.

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete, and evasive. We refer you to Fed. R. Civ. P. 26 and 37(a)(3). In addition, "As an initial matter, general or boilerplate objections such as „overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc.*, 234 F.R.D. at 188; *see also Nagele*, 193 F.R.D. at 109 (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *M2 Software, Inc.*, 217 F.R.D. at 501 (plaintiff's General Objections not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request); *Walker*, 186 F.R.D. at 587 (boilerplate, generalized objections are inadequate and tantamount to not making any objection at all). For these reasons, we demand withdrawal of this general objection, and we demand production of the requested information and documents.

**General Objection No. 3:**

Black Silver objects in several paragraphs in the Prefatory Statement on the grounds of an "attorney-client or attorney work product privilege." (Responses to Interrogatories at 2, lines 19-25; *see also* lines 5-7.) Black Silver states that "to the extent that any or all of the discovery requests call for information which constitutes information prepared in anticipation of litigation or for trial, or for information or material covered by the work product doctrine, or which constitutes information or material which is privileged by virtue of the attorney/client privilege, . . . this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." Black Silver failed to provide any privilege log indicating what, if any, information or documents were being withheld on the grounds of any such privilege or protection.

Pursuant to Instruction "C" to the Interrogatories, if Black Silver does not answer an interrogatory in whole or in part because of a claim of privilege, it must set forth the privilege claimed; identify the facts upon which it claims the privilege; and identify the documents and/or communications for which it claims the privilege. This instruction complies with Fed. R. Civ. P. 26(c). *See e.g., Burlington*, 408 F.3d at 1147 ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection" (*quoting* Fed. R. Civ. P. 26(b)(5)). We are entitled to a privilege log, and failure to immediately comply with our request will constitute a waiver of all privileges. *See id.* at 1149 (writ of mandamus denied by ninth circuit after district court found waiver of all privileges based upon Burlington filing privilege log five months after the 30-day time period allowed for response to discovery).

**General Objection No. 4:**

Black Silver objects generally based upon "any privilege pertaining to confidential relationship, trade secrets or business secrets" (Responses to Interrogatories at 2, lines 19-25) and states that "to the extent that any or all of the discovery requests call for … any privilege pertaining to confidential relationship, trade secrets or business secrets, this responding party objects to every and any such discovery request and thus will not supply nor render any information protected by virtue of these privileges." (Responses to Interrogatories at 2, lines 19-25)

This general objection is improper and its incorporation into each of the responses renders the responses inadequate, incomplete and evasive. There is "no absolute privilege" for trade secrets and similar confidential information. *Paulsen*, 168 F.R.D. at 289. If Black Silver believes that disclosure of certain information might be confidential or trade secret, it must produce such information pursuant to the Protective Order. Therefore, we demand withdrawal of this general objection, and we demand production of the requested information and documents.

**Specific Objections and Responses to Interrogatories**

Each of Black Silver's specific responses incorporates the general objections discussed above, including objections on the grounds of attorney-client privilege, attorney work product doctrine, and trade secret. We address Black Silver's general objections in the previous general objection section, and we hereby incorporate those arguments with respect to all of Black Silver's Responses to Interrogatories.

**Interrogatories Nos. 1, 2, and 5:**

These interrogatories request specific information regarding Black Silver's use of the marks in issue, the dates on which the marks were used, all persons with knowledge of Black Silver's use of the marks, and the people who advertise and market the products sold using the marks. Black Silver asserted specific objections to two of these requests. In response to Interrogatories Nos. 1 and 5, Black Silver objected that "this interrogatory is unduly burdensome."

Black Silver's responses are inadequate, incomplete, and evasive. Interrogatories regarding Black Silver's use of the marks in issue in this action, the dates on which the marks were used, and all persons with knowledge of Black Silver's use of the marks are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding Black Silver's use of the marks in issue, the dates on which the marks were used, persons with knowledge of Black Silver's use of the marks, and the people who advertise and market the products sold using the marks are central to these claims and to damages. In addition, Black Silver's specific objections are improper. Black Silver is not entitled to withhold information in response to Interrogatories Nos. 1 and 5, because Black Silver has failed to provide a meaningful explanation of the basis for its "unduly burdensome" objection. *See St. Paul Reinsurance Co.*, 198 F.R.D. at 512 (objections must explain how the interrogatory is overbroad or unduly burdensome); *Del Campo*, 2008 WL 3154754 at *2 ("[A] mere statement that production would be burdensome is not enough to avoid discovery obligations"). Objections of "unduly burdensome" have to "particularize" the basis for the objection. *See Nagele*, 193 F.R.D. at 109 (WD NY 2000); *see also Mancia*, 253 F.R.D. at 365 (boilerplate objections waived any legitimate objections the responding party may have had). For these reasons, we demand withdrawal of this specific boilerplate objection in response to Interrogatories Nos. 1 and 5, and we demand disclosure of the requested information. Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 3, 4, and 14:**

These interrogatories request specific information regarding Black Silver's contention that its marketing channels are similar to those of Plaintiff, the type of people who purchase the

products sold under the marks in issue in this action, and persons with knowledge of facts relating to Black Silver's counterclaims.

Black Silver's response is inadequate, incomplete, and evasive. Interrogatories regarding Black Silver's contention that its marketing channels are similar to those of Plaintiff, the type of people who purchase the products sold under the marks in issue in this action, and persons with knowledge of facts relating to Black Silver's counterclaims are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding Black Silver's contention that its marketing channels are similar to those of Plaintiff, the type of people who purchase the products sold under the marks in issue in this action, and persons with knowledge of facts relating to Black Silver's counterclaims are central to these claims and to damages. Requiring the answers to these interrogatories is consistent with Rule 11, which requires that a party must have some factual basis for the allegations in its claims. *Cable & Computer Tech.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997); *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 281 (C.D. Cal. 1999). Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 6 and 7:**

These interrogatories request specific information regarding Black Silver's gross and net revenue for each product sold, and amount spent on advertising and marketing using the marks in issue. In response to this interrogatory, Black Silver objected that "this interrogatory is unduly burdensome," "seeks information protected by financial privacy" and "requires expert testimony." Black Silver responded to Interrogatories Nos. 6 and 7 that it would "provide tax returns for each of the involved years," "over 300 boxes of sales receipts, IOMEGA back up discs and over 100 diskettes" allegedly containing the information required to respond to these interrogatories

Black Silver's response is inadequate, incomplete, and evasive. Interrogatories regarding Black Silver's gross and net revenue for each product sold, and amount spent on advertising and marketing using the marks in issue are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding Black Silver's gross and net revenue for each product sold, and amount spent on advertising and marketing using the marks in issue is central to these claims and to damages. Black Silver's production of over 300 boxes of documents, over 100 diskettes, and other documents in response to RFP Nos. 6 and 7 is inadequate, incomplete, and evasive, and therefore, constitutes "a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3). Black Silver must completely answer the interrogatories, and may not avoid answering by imposing a mass of business records from which answers cannot be ascertained by a person unfamiliar with them. Black Silver must provide full and complete responses or identify where in

a specific document the answers are located. *See Pulsecard*, 168 F.R.D. at 305 ("[Defendants] must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents"). Moreover, Black Silver is not entitled to withhold information based on a claim of financial privacy. There is no absolute privilege for privacy. *Ragge*, 165 F.R.D. at 604 (a reasonable expectation of privacy is "an objective entitlement") (internal citation omitted). If Black Silver believes that disclosure of certain confidential information might violate privacy rights, it must produce such information pursuant to the Protective Order. See our arguments and the cases cited above regarding "General Objection No. 4," which we incorporate herein. For these reasons, we demand withdrawal of this specific boilerplate objection in response to Interrogatories Nos. 6 and 7, and we demand disclosure of the requested information. Furthermore, to the extent that Black Silver has agreed to produce documents and electronically stored information in response to Interrogatories Nos. 6 and 7, Black Silver is required to produce all responsive documents and electronically stored information as they are kept in the usual course of business, and, in addition, Black Silver must organize, label or index the produced documents so that the document numbers correspond with the specific requests. Fed. R. Civ. P. 34(b)(2)(E); *Koninklijke Philips Electronics*, 2007 WL 879683 at *3. Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 8, 10, and 12:**

These interrogatories request specific information regarding persons who have registered, applied to register, are using, or have used any mark similar to any of the marks in issue in this action, persons who have been granted a license or other authority to use any of the marks in issue, and all efforts made by Black Silver to enforce its alleged rights in and to the marks.

Black Silver's responses are inadequate, incomplete, and evasive. Interrogatories regarding persons who have registered, applied to register, are using, or have used any mark similar to any of the marks in issue in this action, persons who have been granted a license or other authority to use any of the marks in issue, and all efforts made by Black Silver to enforce its alleged rights in and to the marks are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding persons who have registered, applied to register, are using, or have used any mark similar to any of the marks in issue in this action, persons who have been granted a license or other authority to use any of the marks in issue, and all efforts made by Black Silver to enforce its alleged rights in and to the marks is central to these claims and to damages. For the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**Interrogatories Nos. 9, 11, and 13:**

These interrogatories request specific information regarding instances of actual confusion between Plaintiff's and Black Silver's marks, studies or surveys that have been made regarding the marks in issue in this action, and harm Black Silver has allegedly suffered as a result of Plaintiff's use of the marks in issue. In response to Interrogatory No. 13, Black Silver objected that the interrogatory "seeks information from an expert."

Black Silver's responses are inadequate, incomplete, and evasive. Interrogatories regarding instances of actual confusion between Plaintiff's and Black Silver's marks, studies or surveys that have been made regarding the marks in issue in this action, and harm Black Silver has allegedly suffered as a result of Plaintiff's use of the marks in issue are not overly broad. In the Complaint, Plaintiff seeks declaratory relief and damages against Black Silver for trademark infringement. Black Silver raised numerous affirmative defenses regarding its alleged "non-infringement" of Plaintiff's trademarks and counterclaimed for declaratory relief and damages against Plaintiff for trademark infringement. Information regarding instances of actual confusion between Plaintiff's and Black Silver's marks, studies or surveys that have been made regarding the marks in issue in this action, and harm Black Silver has allegedly suffered as a result of Plaintiff's use of the marks in issue is central to these claims and to damages. For these reasons, we demand withdrawal of the specific boilerplate objection in response to Interrogatory No. 13, and we demand disclosure of the requested information. Also, for the reasons set forth above, information and documents may not be withheld based upon any of the general objections. Plaintiff is entitled to the requested information, and we demand that Black Silver withdraw its objections as stated above and respond fully and completely.

**CONCLUSION**

This letter is not a complete statement of Plaintiff's position, and it is written without waiver or prejudice to any of Plaintiff's rights and remedies, all of which are reserved. In addition, this letter is not intended to be a complete statement of all the issues we have with respect to your discovery responses. However, it should be sufficient to place you on notice for our meet and confer. We request that the meet and confer take place in the afternoon on December 2, 2010 or anytime on December 3, 2010, but in no event later than ten days from the date of this letter.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

***Jan Jensen***

JAN JENSEN

JJ:ct

# Exhibit "D"




LAW OFFICES
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
charder@wrslawyers.com

File No.
17201-401

December 10, 2010

**VIA EMAIL and U.S. MAIL**

Richard Wirtz, Esq.
Wirtz Hellenkamp, LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**VIA EMAIL and U.S. MAIL**

Thomas Foster, Esq.
TD Foster
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**Re: *Rorion Gracie v. Black Silver Enterprises, Inc. et al.***
**USDC-CDCA Case No. CV 09-8273-GW(JEMx)**

Dear Mr. Wirtz and Mr. Foster:

This letter follows our L.R. 37-1 meet and confer teleconference of yeasterday, December 9, 2010 at approximately 4:30 p.m., regarding the responses served by Black Silver Enterprises, Inc. ("BlackSilver") on or about October 15, 2010 to the First Set of Requests for Production of Documents ("Requests" or "Document Requests") and First Set of Interrogatories ("Interrogatories") (collectively, the "Discovery") propounded by Rorion Gracie ("Gracie"). The following summarizes our discussions and the agreements reached during the teleconference.

**GENERAL ISSUES**

Date of Further Responses and Document Production: We agreed that BlackSilver will produce its responsive documents, and further responses to Discovery, discussed herein, by no later than Friday, December 17, 2010 (herein, the "Production Date").

Location for Document Production: We agreed that BlackSilver will produce the documents discussed herein to my office, to obviate the need for my office to send a person to San Diego to inspect or pick up the documents.

Scope of Responses re: Document Production: We agreed that each time BlackSilver states in its written responses to the Document Requests that it will "produce documents," BlackSilver is agreeing to produce ***all*** documents in its possession, custody or control, except as may otherwise be expressly stated within a particular response. Moreover, you confirmed that BlackSilver is not withholding any documents based on an objection, and that objections were set forth in the responses to preserve BlackSilver's rights. Regarding privileged documents, you

informed me that no specific documents are being withheld on the basis of privilege, and therefore BlackSilver has no documents to identify on a privilege log.

**DOCUMENT REQUESTS**

For ease of reference, the following items are being organized according to the numbered items in my email to you of December 9, 2010 at 1:51 p.m., which is also the order in which were discussed the issues during our telephonic conference of 4:30 p.m. that afternoon.

1. Documents sufficient to show the annual net and gross revenues and net and gross profits from sales of products using the mark GRACIE (and all iterations of that mark, such as "Gracie Collection"), and all tax returns of BlackSilver from 1991 to present. (Document Requests 34 and 35; Interrogatory Responses 6 and 7). Agreement: BlackSilver will produce to my office by the Production Date its top-level financial documents showing annual net and gross revenues and net and gross profits from 1991 through the present, including but not limited to, its tax returns from 1991 to present, its annual profit and loss ("P&L") reports from 1991 to present, and backup to the top-level financial documents including Quickbooks reports and general ledgers. Gracie reserves the right to seek further detail, should it become necessary.

2. All documents supporting BlackSilver's damages claims, including claims of unjust enrichment. (Document Requests 10 and 11). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date, if any exist. If the documents do not presently exist, then you will expressly so state.

3. All documents regarding Rorion Gracie; his use of the mark GRACIE (and all iterations thereof); and BlackSilver's discovery of that use. (Document Requests 3, 55 and 60). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

4. Documents showing BlackSilver's total annual expenditures for advertising, marketing and promotion using the mark GRACIE (and all iterations thereof) each year from 1991 to present. (Document Request 33). Agreement: BlackSilver will produce to my office by the Production Date documents sufficient to show this information, most likely as line items within BlackSilver's annual P&L reports or tax returns under Schedule C.

5. Copies of BlackSilver's advertising, marketing and promotion (including print ads, internet ads, websites, video ads, TV ads, radio ads, etc.) using the mark GRACIE (and all iterations of that mark), each year from 1991 to present. (Document Requests 13, 15-19). Agreement: BlackSilver will produce a substantial number of examples BlackSilver's advertising, marketing and promotion to my office by the Production Date, and that "all" such materials are available for inspection within the approximately 300 boxes in BlackSilver's storage facility.

6. BlackSilver's marketing and sales plans. (Document Request 31) BlackSilver represents that it does not have any responsive documents, and will amend its response to this Request to so state.

7. Documents that constitute or relate to all communications between BlackSilver and Rorion Gracie (Document Request 4), and communications with third parties re the mark GRACIE (and all iterations thereof) (Document Request 9). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

8. BlackSilver's cease and desist letters re the mark GRACIE (and all iterations of that mark). (Document Request 28; Interrogatory Response 12) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

9. BlackSilver's lawsuits re the mark GRACIE (and all iterations of that mark). (Document Requests 7 and 28) BlackSilver represents that it has not filed any lawsuits regarding the mark, other than the counterclaims in the instant action, and the preceding TTAB action.

10. The use by third parties of the mark GRACIE (and all iterations of that mark). (Document Requests 13 and 14) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

11. Documents showing BlackSilver's first use of the mark GRACIE (and all iterations thereof). (Document Requests 21, 56, 57, 58). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

12. Documents showing the geographic scope of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 22). Agreement: BlackSilver will produce documents sufficient to show the geographic scope of BlackSilver's use of the mark to my office by the Production Date.

13. Documents showing the channels of trade of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 32) Agreement: BlackSilver will produce documents sufficient to show its channels of trade (including all retail outlets that sold BlackSilver's products using the mark GRACIE (and all iterations thereof), and all methods of sale such as telephonic orders, internet orders, etc., to my office by the Production Date.

14. Documents reflecting all media coverage, third party reviews, and customer reviews of BlackSilver. (Document Requests 27, 37 and 38). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

15. BlackSilver's charts showing names of past and current employees. (Document Request 68) Agreement: BlackSilver will produce documents sufficient to show its present and past employees to my office by the Production Date.

16. Dates and locations of BlackSilver's retail stores, past and present. (Document Request 70) Agreement: BlackSilver will produce documents sufficient to show the requested information to my office by the Production Date.

17. The identity the internet domain names that BlackSilver has owned in the past, and also currently owns. (Document Request 66) Agreement: BlackSilver will produce documents sufficient to identify the requested information to my office by the Production Date.

18. Documents that BlackSilver intends to use at trial. (Document Request 53) Agreement: BlackSilver will produce all of the documents that it presently intends to use at trial to my office by the Production Date.

19. Documents that BlackSilver used to respond to the Interrogatories (Document Request 54) and all other documents (not otherwise identified above) responsive to the Document Requests that BlackSilver agreed to produce in its written responses. Agreement: BlackSilver will produce all such documents to my office by the Production Date.

**INTERROGATORIES**

Gracie reserves his rights to seek full and complete responses to Interrogatory Nos. 6 and 7, if the documents produced do to readily identify the requested information. BlackSilver will provide a supplemental response to Interrogatory No. 13, to provide the information requested. I informed you that there is no basis to withhold this information based on any of the stated objections. I also requested that BlackSilver provide a Verification that complies with federal law, namely, one that identifies Mr. Mahvi's title, signing on behalf of BlackSilver, and signed under penalty of perjury "under the laws of the United States of America."

If any of the foregoing does not comport with your understanding of our discussion and agreement, please let me know in writing *immediately*. Based on BlackSilver's agreements, memorialized above, Gracie will not be proceeding next week with a motion to compel. The foregoing is without prejudice to any further action that we may wish to take in the future. Nothing contained herein or omitted herefrom is intended as a waiver or admission as to any issue, or any rights or remedies, all of which are reserved.

Very truly yours,

CHARLES J. HARDER

cc: Jan Jensen, Esq.
Michelle Goodman, Esq.

I:\17201\401\Letters\CH- Wirtz, Foster 121010 re m&c agrmt.doc

# Exhibit "E"

**From:** Charles Harder
**Sent:** Monday, December 20, 2010 9:10 AM
**To:** rwirtz@wirtzlaw.com; 'Tom Foster'
**Cc:** Jan Jensen; Michelle Goodman; Raquel Rubio
**Subject:** Gracie - BlackSilver

**Attachments:** 20101210181554270.pdf



20101210181554270.pdf

Richard and Tom:

On Dec. 9, you assured us that by December 17 we would receive BlackSilver's supplemental responses to discovery and document production. (Attached is a copy of my letter of Dec. 10, confirming the agreement.) We did not receive anything on Friday. Please confirm that all supplemental responses and documents will be provided to us by messenger today. We need these documents for the mediation on Wednesday of this week.

Sincerely,

Charles Harder

-----Original Message-----
From: Charles Harder
Sent: Friday, December 10, 2010 6:18 PM
To: rwirtz@wirtzlaw.com; 'Tom Foster'
Cc: Jan Jensen; Michelle Goodman; Raquel Rubio
Subject: Gracie - BlackSilver

Please see the attached letter.

---

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP 11400 W. Olympic Blvd., Ninth Floor Los Angeles, California 90064
(310) 478-4100 x255
(310) 479-1422 (fax)
E-Mail: CHarder@WRSlawyers.com
Web: www.WRSlawyers.com
Bio: http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.




LAW OFFICES
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
charder@wrslawyers.com

File No.
17201-401

December 10, 2010

**VIA EMAIL and U.S. MAIL**

Richard Wirtz, Esq.
Wirtz Hellenkamp, LLP
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**VIA EMAIL and U.S. MAIL**

Thomas Foster, Esq.
TD Foster
12760 High Bluff Drive, Suite 300
San Diego, CA 92130

**Re: *Rorion Gracie v. Black Silver Enterprises, Inc. et al.***
**USDC-CDCA Case No. CV 09-8273-GW(JEMx)**

Dear Mr. Wirtz and Mr. Foster:

This letter follows our L.R. 37-1 meet and confer teleconference of yeasterday, December 9, 2010 at approximately 4:30 p.m., regarding the responses served by Black Silver Enterprises, Inc. ("BlackSilver") on or about October 15, 2010 to the First Set of Requests for Production of Documents ("Requests" or "Document Requests") and First Set of Interrogatories ("Interrogatories") (collectively, the "Discovery") propounded by Rorion Gracie ("Gracie"). The following summarizes our discussions and the agreements reached during the teleconference.

**GENERAL ISSUES**

Date of Further Responses and Document Production: We agreed that BlackSilver will produce its responsive documents, and further responses to Discovery, discussed herein, by no later than Friday, December 17, 2010 (herein, the "Production Date").

Location for Document Production: We agreed that BlackSilver will produce the documents discussed herein to my office, to obviate the need for my office to send a person to San Diego to inspect or pick up the documents.

Scope of Responses re: Document Production: We agreed that each time BlackSilver states in its written responses to the Document Requests that it will "produce documents," BlackSilver is agreeing to produce ***all*** documents in its possession, custody or control, except as may otherwise be expressly stated within a particular response. Moreover, you confirmed that BlackSilver is not withholding any documents based on an objection, and that objections were set forth in the responses to preserve BlackSilver's rights. Regarding privileged documents, you

informed me that no specific documents are being withheld on the basis of privilege, and therefore BlackSilver has no documents to identify on a privilege log.

**DOCUMENT REQUESTS**

For ease of reference, the following items are being organized according to the numbered items in my email to you of December 9, 2010 at 1:51 p.m., which is also the order in which were discussed the issues during our telephonic conference of 4:30 p.m. that afternoon.

1. Documents sufficient to show the annual net and gross revenues and net and gross profits from sales of products using the mark GRACIE (and all iterations of that mark, such as "Gracie Collection"), and all tax returns of BlackSilver from 1991 to present. (Document Requests 34 and 35; Interrogatory Responses 6 and 7). Agreement: BlackSilver will produce to my office by the Production Date its top-level financial documents showing annual net and gross revenues and net and gross profits from 1991 through the present, including but not limited to, its tax returns from 1991 to present, its annual profit and loss ("P&L") reports from 1991 to present, and backup to the top-level financial documents including Quickbooks reports and general ledgers. Gracie reserves the right to seek further detail, should it become necessary.

2. All documents supporting BlackSilver's damages claims, including claims of unjust enrichment. (Document Requests 10 and 11). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date, if any exist. If the documents do not presently exist, then you will expressly so state.

3. All documents regarding Rorion Gracie; his use of the mark GRACIE (and all iterations thereof); and BlackSilver's discovery of that use. (Document Requests 3, 55 and 60). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

4. Documents showing BlackSilver's total annual expenditures for advertising, marketing and promotion using the mark GRACIE (and all iterations thereof) each year from 1991 to present. (Document Request 33). Agreement: BlackSilver will produce to my office by the Production Date documents sufficient to show this information, most likely as line items within BlackSilver's annual P&L reports or tax returns under Schedule C.

5. Copies of BlackSilver's advertising, marketing and promotion (including print ads, internet ads, websites, video ads, TV ads, radio ads, etc.) using the mark GRACIE (and all iterations of that mark), each year from 1991 to present. (Document Requests 13, 15-19). Agreement: BlackSilver will produce a substantial number of examples BlackSilver's advertising, marketing and promotion to my office by the Production Date, and that "all" such materials are available for inspection within the approximately 300 boxes in BlackSilver's storage facility.

6. BlackSilver's marketing and sales plans. (Document Request 31) BlackSilver represents that it does not have any responsive documents, and will amend its response to this Request to so state.

7. Documents that constitute or relate to all communications between BlackSilver and Rorion Gracie (Document Request 4), and communications with third parties re the mark GRACIE (and all iterations thereof) (Document Request 9). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

8. BlackSilver's cease and desist letters re the mark GRACIE (and all iterations of that mark). (Document Request 28; Interrogatory Response 12) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

9. BlackSilver's lawsuits re the mark GRACIE (and all iterations of that mark). (Document Requests 7 and 28) BlackSilver represents that it has not filed any lawsuits regarding the mark, other than the counterclaims in the instant action, and the preceding TTAB action.

10. The use by third parties of the mark GRACIE (and all iterations of that mark). (Document Requests 13 and 14) Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

11. Documents showing BlackSilver's first use of the mark GRACIE (and all iterations thereof). (Document Requests 21, 56, 57, 58). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

12. Documents showing the geographic scope of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 22). Agreement: BlackSilver will produce documents sufficient to show the geographic scope of BlackSilver's use of the mark to my office by the Production Date.

13. Documents showing the channels of trade of BlackSilver's use of the mark GRACIE (and all iterations thereof). (Document Request 32) Agreement: BlackSilver will produce documents sufficient to show its channels of trade (including all retail outlets that sold BlackSilver's products using the mark GRACIE (and all iterations thereof), and all methods of sale such as telephonic orders, internet orders, etc., to my office by the Production Date.

14. Documents reflecting all media coverage, third party reviews, and customer reviews of BlackSilver. (Document Requests 27, 37 and 38). Agreement: BlackSilver will produce all of its responsive documents to my office by the Production Date.

15. BlackSilver's charts showing names of past and current employees. (Document Request 68) Agreement: BlackSilver will produce documents sufficient to show its present and past employees to my office by the Production Date.

16. Dates and locations of BlackSilver's retail stores, past and present. (Document Request 70) Agreement: BlackSilver will produce documents sufficient to show the requested information to my office by the Production Date.

17. The identity the internet domain names that BlackSilver has owned in the past, and also currently owns. (Document Request 66) Agreement: BlackSilver will produce documents sufficient to identify the requested information to my office by the Production Date.

18. Documents that BlackSilver intends to use at trial. (Document Request 53) Agreement: BlackSilver will produce all of the documents that it presently intends to use at trial to my office by the Production Date.

19. Documents that BlackSilver used to respond to the Interrogatories (Document Request 54) and all other documents (not otherwise identified above) responsive to the Document Requests that BlackSilver agreed to produce in its written responses. Agreement: BlackSilver will produce all such documents to my office by the Production Date.

**INTERROGATORIES**

Gracie reserves his rights to seek full and complete responses to Interrogatory Nos. 6 and 7, if the documents produced do to readily identify the requested information. BlackSilver will provide a supplemental response to Interrogatory No. 13, to provide the information requested. I informed you that there is no basis to withhold this information based on any of the stated objections. I also requested that BlackSilver provide a Verification that complies with federal law, namely, one that identifies Mr. Mahvi's title, signing on behalf of BlackSilver, and signed under penalty of perjury "under the laws of the United States of America."

If any of the foregoing does not comport with your understanding of our discussion and agreement, please let me know in writing *immediately*. Based on BlackSilver's agreements, memorialized above, Gracie will not be proceeding next week with a motion to compel. The foregoing is without prejudice to any further action that we may wish to take in the future. Nothing contained herein or omitted herefrom is intended as a waiver or admission as to any issue, or any rights or remedies, all of which are reserved.

Very truly yours,

CHARLES J. HARDER

cc: Jan Jensen, Esq.
Michelle Goodman, Esq.

I:\17201\401\Letters\CH- Wirtz, Foster 121010 re m&c agrmt.doc

# Exhibit "F"

**From:** Charles Harder
**Sent:** Monday, December 20, 2010 9:17 AM
**To:** Jan Jensen; Michelle Goodman
**Cc:** Raquel Rubio
**Subject:** FW: Gracie - BlackSilver

See below.

-----Original Message-----
From: Richard M. Wirtz [mailto:rwirtz@wirtzlaw.com]
Sent: Monday, December 20, 2010 9:20 AM
To: Charles Harder
Cc: 'Tom Foster'
Subject: RE: Gracie - BlackSilver

I am behind on gathering and reviewing it. I will be sending you as much as possible today.

Best Regards,

Richard M. Wirtz
rwirtz@wirtzlaw.com

Richard M. Wirtz
WIRTZ HELLENKAMP LLP
www.wirtzlaw.com
Trial Attorneys - Business, Employment & Real Estate

San Diego Office
12760 High Bluff Drive, Suite 300
San Diego, CA 92130
858.259.5009 voice
858.259.6008 fax

Los Angeles Office
2121 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
310.556.2121 voice
310.556.2122 fax

The information transmitted in this e-mail, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential, proprietary, or privileged material. Any review, re-transmission, dissemination or other use of, or taking of any action in reliance upon the information contained in this e-mail other than by the intended recipient is prohibited. If you receive this message in error, please contact the sender and delete the e-mail and any attachment immediately from any computer or other electronic e-mail device.

-----Original Message-----
From: Charles Harder [mailto:charder@wrslawyers.com]
Sent: Monday, December 20, 2010 9:10 AM
To: rwirtz@wirtzlaw.com; Tom Foster
Cc: Jan Jensen; Michelle Goodman; Raquel Rubio
Subject: Gracie - BlackSilver

Richard and Tom:

On Dec. 9, you assured us that by December 17 we would receive BlackSilver's supplemental responses to discovery and document production. (Attached is a copy of my letter of Dec. 10, confirming the
agreement.) We did not receive anything on Friday. Please confirm that all supplemental responses and documents will be provided to us by messenger today. We need these documents for the mediation on Wednesday of this week.

Sincerely,

Charles Harder

-----Original Message-----
From: Charles Harder
Sent: Friday, December 10, 2010 6:18 PM
To: rwirtz@wirtzlaw.com; 'Tom Foster'
Cc: Jan Jensen; Michelle Goodman; Raquel Rubio
Subject: Gracie - BlackSilver

Please see the attached letter.

---

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP 11400 W. Olympic Blvd., Ninth Floor Los Angeles, California 90064
(310) 478-4100 x255
(310) 479-1422 (fax)
E-Mail: CHarder@WRSlawyers.com
Web: www.WRSlawyers.com
Bio: http://www.wrslawyers.com/attorneys/charles-harder.asp

This message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to charder@wrslawyers.com, and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit “G”

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8273-GW(JEMx) | Date | August 4, 2010 |
|---|---|---|---|
| Title | *Rorion Gracie v. Black Silver Enterprises, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): COURT ORDER**

Counsel are hereby notified, that on the Court's own Motion, the Scheduling Conference presently set for August 19, 2010, is **continued** to **September 2, 2010 at 8:30 a.m.**

**IT IS SO ORDERED.**

:

Initials of Preparer JG